# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| JOHN D. FRESHWATER, et al. : | |
| : | Case No. 2:09cv464 |
| Plaintiffs, : | |
| : | JUDGE FROST |
| v. : | |
| : | |
| MOUNT VERNON CITY SCHOOL : | |
| DISTRICT BOARD OF EDUCATION, et al. : | |
| : | |
| Defendants. : | |

## MOTION OF DEFENDANT LYNDA WESTON TO DISMISS

Now comes Defendant Lynda Weston and moves this Court to dismiss the claims presented by Plaintiffs, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). A Memorandum in Support is attached hereto.

Respectfully submitted,

*s/ Nicole M. Donovsky*

*Of Counsel:*
Richard W. Ross (0009363)
Stacy V. Pollock (0080229)
MEANS, BICHIMER, BURKHOLDER
 & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio 43221
T: (614) 485-2010
F: (614) 485-2019
E: rross@mbbblaw.com
E: spollock@mbbblaw.com

Nicole M. Donovsky (0072262)
MEANS, BICHIMER, BURKHOLDER
 & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio 43221
T: (614) 485-2010
F: (614) 485-2019
E: ndonovsky@mbbblaw.com
*Trial Attorney for Defendant Lynda Weston*

C. Joseph McCullough (0069844)
WHITE, GETGEY & MEYER CO., LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
T: (513) 583-8888
F: (513) 583-8892
E: jmccullough@wgmlpa.com

## MEMORANDUM IN SUPPORT

Defendant Lynda Weston ("Defendant Weston") moves this Court to dismiss all counts of the Complaint and the Amended Complaint as filed against her by Plaintiffs John D. and Nancy Freshwater ("Plaintiffs"), pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## I.  LEGAL STANDARD FOR MOTION TO DISMISS

This Court has recognized the standard to be applied in reviewing a motion to dismiss as follows:

> When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1982). A complaint may be dismissed for failure to state a claim only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697 (6th Cir.1978).

*In re National Financial Enterprises, Inc. Financial Investment Litigation,* 553 F.Supp.2d 902, 906 (S.D. Ohio 2008).

There must be either direct or inferential allegations with respect to all material elements of the claims. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). The United States Supreme Court holds that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The factual allegations must be enough to raise the claimed right to relieve

2

above the speculative level and create a reasonable expectation that discovery will reveal evidence to support them. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The court will not consider conclusions which are not supported by the factual allegations in the Complaint. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 663 N.E.2d 1128 (1994).

Relying upon the legal standards set forth herein, Plaintiffs' Complaint and Amended Complaint must be dismissed, as asserted against Defendant Weston, as a matter of law.

## II. PLAINTIFFS' ALLEGATIONS AGAINST, OR CONCERNING, DEFENDANT WESTON

Plaintiffs' allegations presumably, against, or concerning Defendant Weston are rather limited, and are extracted from the Complaint and Amended Complaint as follows:

- "Defendants Short, Weston and White testified in the hearing they had personal knowledge of or a perceived belief concerning Plaintiff Freshwater's personal religious activities as a result of actions taken by Freshwater during Freshwater's time outside of school duties." Complaint (Doc. 2), ¶ 112; Amended Complaint (Doc. 4), ¶ 113. [STATEMENT OF FACTS.]

- "Defendants H.R. On Call, Inc[.] and the Herlevi's investigative report published:

    **'Defendant Weston stated that she has had to deal with internal and external complaints about his [Plaintiff Freshwater's] failure to follow the curriculum for much of her 11 years at Mount Vernon.'"**

  Complaint (Doc. 2), ¶ 113; Amended Complaint (Doc. 4), ¶ 114. [STATEMENT OF FACTS.]

- "Despite stating she had been receiving internal and external complaints for much of her eleven (11) years of employment with Defendant Board, Defendant Weston admitted in the hearing during her testimony that she did not provide and could not provide any documentation detailing the alleged internal and external complaints. Defendant Weston admitted the statement in the report of Defendants H.R. On Call, Inc. and the Herlevi's was 'inaccurate.' Defendants Herlevi's [sic] did not seek verification of Defendant Weston's assertion." Complaint (Doc. 2), ¶ 114; Amended Complaint (Doc. 4), ¶ 115. [STATEMENT OF FACTS.]

- "Defendants Board, Watson, Short and Weston and others created, condoned and encouraged a work environment that was hostile to Plaintiff Freshwater on account

3

of his religion and Defendants' perception of Freshwater's religion." Complaint (Doc. 2), ¶ 163; Amended Complaint (Doc. 4), ¶ 164. [Count 6: Religious Harassment under Title VII.]

- "As a proximate result of Defendant Board, Watson, Short and Weston's religious harassment against Plaintiff Freshwater he has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount to be determined at trial." Complaint (Doc. 2), ¶ 165; Amended Complaint (Doc. 4), ¶ 166. [Count 6: Religious Harassment under Title VII.]

- "Defendant Board, Watson, Short and Weston's conduct has been despicable and the acts herein alleged were malicious, fraudulent and oppressive, and committed with an improper and evil motive to injure Plaintiff Freshwater, amounting to malice and in conscious disregard of Freshwater's rights. Plaintiff Freshwater is thus entitled to recover punitive damages from Defendants in an amount to be determined at trial." Complaint (Doc. 2), ¶ 166; Amended Complaint (Doc. 4), ¶ 167. [Count 6: Religious Harassment under Title VII.]

- "As a proximate result of Defendant Board, Watson, Short and Weston's religious harassment against Plaintiff Freshwater he has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliations and mental anguish, all to his damage in an amount to be determined at trial." Complaint (Doc. 2), ¶ 170; Amended Complaint (Doc. 4), ¶ 171. [Count 7: Violations of O.R.C. 4112.02.]

- "Defendants, individually and or collectively, among other things communicated false statements." Complaint (Doc. 2), ¶ 182; Amended Complaint (Doc. 4), ¶ 183. [Count 11: Defamation.]

- "The Statements were slanderous as a matter of law in that it was intended to and did (1) cause injury to Plaintiff Freshwater's reputation, (2) expose him to public hatred, contempt, ridicule, shame and disgrace, and/or (3) affect him adversely in his trade or business." Complaint (Doc. 2), ¶ 184; Amended Complaint (Doc. 4), ¶ 185. [Count 11: Defamation.]

- "Defendants, individually and or collectively, among other things published these statements to others, including but not necessarily limited to the investigative report authored by Defendants Millstone, H.R. On Call, Inc. and the Herlevi's [sic]." Complaint (Doc. 2), ¶ 185; Amended Complaint (Doc. 4), ¶ 186. [Count 11: Defamation.]

- "Defendants, individually and collectively, have a degree of fault rising to the level of 'actual malice' concerning the publication of the statement(s), to wit; the statement(s) imputed an indictable offense involving moral turpitude; the

4

statement(s) were factual in nature, rather than stated as an opinion; the statement(s) affect Plaintiff Freshwater's profession, business, or employment by imputing a want of capacity or fitness to carry out the duties of a public school teacher; and/or Defendants knew of the falsehood or recklessly disregarded the truth." Complaint (Doc. 2), ¶ 189; Amended Complaint (Doc. 4), ¶ 190. [Count 11: Defamation.]

- "As a proximate result of Defendants actions, individually and or collectively, against Plaintiff Freshwater he has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount to be determined at trial." Complaint (Doc. 2), ¶ 190; Amended Complaint (Doc. 4), ¶ 191. [Count 11: Defamation.]

- "Defendant Board negligently retained, supervised and trained Defendants Short, Weston and White, among others, as agents of Defendant Board performed with gross incompetence and or malicious intent as evidence by actions of hypocrisy, failure to report alleged harm to a student, failure to require and review lesson plans, failure to articulate or explain Board policy, permitting Plaintiff Freshwater to be subject to and singled out but permitting other teachers to have a Bible on their desk, and other actions, to the detriment of Freshwater." Complaint (Doc. 2), ¶ 201; Amended Complaint (Doc. 4), ¶ 202. [Count 14: Negligent Retention, Supervision and Failure to Train.]

### III. <u>ANALYSIS</u>

In the case at bar, the Complaint and Amended Complaint clearly fail to state any factual allegations that, when accepted as true, would state a claim of relief against Defendant Weston. Given the limited factual allegations relating to Defendant Weston, Plaintiffs do not allow this Court to make any reasonable inferences that she is liable for any of the claims presumably asserted against her.

### A. Defendant Weston Possesses Qualified Immunity and Statutory Immunity with Respect to All Claims Against Her

#### 1. Defendant Weston is Qualifiedly Immune From Liability on the Federal Law Claims

With respect to Plaintiffs' federal claims (Counts 1 through 6), Defendant Weston is qualifiedly immune from liability. In 1983 claims, "government officials 'performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The issue of qualified immunity is a question of law for the district court. *Wegener v. City of Covington,* 933 F.2d 390, 392 (6th Cir. 1991). The court must decide whether a constitutional or federal statutory violation has occurred. If there is no constitutional or statutory violation, government officials are entitled to qualified immunity. If there is a violation, the court must then decide if the right allegedly violated was "clearly established" at the time of the defendant's actions. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151 (2001); *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"Clearly established" is viewed in the context of the case and is not a generalized standard. *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002). The specific right violated must be sufficiently clear such that a reasonable government official would understand that her actions were unlawful in that specific situation. Reasonable mistakes are permitted and do not abrogate qualified immunity. *Id.*

The Complaint and Amended Complaint do not identify any act taken by Defendant Weston that violated Plaintiffs' constitutional rights. Plaintiffs fail to make any allegation that would allow this Court to infer that Defendant Weston's knowledge of Plaintiff's religious activities violated

6

Plaintiff's constitutional rights. Plaintiffs fail to make any allegation that would allow this Court to infer that that Defendant Weston's statement in the H.R. On Call investigative report and her subsequent admission that the statement as published in the report was inaccurate violates Plaintiff's constitutional rights. Plaintiffs' conclusory allegations regarding a hostile work environment and religious harassment are unsupported by factual allegations, and do not provide a basis for this Court to consider them when evaluating the merits of this Motion to Dismiss. See, *State ex rel. Seikbert,* 69 Ohio St.3d at 490.

### 2. Defendant Weston is Statutorily Immune From Liability on Plaintiffs' State Law Claims

With respect to Plaintiffs' state law claims (Counts 7 through 18), employees of political subdivisions are statutorily immune from liability unless one of the following three exceptions applies:

> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or]
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision relating to an employee.

R.C. 2744.03(A)(6). Under Revised Code Chapter 2744, a board of education is a "political subdivision" of the State of Ohio and the provision of a public education is a "governmental function." R.C. 2744.01(F); R.C. 2744.01(C)(2)(c). Plaintiff mistakenly asserts that Defendant Weston is an employee of the political subdivision of the Mount Vernon City School District Board

7

of Education. Complaint (Doc. 2), ¶9; Amended Complaint (Doc. 4), ¶10. This error, however, has no impact on the availability of statutory immunity. Defendant Weston is actually an employee of the Knox County Educational Service Center, which is also a political subdivision.

Plaintiffs do not make any allegations which would allow this Court to infer that Defendant Weston's actions were manifestly outside the scope of her employment. Plaintiffs do attempt to argue that Defendant Weston's conduct was malicious. Complaint (Doc. 2), ¶¶166, 189; Amended Complaint (Doc. 4), ¶¶167, 190. However, as stated above, conclusory statements which are unsupported by the factual allegations cannot be deemed admitted and are insufficient to survive a motion to dismiss. *State ex rel. Seikbert,* 69 Ohio St.3d at 490. Finally, Plaintiffs fail to allege, and there is no claim here, that civil liability is expressly imposed by the Revised Code. A claim for defamation does not expressly impose civil liability upon an employee. Furthermore, the elements of a claim for defamation were created by the Ohio Supreme Court, not the Revised Code. See, *Hahn v. Kotten,* 43 Ohio St.3d 237, 243 (1975). As such, Defendant is statutorily immune from any state claims Plaintiffs assert against her.

### B. Plaintiffs Fail to State Any Claims Against Defendant Weston Upon Which Relief Can be Granted

Even if this Court finds that immunity (qualified or statutory) is not available, the allegations in the Complaint and Amended Complaint do not rise to the level which would allow this Court to reasonably infer that Defendant Weston could be liable.

#### 1. Defendant Weston is Not Liable in her Individual or Official Capacities under Title VII

Title VII states in relevant part that "it shall be an unlawful practice for an <u>employer</u> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1) (emphasis added). Aggrieved plaintiffs may bring a civil action against an employer. 42 U.S.C. §2000e-5(b). An employer is "a person engaged in an industry affecting commerce who has fifteen or more employees [. . .] and any <u>agent</u> of such person." 42 U.S.C. §2000e (b) (emphasis added). "Agent," as it is used in the Title VII, is not defined. However, the Sixth Circuit notes that it is interpreted as "an individual who serves in a supervisory position and exercises significant control over plaintiff's hiring, firing or conditions of employment." *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994)).

With respect to individual liability under Title VII, the Sixth Circuit clearly holds that an individual employee or supervisor who does not otherwise qualify as an employer may not be held personally liable under Title VII. *Wathen*, 115 F.3d at 405. On the other hand, an individual may be sued under Title VII in her official capacity when acting as an agent of the employer. *Wathen,* 115 F.3d at 405. The Sixth Circuit acknowledges that there is support for liability in an official capacity upon a showing that the defendant is an "alter ego" of the employer. The Sixth Circuit applied this standard in refusing to impose liability in a defendant's official capacity. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362, N.2 (6th Cir. 2001) (citing *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125(10th Cir. 1993)). The plaintiff in *Little* failed to show that the defendant had significant control over plaintiff's hiring, firing, and working conditions such that he could be considered the employer's alter ego. *Id*. at N. 2.

Thus, Plaintiffs' Title VII claim against Defendant Weston in her both her official and individual capacities is only proper if she is served in a supervisory position and exercised significant control over Plaintiff's hiring, firing or conditions of employment. Plaintiffs fail to make any allegations in the Complaint or Amended Complaint that Defendant Weston held any such

9

position or had such control, because she did not. Nor do the allegations permit this Court to reasonably infer such. Therefore, Defendant Weston cannot be held liable under Title VII in either her individual or official capacities.

### 2. Defendant Weston is Not Liable in her Individual or Officials Capacities under R.C. 4112.02

Ohio Revised Code Section 4112.02(A) states in relevant part that "It shall be an unlawful discriminatory practice for any employer, because of the race, color, religion, [. . .] to discharge without cause, refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." (Emphasis added.) Revised Code 4112.01(A)(2) defines employer as including "any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." This definition is broader than Title VII's definition of "employer."

As such, the Ohio Supreme Court holds that Ohio allows individual suits against employees who are managers or supervisors for R.C. 4112 violations. *Genaro v. Central Transport, Inc.*, 84 Ohio St.3d 293, 703 N.E.2d 782 (1999); *Cheek v. Industrial Powder Coatings, Inc.*, 84 Ohio St.3d 534, 706 N.E.2d 323 (1999). Liability, however, does not extend to non-supervisory employees. *Minnich v. Cooper Farms, Inc.*, 39 Fed. Appx. 289 (6th Cir. 2002) (co-employee was not manager or supervisor who could be held liable for harassment under R.C. 4112.02) (citing *Hale v. City of Dayton,* Montgomery App. No. 18800, 2002 WL 191588 at *2 (2nd Dist., Feb. 8, 2002) (refusing to extend R.C. 4112.02 liability to co-workers); *Hoon v. Superior Tool Co.,* Cuyahoga App. No. 79821, 2002 WL 93422, *5 (8th Dist., Jan. 24, 2002) (refusing to extend R.C. 4112.02 liability beyond managers and supervisors to any employee).

Plaintiffs failed to allege that Defendant Weston's position rose to the level of that of a manager or supervisor. Plaintiffs do not allege that she acted in any supervisory capacity. Plaintiffs

failed to allege that Defendant Weston had any authority to hire, fire, supervise, evaluate or manage Plaintiff, because she did not. The allegations in the Complaint and Amended Complaint do not allow this Court to reasonably infer such. Thus, Defendant Weston cannot be held liable in her individual or official capacities under R.C. 4112.02.

### 3. Plaintiffs Fail to State a Viable Claim for Defamation Against Defendant Weston

In order to prevail on a claim of defamation, the plaintiff must prove beyond a reasonable doubt that the defendant made a false statement concerning the plaintiff that was defamatory and published to a third party, which caused injury to the plaintiff with a requisite degree of fault on the defendant's part. *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App.3d 102, 726 N.E.2d 1084 (10th Dist. 1999). The defamatory statement must be unprivileged and false. *Lakota Loc. School Dist. Bd. of Educ. v. Brickner*, 108 Ohio App.3d 637, 671 N.E.2d 578 (6th Dist. 1996). However, defendants escape liability for defamation when a privilege exists. *Hahn v. Kotten*, 43 Ohio St.2d 237, 246, 331 N.E.2d 713 (1975).

The Ohio Supreme Court outlines the requirements for such a privilege as follows: good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. *Hahn*, 43 Ohio St.2d at 246. Once this privilege is established, the burden is on the plaintiff to show by clear and convincing evidence that the defendant acted with malice. *Jacobs v. Frank*, 60 Ohio St.3d 111, 116, 573 N.E.2d 609 (1991); *Brickner*, 108 Ohio App.3d at 647. Where there are no disputes as to the alleged defamatory statements, the existence of qualified privilege is a question of law for the trial court. *Brickner*, 108 Ohio App.3d at 647.

Plaintiffs identified a single statement made by Defendant Weston and suggest that this statement was defamatory. The Plaintiffs state: "Defendants H.R. On Call, Inc[.] and the Herlevi's investigative report published:

> **"Defendant Weston stated that she has had to deal with internal and external complaints about his [Plaintiff Freshwater's] failure to follow the curriculum for much of her 11 years at Mount Vernon."**

Complaint (Doc. 2), ¶113; Amended Complaint (Doc. 4), ¶114. Plaintiffs then allege that Defendant Weston could not provide documentation regarding the complaints and that her statement in the HR on Call report was inaccurate. Complaint (Doc. 2), ¶114; Amended Complaint (Doc. 4), ¶115.

Taking the allegations in the Complaint and Amended Complaint as true for purposes of this Motion, this Court cannot make any reasonable inferences that would allow the defamation claim to survive this Motion to Dismiss. Plaintiffs have not alleged sufficient facts to demonstrate any requisite degree of fault on the part of Defendant Weston. Plaintiffs do not allege that the statement was made in bad faith to suggest that it was defamatory. Defendant Weston's admission regarding the inaccuracy of the statement regarding complaints against Plaintiff does not suggest that it was defamatory, that it created any injury, or that if it did create injury, that Defendant Weston has a requisite degree of fault for that injury. Therefore, there is no allegation that suggests that the statement itself is defamatory.

Regardless, Defendant Weston possesses a qualified privilege which shields her from liability, which protects statements made in the context of employment. Plaintiffs fail to make any allegation that Defendant Weston made any of the alleged defamatory statements that were in bad faith, that she made the statements without an interest to be upheld, that any of her statements were not limited to this purpose or made in an improper occasion. In fact, the allegations suggest the opposite. The Complaint and Amended Complaint state specifically that the statement Defendant

12

Weston made concerned Plaintiff's employment and was made to H.R. On Call, which was hired by Defendant School to investigate Plaintiff. Complaint (Doc. 2), ¶113; Amended Complaint (Doc. 4), ¶114.

Furthermore, nothing in Plaintiffs' factual allegations in the Complaint or Amended Complaint could allow the Court to infer that Defendant Weston acted with malice. Plaintiffs do allege that Defendant acted with malice (see Complaint (Doc. 2), ¶189; Amended Complaint (Doc. 4), ¶190), but Ohio courts, including the Supreme Court, repeatedly refuse to consider conclusions unsupported by factual allegations. *Wilkinson*, 69 Ohio St.3d at 490; *Silverman v. Roetzel and Andress, L.P.A.*, 168 Ohio App.3d 715, 718, 861 N.E.2d 834 (10th Dist. 2006). Plaintiffs' allegation of malice is completely unsupported by the factual allegations. As such, Defendant Weston holds a qualified privilege and cannot be held liable for defamation in either her individual or official capacities.

### 4. Plaintiffs Fail to State a Viable Claim for Negligent Retention, Supervision or Failure to Train Against Defendant Weston

The Complaint and Amended Complaint allege that Plaintiff suffered damages as a result of defendants' actions with respect to their negligent retention, supervision or failure to train. Complaint (Doc. 2), ¶¶201-202; Amended Complaint (Doc. 4), ¶¶202-203. This appears to be a claim asserted purely against the Mount Vernon School District Board of Education and not Defendant Weston. Further, Plaintiffs do not make any allegations that would allow this Court to infer that Defendant Weston had any responsibilities which could make her liable for such actions. There are no allegations that she had supervisory or management responsibilities with respect to Plaintiff's hiring, firing, evaluations, training or working conditions, again, because she did not. As such, Defendant Weston cannot be liable for negligent retention, supervision or failure to train.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs John D. and Nancy Freshwater's Complaint and Amended Complaint fail to state any claims upon which relief can be granted. As such, Defendant Weston respectfully moves this Court to dismiss all counts filed against her in both her individual and official capacities.

Respectfully submitted,

*s/ Nicole M. Donovsky*

*Of Counsel:*
Richard W. Ross (0009363)
Stacy V. Pollock (0080229)
MEANS, BICHIMER, BURKHOLDER
 & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio 43221
T: (614) 485-2010
F: (614) 485-2019
E: rross@mbbblaw.com
E: spollock@mbbblaw.com

C. Joseph McCullough (0069844)
WHITE, GETGEY & MEYER CO., LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
T: (513) 583-8888
F: (513) 583-8892
E: jmccullough@wgmlpa.com

Nicole M. Donovsky (0072262)
MEANS, BICHIMER, BURKHOLDER
 & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio 43221
T: (614) 485-2010
F: (614) 485-2019
E: ndonovsky@mbbblaw.com
*Trial Attorney for Defendant Lynda Weston*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 5, 2009, I electronically filed the foregoing *Motion of Defendant Lynda Weston to Dismiss* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

R. Kelly Hamilton, Esq.
The Law Office of R. Kelly Hamilton
P.O. Box 424
Grove City, Ohio 43123
*Attorney for Plaintiffs*
*John and Nancy Freshwater*

David K. Smith, Esq.
Krista K. Keim, Esq.
Sarah J. Moore, Esq.
BRITTON, SMITH, PETERS & KALAIL, CO., LPA
3 Summit Park Drive, Suite 400
Cleveland, OH 44131
*Attorneys for Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Steve Short and William White*

Larry C. Greathouse, Esq.
GALLAGHER SHARP
1501 Euclid Avenue
Sixth Floor, Bulkley Building
Cleveland, Ohio 44115
*Attorney for Defendants H.R. On Call, Inc., Julia F. Herlevi and Thomas J. Herlevi*

Greg Scott, Esq.
Kathleen V. Davis, Esq.
SCOTT, SCRIVEN & WAHOFF LLP
50 W. Broad Street, Suite 2500
Columbus, Ohio 43215
*Attorneys for David Millstone, Esq.*

C. Joseph McCullough, Esq.
White, Getgey & Meyer Co., LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
*Co-Counsel for Defendant Lynda Weston*

          *s/ Nicole M. Donovsky*
          Nicole M. Donovsky (0072262)