UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FRESHWATER, *et al.* | ) | CASE NO. 2:09 cv 464 |
| | ) | |
| Plaintiffs, | ) | JUDGE FROST |
| | ) | MAGISTRATE JUDGE KING |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANTS MOUNT** |
| MOUNT VERNON CITY SCHOOL | ) | **VERNON CITY SCHOOL DISTRICT** |
| DISTRICT BOARD OF EDUCATION, *et* | ) | **BOARD OF EDUCATION, IAN** |
| *al.,* | ) | **WATSON, JODY GOETZMAN,** |
| | ) | **STEPHEN SHORT, AND WILLIAM** |
| Defendants. | ) | **WHITE TO PLAINTIFFS' FIRST** |
| | ) | **AMENDED COMPLAINT** |

For their Answer to Plaintiffs' Complaint, Defendants Mount Vernon City School

District Board of Education, Ian Watson, Jody Goetzman, Stephen Short, and William White

("Defendants"), state as follows:

## **FIRST DEFENSE**

1. For their response to the Introductory paragraphs of Plaintiffs' First Amended Complaint,

Defendants deny they deprived Plaintiffs of rights secured by the United States

Constitution.  Further answering, Defendants deny they discriminated, harassed, or

attempted to terminate Plaintiff John Freshwater for keeping a personal Bible on his desk.

Defendants also deny making false or injurious allegations against Plaintiff John

Freshwater in an attempt to discredit either of the Plaintiffs.  Further answering,

1

Defendants aver the reasons for the Board's intent to consider termination are contained within its July 20, 2008 Amended Resolution.

2.  Numbered paragraph 1 of Plaintiffs' First Amended Complaint is a jurisdictional statement that does not require an answer. To the extent Plaintiffs proffer a legal conclusion, Defendants deny this paragraph.

3.  Numbered paragraph 2 of Plaintiffs' First Amended Complaint is a jurisdictional statement that does not require an answer. To the extent Plaintiffs proffer a legal conclusion, Defendants deny this paragraph.

4.  Numbered paragraph 3 of Plaintiffs' First Amended Complaint is a statement as to venue that does not require an answer. To the extent Plaintiffs proffer a legal conclusion, Defendants deny this paragraph.

5.  For their response to paragraph 4 of Plaintiffs' First Amended Complaint, Defendants admit they know Plaintiff John Freshwater has been employed by the Mount Vernon City School District Board of Education ("Defendant Board" or "Board") for approximately twenty (20) years, had worked as an eighth grade school teacher during the 2007-2008 school year, and was suspended by the Board on June 20, 2008. Further answering, Defendants Board, Watson, and Short admit Plaintiff John Freshwater had three of his own children attend public school in the Mount Vernon City School District. Further answering, Defendants deny the remainder of the allegations.

6.  Defendants deny the allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

7.  For their response to paragraph 6 of Plaintiffs' First Amended Complaint, Defendants deny the Board is a public school system located within Knox County, Ohio. Further answering, Defendants aver the Board is a body politic and corporate statutorily authorized to operate and manage the public schools of the Mount Vernon City School District in Knox County, Ohio.

8.  For their response to paragraph 7 of Plaintiffs' First Amended Complaint, Defendants admit Ian Watson ("Defendant Watson" or "Watson") is a person who currently serves as the President of Defendant Board. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

9.  For their response to paragraph 8 of Plaintiffs' First Amended Complaint, Defendants admit Jody Goetzman ("Defendant Goetzman" or "Goetzman") is a person who currently serves as the member of Defendant Board. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

10. For their response to paragraph 9 of Plaintiffs' First Amended Complaint, Defendants admit Steve Short ("Defendant Short" or "Short") is a person who currently serves as the Superintendent for the Mount Vernon City School District. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

11. For their response to paragraph 10 of Plaintiffs' First Amended Complaint, Defendants admit Lynda Weston ("Defendant Weston") is a person who had served as a Director of

Teaching and Learning for the Mount Vernon City School District. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

12. For their response to paragraph 11 of Plaintiffs' First Amended Complaint, Defendants admit William White ("Defendant White" or "White") is a person who currently serves as the Principal of Mount Vernon Middle School. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

13. For their response to paragraph 12 of Plaintiffs' First Amended Complaint, Defendants admit David Millstone currently serves as legal counsel for the Board. Further answering, Defendants deny the remainder of the allegations.

14. Defendants deny the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein and to the extent they proffer a legal conclusion. Further answering, Defendants aver H.R. On Call was the neutral outside party that conducted the investigation into Mr. Freshwater.

15. Defendants deny the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint. Further answering, Defendants Watson, Short, and White aver Thomas Herlevi conducted interviews as part of H.R. On Call's investigation into Mr. Freshwater.

16. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' First Amended Complaint. Further answering, Defendants Watson, Short, and White aver Julia Herlevi conducted interviews as part of H.R. On Call's investigation into Mr. Freshwater.

17. Defendants deny the allegations contained in paragraph 16 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein and to the extent they proffer a legal conclusion.

18. Numbered paragraph 17 of Plaintiffs' First Amended Complaint is a general statement that does not require an answer. To the extent Plaintiffs proffer an allegation or legal conclusion, Defendants deny this paragraph.

19. Numbered paragraph 18 of Plaintiffs' First Amended Complaint is a general statement that does not require an answer. To the extent Plaintiffs proffer an allegation or legal conclusion, Defendants deny this paragraph.

20. In response to paragraph 19 of Plaintiffs' First Amended Complaint, Defendant Board admits it hired Plaintiff John Freshwater on or about August 21, 1987. Further answering, Defendants Watson, Goetzman, Short, and White deny the allegation for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

21. In response to paragraph 20 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff Freshwater had a property right in his employment with Defendant Board. Further answering, Defendants aver all process due Plaintiff John Freshwater was provided.

22. For their response to paragraph 21 of Plaintiffs' First Amended Complaint, Defendants Board, Watson, Goetzman and Short admit Plaintiff John Freshwater was evaluated while employed with the District. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

23. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint.

24. For their response to paragraph 23 of Plaintiffs' First Amended Complaint, Defendants admit Defendant Board adopted a resolution on June 20, 2008 titled *Resolution of Intent to Consider the Termination or the Teaching Contract(s) of John Freshwater* ("Resolution"). Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

25. In response to paragraph 24 of Plaintiffs' First Amended Complaint, Defendants admit Defendant Board adopted the Resolution on June 20, 2008 in regard to Mr. Freshwater. Further answering, Defendants deny the remainder of the allegations.

26. In response to paragraph 25 of Plaintiffs' First Amended Complaint, Defendants admit Defendant Board voted on and adopted a resolution on July 7, 2008 titled *Amended Resolution of Intent to Consider the Termination of the Teaching Contract(s) of John Freshwater* ("Amended Resolution"). Further answering, Defendants Board, Watson, Goetzman, and Short admit the Amended Resolution correctly identified the applicable curriculum standards as "Academic Content Standards." Further answering, Defendants deny the remainder of the allegations.

27. For their response to paragraph 26 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution identified Plaintiff John Freshwater's rights under Ohio Revised Code §3319.16 and that Defendant Board notified Plaintiff John Freshwater of these statutory rights.

28. For their response to paragraph 27 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater chose to have a public hearing under Ohio Revised Code §3319.16 and the Board exercised its right to have said hearing before a referee.

29. For their response to paragraph 28 of Plaintiffs' First Amended Complaint, Defendants admit the Board retained David Millstone and requested a complete investigation of the charges against Mr. Freshwater by a neutral, outside party, which is stated within the Resolution and Amended Resolution. Further answering, Defendants aver H.R. On Call was the neutral outside party who conducted the investigation. Further answering, Defendants deny the remainder of the allegations.

30. For their response to paragraph 29 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution state, in part, "… an investigation was completed and a report of the investigation was provided to the Board on June 19, 2008 …".

31. For their response to paragraph 30 of Plaintiffs' First Amended Complaint, Defendants Watson, Short, and White admit Thomas J. Herlevi and Julia F. Herlevi conducted an investigation on behalf of H.R. On Call into allegations regarding Mr. Freshwater. Further answering, Defendants Board and Goetzman deny the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

32. For their response to paragraph 31 of Plaintiffs' First Amended Complaint, Defendants admit Article 402 of the collective bargaining agreement between the Board and the Mount Vernon Education Association regards investigation into complaints against a person in the bargaining unit. Further answering, Defendants admit the Board retained

David Millstone and requested a complete investigation of the charges against Mr. Freshwater by a neutral, outside party and aver H.R. On Call was the neutral outside party who conducted the investigation. Further answering, Defendants deny the remainder of the allegations.

33. Numbered paragraph 32 of Plaintiffs' First Amended Complaint is a general statement that does not require an answer. To the extent Plaintiffs proffer a legal conclusion, Defendants deny this paragraph.

34. Numbered paragraph 33 of Plaintiffs' First Amended Complaint is a general statement that does not require an answer. To the extent Plaintiffs proffer a legal conclusion, Defendants deny this paragraph.

35. Numbered paragraph 34 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

36. For their response to paragraph 35 of Plaintiffs' First Amended Complaint, Defendants admit Article 402 of the collective bargaining agreement between the Board and the Mount Vernon Education Association contains the language " … the investigator will interview all witnesses each party identifies and, if possible, obtain a written statement from each witness interviewed." Further answering, Defendants aver the language cited is not the full text of Article 402.

37. Numbered paragraph 36 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs

proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

38. Defendants deny the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

39. For their response to paragraph 38 of Plaintiffs' First Amended Complaint, Defendants Board, Watson, and Goetzman admit the Resolution and Amended Resolution are based upon information obtained from the investigation conducted by H.R. On Call. Further answering, Defendants Short and White deny the allegations in paragraph 38 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

40. For their response to paragraph 39 of Plaintiffs' First Amended Complaint, Defendants admit the Board adopted a resolution on July 21, 2008 placing Plaintiff John Freshwater on an unpaid suspension. Further answering, Defendants deny the remainder of the allegations.

41. For their response to paragraph 40 of Plaintiffs' First Amended Complaint, Defendants Board, Watson, Goetzman, and Short admit in 2003 Plaintiff John Freshwater unsuccessfully petitioned the Mount Vernon City School Board to allow him to teach Creationism or Intelligent Design in the classroom. Further answering, Defendants deny the remaining allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

42. For their response to paragraph 41 of Plaintiffs' First Amended Complaint, Defendants admit the Board adopted the Ohio Department of Education's Academic Content Standards for eighth grade science. Further answering, Defendants deny the remaining allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

43. For their response to paragraph 42 of Plaintiffs' First Amended Complaint, Defendants admit the Amended Resolution states, in part, that Plaintiff John Freshwater "consistently failed to adhere to the established curriculum under the Academic Content Standards for eighth grade, as adopted by the State of Ohio, the Mount Vernon City School Board and the Superintendent of Schools … [and] failure to adhere to these standards superseded the best interest of [Plaintiff Freshwater's] students." Further answering, Defendants aver Plaintiffs' allegation is incomplete.

44. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

45. Numbered paragraph 44 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

46. Numbered paragraph 45 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

47. For their response to paragraph 46 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution state, in part, "Mr. Freshwater taught Creationism and Intelligent Design in his eighth grade science class in violation of School Board Policy and the U.S. Constitution." Further answering, Defendants deny the remaining allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

48. Defendants deny the allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint.

49. For their response to paragraph 48 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution state, in part, "Mr. Freshwater distributed unauthorized handouts based on Creationism and Intelligent Design and violated School Board Policy by teaching a course of study not adopted by the Board, and by deviating from approved science standards without approval by the Superintendent ...". Further answering, Defendants deny the remaining allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

50. For their response to paragraph 49 of Plaintiffs' First Amended Complaint, Defendants Board, Watson, Goetzman, and Short admit a complaint had been filed against Plaintiff John Freshwater in 2006 regarding the religious content of a handout titled *"Darwin's*

*Theory of Evolution – The Premise and the Problem."* Further answering, Defendants Board, Watson, and Short admit the Superintendent issued Plaintiff John Freshwater a letter dated June 8, 2006. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

51. Defendants deny the allegations in paragraph 50 of Plaintiffs' First Amended Complaint accurately depict the science curriculum adopted by the Board. Further answering, Defendants aver the science curriculum adopted by the Board exists in a document, the entirety of which must be considered.

52. Defendants deny the allegations in paragraph 51 of Plaintiffs' First Amended Complaint accurately depict the science curriculum adopted by the Board. Further answering, Defendants aver the science curriculum adopted by the Board exists in a document, the entirety of which must be considered.

53. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

54. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

55. Numbered paragraph 54 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

56. Numbered paragraph 55 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

57. Numbered paragraph 56 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

58. For their response to paragraph 57 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution stated, in part, "In 2008, Mr. Freshwater provided an "extra credit" assignment to his students related to intelligent design; to view and report on a documentary entitled; *Expelled; No Intelligence Allowed."* Further answering, Defendants admit the Board cited the 2008 "extra credit" assignment as an example of Mr. Freshwater "violat[ing] School Board policy by teaching a course of study not adopted by the Board, and by deviating from approved science standards without approval by the Superintendent." Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

59. For their response to paragraph 58 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution stated, in part, "Mr. Freshwater taught religious beliefs in his classroom." Further answering, Defendants deny the quote cited by Plaintiffs contains the full text of Board Policy No. 2270 titled *"Religion in the Curriculum."* Further answering, Defendants aver the quote cited by Plaintiffs is not applicable to the Academic Content Standards and curriculum for eighth grade science. Further answering, Defendants deny the remainder of the allegations.

60. Defendants deny the allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint.

61. For their response to paragraph 60 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution stated, in part, "Mr. Freshwater taught his students to use the code word, "here" when the textbook would contradict religious or Biblical perspectives." Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

62. For their response to paragraph 61 of Plaintiffs' First Amended Complaint, Defendants deny the quote cited by Plaintiffs contains the full text of Board Policy No. 2270 titled *"Religion in the Curriculum."* Further answering, Defendants aver the quote cited by Plaintiffs is not applicable to the Academic Content Standards and curriculum for eighth grade science. Further answering, Defendants deny the remainder of the allegations.

63. For their response to paragraph 62 of Plaintiffs' First Amended Complaint, Defendants deny Plaintiff John Freshwater taught within the parameters of Board Policy No. 2270

titled *"Religion in the Curriculum."* Further answering, Defendants deny Plaintiff John Freshwater used instructional and resource materials within the parameters of board policy.

64. Defendants deny the allegations contained in paragraph 63 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

65. For their response to paragraph 64 of Plaintiffs' First Amended Complaint, Defendants deny the quote cited by Plaintiffs contains the full text of Board Policy No. 2270 titled *"Religion in the Curriculum."* Further answering, Defendants deny the remainder of the allegations.

66. Defendants deny the allegations contained in paragraph 65 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein. Further answering, Defendants aver the Amended Resolution stated, in part, "Mr. Freshwater conducted and led prayer in Fellowship of Christian Athletes ("FCA") meetings … asked students to lead prayer in FCA meetings … [and] exceeded the statutory imposed limitations [in his position as FCA monitor]." Further answering, Defendants aver the Resolution and Amended Resolution also stated, in part, "in April, 2008, Mr. Freshwater was directed to remove or discontinue the display of all religious articles in his classroom, including all posters of a religious nature, and whereas, Mr. Freshwater has failed to fully comply with that directive and, further, has brought additional religious articles into his classroom to "make a point" in direct acts of insubordination."

67. For their response to paragraph 66 of Plaintiffs' First Amended Complaint, Defendants admit District administrators ordered glass next to classroom doors covered for security purposes. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

68. Numbered paragraph 67 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

69. Defendants deny the allegations contained in paragraph 68 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein. Further answering, Defendants aver numbered paragraph 68 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

70. For their response to paragraph 69 of Plaintiffs' First Amended Complaint, Defendants admit H.R. On Call stated in its June 19, 2008 Investigatory Report, "Mr. Freshwater stated he has had his Bible on his desk for 21 years. He said, 'It's me. It's my inspiration. It's how I get through the day.'" Further answering, Defendants deny Plaintiff John Freshwater never referenced the Bible in the classroom. Further answering, Defendant avers the Amended Resolution stated, in part, "In 2006 or 2007 Mr. Freshwater … taught his eighth grade students that 'the Bible states that homosexuality is a sin and so anyone who is gay chooses to be gay and is therefore a

sinner." Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

71. Numbered paragraph 70 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

72. Numbered paragraph 71 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

73. Numbered paragraph 72 of Plaintiffs' First Amended Complaint is an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

74. For their response to paragraph 73 of Plaintiffs' First Amended Complaint, Defendants admit Defendant White had various conversations with Plaintiff John Freshwater concerning removal of religious items from his classroom. Further answering, Defendants aver the H.R. On Call report indicated these meetings occurred on or about April 7, 2008, April 9, 2008, April 11, 2008, and April 21, 2008. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein. Further answering, to the extent Plaintiffs proffer argument or testimony from another proceeding as evidence,

Defendants deny the statements.

75. For their response to paragraph 74 of Plaintiffs' First Amended Complaint, Defendants admit Defendant White conducted a walk through or inspection of Plaintiff John Freshwater's classroom on April 16, 2008. Further answering, Defendant White denies he approved the presence of Plaintiff John Freshwater's classroom on April 16, 2008. Further answering, Defendant White admits to having discussed the Bible on the desk with Plaintiff John Freshwater. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

76. Defendants admit the allegations contained in paragraph 75 of Plaintiffs' First Amended Complaint. Further answering, Defendants aver the H.R. On Call report stated, "[Mr. Freshwater] had been instructed to remove the Bible from his desk. He said that he had been. He was asked if he had complied. He said that he had not."

77. For their response to paragraph 76 of Plaintiffs' First Amended Complaint, Defendants admit Defendant White issued Plaintiff Freshwater a letter dated April 14, 2008. Further answering, Defendants deny the remainder of the allegations as mischaracterizing the April 14, 2008 letter. Further answering, Defendants aver the H.R. On Call report indicated several meetings between Defendant White and Plaintiff John Freshwater occurred, including one on or about April 7, 2008 and one on April 11, 2008.

78. Numbered paragraph 77 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence,

Defendants deny this paragraph. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

79. For their response to paragraph 78 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater is currently not a member of the Mount Vernon Education Association. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

80. For their response to paragraph 79 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater made a statement on or around the town square in Mount Vernon, Ohio on April 16, 2008. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

81. For their response to paragraph 80 of Plaintiffs' First Amended Complaint, Defendants admit Defendants Short and White know Plaintiff John Freshwater is currently not a member of the Mount Vernon Education Association. Further answering, Defendants aver Defendants Short or White had no legal duty to advise Plaintiff John Freshwater of his right to union representation. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

82. For their response to paragraph 81 of Plaintiffs' First Amended Complaint, Defendants admit Lori Miller made a statement at a Board meeting on or about August 4, 2008.

Further answering, Defendants Watson, Short, and White admit a licensure issue necessitated Defendants Short and White meeting with Lori Miller at the beginning of the 2008-2009 school year. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

83. For their response to paragraph 82 of Plaintiffs' First Amended Complaint, Defendants Short and White admit they became aware Lori Miller had purportedly audio-recorded a meeting between herself and Defendant Short. Further answering, Defendants admit each became aware Lori Miller claimed to have kept a personal Bible on her desk. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

84. Numbered paragraph 83 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

85. Defendants deny the allegations contained in paragraph 84 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

86. Defendants deny the allegations contained in paragraph 85 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters

asserted therein.  Further answering, Defendant Watson admits he became aware Lori Miller claimed to have kept a personal Bible on her desk.

87. Defendants deny the allegations contained in paragraph 86 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

88. Defendants deny the allegations contained in paragraph 87 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

89. For their response to paragraph 88 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater served as the monitor for the eighth grade FCA during the 2007-2008 school year.  Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

90. For their response to paragraph 89 of Plaintiffs' First Amended Complaint, Defendants Short and White admit Defendant Short gave Plaintiff John Freshwater a copy of the "*FCA Handbook for Schools*" during the 2007-2008 school year, a document regarding the Fellowship of Christian Athletes group.  Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

91. For their response to paragraph 90 of Plaintiffs' First Amended Complaint, Defendants aver the Resolution and Amended Resolution state, in part, "Mr. Freshwater was the monitor for the Fellowship of Christian Athletes at the Middle School and exceeded his

statutorily imposed limitations of that position …" Further answering, Defendants admit examples provided in the Resolution and Amended Resolution of the FCA violations included Mr. Freshwater "[having] conducted and led prayer in … FCA meetings … ha[ving] asked students to ] lead prayer in FCA meetings … and [having] contacted guest speakers for FCA events or recommended speakers to students."

92. Defendants deny the allegations contained in paragraph 91 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein. Further answering, Defendants aver page two of H.R. On Call's June 19, 2008 report identifies whom it interviewed during the investigation.

93. For their response to paragraph 92 of Plaintiffs' First Amended Complaint, Defendants deny the allegations. Further answering, Defendants aver the Board does not have a rule requiring a FCA monitor to ascertain the name of a student selected speaker and confirm his/her scheduled attendance. Further answering, Defendants aver Board Policy No. 2520C titled *"Resource Speakers"* requires "a group or organization leader seeking to utilize a guest speaker during regular school hours [to] notif[y] the principal at least forty-eight (48) hours in advance of the speech of the following: the date, time, subject matter and location in the building where the guest speaker will be presenting." Further answering, Defendants aver an FCA monitor is not statutorily allowed to serve as the FCA leader.

94. Numbered paragraph 93 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence,

Defendants deny this paragraph. Further answering, Defendants admit the Resoluton and Amended Resolution state, in part, ""in April, 2008, Mr. Freshwater was directed to remove or discontinue the display of all religious articles in his classroom, including all posters of a religious nature, and whereas, Mr. Freshwater has failed to fully comply with that directive and, further, has brought additional religious articles into his classroom to "make a point" in direct acts of insubordination." Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

95. For their response to paragraph 94 of Plaintiffs' First Amended Complaint, Defendants admit the quote cited by Plaintiffs is the first sentence in the last paragraph of Board Policy No. 2270 titled *"Religion in the Curriculum."* Further answering, Defendants deny the remainder of the allegations.

96. Numbered paragraph 95 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph. Further answering, Defendants admit the Resolution and Amended Resolution state, in part, "in April, 2008, Mr. Freshwater was directed to remove or discontinue the display of all religious articles in his classroom, including all posters of a religious nature, and whereas, Mr. Freshwater has failed to fully comply with that directive and, further, has brought additional religious articles into his classroom to "make a point" in direct acts of insubordination." Further answering, Defendants admit the H.R. On Call June 19, 2008 report stated Plaintiff John Freshwater had checked out a

Bible and a book titled *"Jesus of Nazareth"* from the school library on April 15, 2008, placing them in his classroom. Further answering, Defendants admit the June 19, 2008 H.R. On Call Report stated, in part, "[w]hen asked if the school Bible was there to make a statement, [Mr. Freshwater] said, 'Yes'." Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

97. For their response to paragraph 96 of Plaintiffs' First Amended Complaint, Defendants admit to the plain meaning of the language in the H.R. On Call June 29, 2008 report, considering the full context of the document and its information. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

98. Numbered paragraph 97 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to an excerpt from a purported audio-recording that does not require an answer. To the extent Plaintiffs proffer argument or excerpts from a recording not yet authenticated, Defendants deny this paragraph. Further answering, Defendants Short and White aver Plaintiff John Freshwater claimed to have made an audio recording of a May 15, 2008 meeting with H.R. On Call. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

99. Numbered paragraph 98 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

100. For their response to paragraph 99 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution state, in part, "Mr. Freshwater used a high frequency generator, Model BD10A manufactured by Electro-Technic Products, Inc. to mark the shape of a cross into the arm of eighth grade students … Mr. Freshwater branded a religious symbol on the skin of some eighth grade students. The mark has lasted as long as 3-4 weeks on at least one student who described the area as 'very painful.'" Further answering, Defendants deny the reminder of the allegations.

101. Numbered paragraph 100 of Plaintiffs' First Amended Complaint contains an argumentative statement in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

102. For their response to paragraph 101 of Plaintiffs' First Amended Complaint, Defendants admit Defendant Short received a complaint on December 7, 2008 from parents concerning a mark in the shape of a cross on their child's arm and did not report the incident to public children services or local law enforcement at that time. Further answering, Defendants aver the parents requested Defendant Short not report the incident to public children services or local law enforcement. Further answering, to the extent the remaining statement proffers a legal conclusion or requires an answer, Defendants deny

it.  Further answering, Defendants aver Defendant Short did later report the December 7, 2008 complaint to Child and Family Services, whose representative stated the agency would not proceed with the matter unless the parents consented.

103. In response to paragraph 102 of Plaintiffs' First Amended Complaint, Defendant Goetzman admits the mother of a student told her Plaintiff John Freshwater had used a Tesla coil on her child, causing injury.  Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

104. In response to paragraph 103 of Plaintiffs' First Amended Complaint, Defendant Watson admits the father of a student on whom Plaintiff John Freshwater had used a Tesla coil walked into Watson's workplace on several occasions during the 2007-2008 school year to discuss concerns about his child at school.  Further answering, Defendant Watson admits he received a phone call from the mother of this student to discuss concerns in regard to the child at school.  Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

105. For their response to paragraph 104 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution state, in part, "Mr. Freshwater knew or should have known the manufacturer's advice regarding proper use of the [high frequency generator, Model BD10A manufactured by Electro-Technic Products, Inc.]."

106. Defendants deny the allegations contained in paragraph 105 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

107. Numbered paragraph 106 of Plaintiffs' First Amended Complaint contains argumentative statements in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

108. Defendants deny the allegations contained in paragraph 107 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

109. Defendants deny the allegations contained in paragraph 108 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

110. Defendants deny the allegations contained in paragraph 109 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

111. In response to paragraph 110 of Plaintiffs' First Amended Complaint, Defendants Watson and Short admit Watson used and applied the Tesla coil on himself without having read the manufacturer's instructions. Further answering, Defendants Short and White admit Thomas Herlevi used and applied the Tesla coil on himself. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

112. For their response to paragraph 111 of Plaintiffs' First Amended Complaint, Defendants admit Defendant White signed and sent a letter to Plaintiff John Freshwater dated January 22, 2008. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

113. Numbered paragraph 112 of Plaintiffs' First Amended Complaint contains argumentative statements in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph. Further answering, Defendants admit Defendant Short was shown as a copy on Defendant White's January 22, 2008 letter to Plaintiff John Freshwater. Further answering, Defendants admit Article 504 of the collective bargaining agreement between the Board and the Mount Vernon Education Association regards personnel files. Further answering, Defendants aver Article 504 Section C addresses the Board making teachers aware of additional materials in their personnel files and provides a mechanism for addressing any issues. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

114. Numbered paragraph 113 of Plaintiffs' First Amended Complaint contains argumentative statements in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

115. For their response to paragraph 114 of Plaintiffs' First Amended Complaint, Defendants admit the June 19, 2008 H.R. On Call report states, in part, "Dr. Weston stated that she has had to deal with internal and external complaints about [Mr. Freshwater's] failure to follow the curriculum for much of her 11 years at Mount Vernon."

116. Numbered paragraph 115 of Plaintiffs' First Amended Complaint contains argumentative statements in regard to testimony that does not require an answer. To the extent Plaintiffs proffer argument or testimony from another proceeding as evidence, Defendants deny this paragraph.

117. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 115 of Plaintiffs' First Amended Complaint in response to paragraph 116 of Plaintiffs' First Amended Complaint.

118. Numbered paragraph 117 of Plaintiffs' First Amended Complaint is a general statement in regard to 42 U.S.C. §1983 that does not require an answer.

119. Defendants deny the allegations contained in paragraph 118 of Plaintiffs' First Amended Complaint.

120. Defendants deny the allegations contained in paragraph 119 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

121. Defendants deny the allegations contained in paragraph 120 of Plaintiffs' First Amended Complaint.

122. Numbered paragraph 121 of Plaintiffs' First Amended Complaint is a general statement in regard to the right of free speech that does not require an answer.

123. Defendants deny the allegations contained in paragraph 122 of Plaintiffs' First Amended Complaint.

124. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 122 of Plaintiffs' First Amended Complaint in response to paragraph 123 of Plaintiffs' First Amended Complaint.

125. Numbered paragraph 124 of Plaintiffs' First Amended Complaint is a general statement in regard to 42 U.S.C. §1983 that does not require an answer.

126. Defendants deny the allegations contained in paragraph 125 of Plaintiffs' First Amended Complaint.

127. Numbered paragraph 126 of Plaintiffs' First Amended Complaint is a general statement in regard to religious discrimination in employment that does not require an answer.

128. Defendants deny the allegations contained in paragraph 127 of Plaintiffs' First Amended Complaint.

129. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 127 of Plaintiffs' First Amended Complaint in response to paragraph 128 of Plaintiffs' First Amended Complaint.

130. Numbered paragraph 129 of Plaintiffs' First Amended Complaint is a general statement in regard to 42 U.S.C. §1983 that does not require an answer.

131. Defendants deny the allegations contained in paragraph 130 of Plaintiffs' First Amended Complaint.

132. Defendants deny the allegations contained in paragraph 131 of Plaintiffs" First Amended Complaint.

133. Numbered paragraph 132 of Plaintiffs' First Amended Complaint is a general statement in regard to the right of free speech that does not require an answer.

134. Defendants deny the allegations contained in paragraph 133 of Plaintiffs' First Amended Complaint.

135. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 133 of Plaintiffs' First Amended Complaint in response to paragraph 134 of Plaintiffs' First Amended Complaint.

136. Numbered paragraph 135 of Plaintiffs' First Amended Complaint is a general statement in regard to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1) that does not require an answer.

137. Numbered paragraph 136 of Plaintiffs' First Amended Complaint contains general statements in regard to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e that do not require an answer.

138. Defendants deny the allegations contained in paragraph 137 of Plaintiffs' First Amended Complaint.

139. Defendants deny the allegations contained in paragraph 138 of Plaintiffs' First Amended Complaint.

140. Defendants deny the allegations contained in paragraph 139 of Plaintiffs' First Amended Complaint.

141. Defendants deny the allegations contained in paragraph 140 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

142. Defendants deny the allegations contained in paragraph 141 of Plaintiffs' First Amended Complaint.

143. Defendants deny the allegations contained in paragraph 142 of Plaintiffs' First Amended Complaint.

144. Defendants deny the allegations contained in paragraph 143 of Plaintiffs' First Amended Complaint.

145. For their answer to paragraph 144 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater had not filed a charge of discrimination or retaliation with the Equal Employment Opportunity Commission ("EEOC") at the time the First Amended Complaint was filed with the Court. Further answering, Defendants deny it would have been futile for Plaintiff John Freshwater to file a charge of discrimination with the EEOC.

146. Defendants deny the allegations contained in paragraph 145 of Plaintiffs' First Amended Complaint.

147. Numbered paragraph 146 of Plaintiffs' First Amended Complaint is a general statement in regard to exhaustion of administrative remedies that does not require an answer.

148. Numbered paragraph 147 of Plaintiffs' First Amended Complaint is a general statement in regard to exhaustion of administrative remedies that does not require an answer.

149. For their answer to paragraph 148 of Plaintiffs' First Amended Complaint, Defendants deny Plaintiff John Freshwater followed the statutorily mandated administrative action of filing a charge of discrimination with the EEOC and denies said action is ongoing. Further answering, to the extent the allegations concern the Ohio Revised Code §3319.16 administrative hearing, Defendants admit that hearing is ongoing and not yet concluded.

150. For their answer to paragraph 149 of Plaintiffs' First Amended Complaint, Defendants deny Plaintiff John Freshwater followed the statutorily mandated administrative action of filing a charge of discrimination with the EEOC and denies said action is ongoing. Further answering, to the extent the allegations concern the Ohio Revised Code §3319.16 administrative hearing, Defendants admit that hearing is ongoing and not yet concluded. Further answering, Defendants deny the statutorily mandated administrative actions and the fact that Plaintiff John Freshwater has yet to be terminated constitute a proper basis for Plaintiffs to argue futility in filing with the EEOC or Ohio Civil Rights Commission.

151. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 149 of Plaintiffs' First Amended Complaint in response to paragraph 150 of Plaintiffs' First Amended Complaint.

152. Defendants deny the allegations contained in paragraph 151 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

153. Defendants deny the allegations contained in paragraph 152 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

154. Defendants deny the allegations contained in paragraph 153 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

155. For their answer to paragraph 154 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater attended Board meetings during the 2007-2008 school year. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

156. For their answer to paragraph 155 of Plaintiffs' First Amended Complaint, Defendants admit Plaintiff John Freshwater made a statement on or around the town square in Mount Vernon, Ohio on April 16, 2008. Further answering, Defendants deny the remainder of the allegations for want of knowledge sufficient to form a belief as to the truth of the matters asserted therein.

157. Defendants deny the allegations contained in paragraph 156 of Plaintiffs' First Amended Complaint.

158. Defendants deny the allegations contained in paragraph 157 of Plaintiffs' First Amended Complaint.

159. Defendants deny the allegations contained in paragraph 158 of Plaintiffs' First Amended Complaint.

160. Defendants deny the allegations contained in paragraph 159 of Plaintiffs' First Amended Complaint.

161. Defendants deny the allegations contained in paragraph 160 of Plaintiffs' First Amended Complaint.

162. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 160 of Plaintiffs' First Amended Complaint in response to paragraph 161 of Plaintiffs' First Amended Complaint.

163. Numbered paragraph 162 of Plaintiffs' First Amended Complaint is a general statement in regard to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1) that does not require an answer.

164. Numbered paragraph 163 of Plaintiffs' First Amended Complaint contains general statements in regard to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e that do not require an answer.

165. Defendants deny the allegations contained in paragraph 164 of Plaintiffs' First Amended Complaint.

166. Defendants deny the allegations contained in paragraph 165 of Plaintiffs' First Amended Complaint.

167. Defendants deny the allegations contained in paragraph 166 of Plaintiffs' First Amended Complaint.

168. Defendants deny the allegations contained in paragraph 167 of Plaintiffs' First Amended Complaint.

169. Defendants deny the allegations contained in paragraph 168 of Plaintiffs' First Amended Complaint.

170. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 168 of Plaintiffs' First Amended Complaint in response to paragraph 169 of Plaintiffs' First Amended Complaint.

171. Defendants deny the allegations contained in paragraph 170 of Plaintiffs' First Amended Complaint.

172. Defendants deny the allegations contained in paragraph 171 of Plaintiffs' First Amended Complaint.

173. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 171 of Plaintiffs' First Amended Complaint in response to paragraph 172 of Plaintiffs' First Amended Complaint.

174. Defendants deny the allegations contained in paragraph 173 of Plaintiffs' First Amended Complaint.

175. Defendants deny the allegations contained in paragraph 174 of Plaintiffs' First Amended Complaint.

176. Defendants deny the allegations contained in paragraph 175 of Plaintiffs' First Amended Complaint.

177. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 175 of Plaintiffs' First Amended Complaint in response to paragraph 176 of Plaintiffs' First Amended Complaint.

178. Defendants deny the allegations contained in paragraph 177 of Plaintiffs' First Amended Complaint.

179. Defendants deny the allegations contained in paragraph 178 of Plaintiffs' First Amended Complaint.

180. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 178 of Plaintiffs' First Amended Complaint in response to paragraph 179 of Plaintiffs' First Amended Complaint.

181. Defendants deny the allegations contained in paragraph 180 of Plaintiffs' First Amended Complaint.

182. Defendants deny the allegations contained in paragraph 181 of Plaintiffs' First Amended Complaint.

183. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 181 of Plaintiffs' First Amended Complaint in response to paragraph 182 of Plaintiffs' First Amended Complaint.

184. Defendants deny the allegations contained in paragraph 183 of Plaintiffs' First Amended Complaint.

185. Defendants deny the allegations contained in paragraph 184 of Plaintiffs' First Amended Complaint.

186. Defendants deny the allegations contained in paragraph 185 of Plaintiffs' First Amended Complaint.

187. Defendants deny the allegations contained in paragraph 186 of Plaintiffs' First Amended Complaint.

188. Defendants deny the allegations contained in paragraph 187 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

189. Defendants deny the allegations contained in paragraph 188 of Plaintiffs' First Amended Complaint. Further answering, Defendants aver Article 402 of the labor contract between the Mount Vernon Education Association and Defendant Board did not direct H.R. On Call and the Herlevis to obtain written statements.

190. Defendants deny the allegations contained in paragraph 189 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

191. Defendants deny the allegations contained in paragraph 190 of Plaintiffs' First Amended Complaint.

192. Defendants deny the allegations contained in paragraph 191 of Plaintiffs' First Amended Complaint.

193. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 191 of Plaintiffs' First Amended Complaint in response to paragraph 192 of Plaintiffs' First Amended Complaint.

194. Defendants deny the allegations contained in paragraph 193 of Plaintiffs' First Amended Complaint.

195. Defendants deny the allegations contained in paragraph 194 of Plaintiffs' First Amended Complaint.

196. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 194 of Plaintiffs' First Amended Complaint in response to paragraph 195 of Plaintiffs' First Amended Complaint.

197. Numbered paragraph 196 of Plaintiffs' First Amended Complaint is a general statement in regard to the doctrine of *res judicata* that does not require an answer. Further answering, Defendants aver the doctrine of *res judicata* does not apply as suggested by Plaintiffs.

198. For their response to paragraph 197 of Plaintiffs' First Amended Complaint, Defendants admit the Resolution and Amended Resolution identified certain actions by Plaintiff John Freshwater. Further answering, Defendants deny the remainder of the allegations

199. Defendants deny the allegations contained in paragraph 198 of Plaintiffs' First Amended Complaint.

200. Defendants deny the allegations contained in paragraph 199 of Plaintiffs' First Amended Complaint.

201. Defendants deny the allegations contained in paragraph 200 of Plaintiffs' First Amended Complaint.

202. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 200 of Plaintiffs' First Amended Complaint in response to paragraph 201 of Plaintiffs' First Amended Complaint.

203. Defendants deny the allegations contained in paragraph 202 of Plaintiffs' First Amended Complaint.

204. Defendants deny the allegations contained in paragraph 203 of Plaintiffs' First Amended Complaint.

205. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 203 of Plaintiffs' First Amended Complaint in response to paragraph 204 of Plaintiffs' First Amended Complaint.

206. Defendants deny the allegations contained in paragraph 205 of Plaintiffs' First Amended Complaint.

207. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 205 of Plaintiffs' First Amended Complaint in response to paragraph 206 of Plaintiffs' First Amended Complaint.

208. Defendants deny the allegations contained in paragraph 207 of Plaintiffs' First Amended Complaint.

209. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 207 of Plaintiffs' First Amended Complaint in response to paragraph 208 of Plaintiffs' First Amended Complaint.

210. Defendants deny the allegations contained in paragraph 209 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

211. Defendants deny the allegations contained in paragraph 210 of Plaintiffs' First Amended Complaint.

212. Defendants deny the allegations contained in paragraph 211 of Plaintiffs' First Amended Complaint.

213. Defendants deny the allegations contained in paragraph 212 of Plaintiffs' First Amended Complaint.

214. Defendants reincorporate and restate their responses to the introductory paragraphs through paragraph 212 of Plaintiffs' First Amended Complaint in response to paragraph 213 of Plaintiffs' First Amended Complaint.

215. Defendants deny the allegations contained in paragraph 214 of Plaintiffs' First Amended Complaint for want of knowledge sufficient to form a belief as to the truth of matters asserted therein.

216. Defendants deny the allegations contained in paragraph 215 of Plaintiffs' First Amended Complaint.

217. Defendants deny the allegations contained in paragraph 216 of Plaintiffs' First Amended Complaint.

218. Defendants deny all allegations set forth in Plaintiffs' First Amended Complaint not specifically admitted to be true.

## SECOND DEFENSE

219. The applicable statute of limitations bars Plaintiffs' claims in whole or in part.

## THIRD DEFENSE

220. The Court lacks subject matter jurisdiction over all or part of Plaintiffs' claims.

## FOURTH DEFENSE

221. The First Amended Complaint fails to state a viable action, in whole or in part.

## FIFTH DEFENSE

222. The First Amended Complaint fails to state claims, in whole or in part, upon which relief can be granted.

## SIXTH DEFENSE

223.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants have not deprived Plaintiffs of any federally protected right.

## SEVENTH DEFENSE

224.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Plaintiff John Freshwater has state procedures available for challenging any claimed deprivation of property.

## EIGHTH DEFENSE

225.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants have not entered into any agreement or concerted action to commit an illegal act or effectuate a constitutional deprivation of Plaintiff John Freshwater's federally protected rights.

## NINTH DEFENSE

226.  The doctrine of qualified immunity bars Plaintiff's claims, in whole or in part, or restricts Plaintiff's right to monetary recovery.

## TENTH DEFENSE

227.  Plaintiff's failure to exhaust his administrative remedies bars Plaintiff's claims or restricts Plaintiff's right to monetary recovery.

## ELEVENTH DEFENSE

228.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants would have taken the same employment action against Plaintiff John Freshwater even in the absence of any of his alleged protected activity.

## TWELFTH DEFENSE

229.  The doctrine of collateral estoppel bars Plaintiff's claims, in whole or in part, or restricts Plaintiff's right to monetary recovery.

## THIRTEENTH DEFENSE

230.  The doctrine of res judicata bars Plaintiff's claims, in whole or in part, or restricts Plaintiff's right to monetary recovery.

## FOURTEENTH DEFENSE

231.  The doctrine of judicial estoppel bars Plaintiff's claims, in whole or in part, or restricts Plaintiff's right to monetary recovery.

## FIFTEENTH DEFENSE

232.  The doctrine of abstention bars Plaintiff's claims, in whole or in part, or restricts Plaintiff's right to monetary recovery.

## SIXTEENTH DEFENSE

233.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Plaintiffs' claims are not ripe.

## SEVENTEENTH DEFENSE

234.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as one or both Plaintiffs' lack standing.

## EIGHTEENTH DEFENSE

235.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants' acted reasonably, in good faith, and with justification, without intent to

contravene any rights, statutory, administrative, constitutional, or otherwise with regard to Plaintiff and, in fact, contravened no such rights.

## NINETEENTH DEFENSE

236.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants' acted reasonably, in good faith, and with justification to meet their constitutional obligations under the Establishment Clause of the First Amendment and Fourteenth Amendment.

## TWENTIETH DEFENSE

237.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants' did not selectively treat Plaintiff John Freshwater differently than similarly situated persons based on impermissible considerations or to inhibit or punish the exercise of constitutional rights, or with malicious or bad faith intent to injure Plaintiffs.

## TWENTY-FIRST DEFENSE

238.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Plaintiff John Freshwater failed to timely file a charge of discrimination, harassment, or retaliation with the United States Equal Employment Opportunities Commission.

## TWENTY-SECOND DEFENSE

239.  The doctrines of estoppel and/or waiver bar Plaintiffs' claims or restrict Plaintiffs' right to monetary recovery.

## TWENTY-THIRD DEFENSE

240. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants had plausible, legitimate and non-discriminatory justification for their conduct and would have taken the same actions for these reasons.

## TWENTY-FOURTH DEFENSE

241. Defendant Board has no practice, pattern, policy, custom or usage permitting discrimination, harassment or retaliatory conduct by its members, agents, employees and/or representatives. Furthermore, Defendant Board has in place policies prohibiting the unlawful and retaliatory conduct alleged by Plaintiff.

## TWENTY-FIFTH DEFENSE

242. Based upon Plaintiffs' failure to mitigate damages, Plaintiffs' claims against Defendants are barred or Plaintiffs' right to monetary recovery is restricted.

## TWENTY-SIXTH DEFENSE

243. The doctrine of after-acquired evidence bars Plaintiffs' claims or restricts Plaintiffs' right to monetary recovery.

## TWENTY-SEVENTH DEFENSE

244. The doctrine of unclean hands bars Plaintiffs' claims or restricts Plaintiffs' right to monetary recovery.

## TWENTY-EIGHTH DEFENSE

245. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Plaintiff failed to take advantage of Defendant Board's complaint mechanism for violation of Board policy.

## TWENTY-NINTH DEFENSE

246. Defendant Board was the same decisionmaker who hired Plaintiff John Freshwater continuously for over twenty (20) years and made all decisions in regard to Plaintiff John Freshwater's employment status with the District.

## THIRTIETH DEFENSE

247. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the alleged defamatory statements are true.

## THIRTY-FIRST DEFENSE

248. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the alleged defamatory statements did not constitute an actionable publication(s).

## THIRTY-SECOND DEFENSE

249. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants did not act with actual malice, express or implied.

## THIRTY-THIRD DEFENSE

250. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the alleged defamatory statements constitute absolutely or qualifiedly privileged communications between public officials made within the scope of their official duties.

## THIRTY-FOURTH DEFENSE

251. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the alleged defamatory statements constitute absolutely or qualifiedly privileged testimony given by witnesses in an administrative hearing.

## THIRTY-FIFTH DEFENSE

252. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Plaintiff John Freshwater requested and consented to the administrative hearing being public, rendering any statements or testimony absolutely or qualifiedly privileged as a matter of law.

## THIRTY-SIXTH DEFENSE

253. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants made any qualifiedly privileged statements in good faith, with a reasonable and honest belief in their truth.

## THIRTY-SEVENTH DEFENSE

254. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as all or some of the Defendants did not make any of the alleged defamatory statements and did not cause an actionable publication(s).

## THIRTY-EIGHTH DEFENSE

255. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the alleged defamatory statements constitute qualifiedly privileged statements in reference to school teachers or school affairs.

## THIRTY-NINTH DEFENSE

256. Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the alleged defamatory statements constitute qualifiedly privileged statements made in the course and scope of an employer-employee relationship.

## FORTIETH DEFENSE

257.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as the breach of contract claims are subject to the dispute resolution procedure contained in a collective bargaining agreement between Defendant Board and the Mount Vernon Education Association.

## FORTY-FIRST DEFENSE

258.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Plaintiff John Freshwater failed to exhaust the contractual remedies contained in a collective bargaining agreement between Defendant Board and the Mount Vernon Education Association.

## FORTY-SECOND DEFENSE

259.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants used reasonable or ordinary care at all relevant times.

## FORTY-THIRD DEFENSE

260.  The doctrine of assumption of the risk bars Plaintiffs' claims or restricts Plaintiffs' right to monetary recovery.

## FORTY-FOURTH DEFENSE

261.  The doctrine of contributory negligence bars Plaintiffs' claims or restricts Plaintiffs' right to monetary recovery.

## FORTY-FIFTH DEFENSE

262.  The doctrine of comparative negligence bars Plaintiffs' claims or restricts Plaintiffs' right to monetary recovery.

## FORTY-SIXTH DEFENSE

263.  The doctrine of consent bars Plaintiffs' claims or restricts Plaintiffs' right to monetary recovery.

## FORTY-SEVENTH DEFENSE

264.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendant Board complied with its statutory obligation to produce public records.

## FORTY-EIGHTH DEFENSE

265.  Plaintiffs' claims are barred or right to monetary recovery is restricted, in whole or in part, as Defendants disclosed information of legitimate governmental interest.

## FORTY-NINTH DEFENSE

266.   Plaintiffs are not entitled to attorneys' fees and costs and all such relief must be denied.

## FIFTIETH DEFENSE

267.  Plaintiffs are not entitled to the requested declaratory relief.

## FIFTY-FIRST DEFENSE

268.  Plaintiffs' claims for punitive damages must be denied as a matter of law and equity.

## FIFTY-SECOND DEFENSE

269.  No legal basis exists to award punitive damages against the Mount Vernon City School District Board of Education.

## FIFTY-THIRD DEFENSE

270.  Defendants assert the immunities and defenses contained in Ohio Revised Code Chapter 2744.

## FIFTY-FOURTH DEFENSE

271.  Plaintiffs' claims are frivolous and known to Plaintiff to be without foundation in law or in fact.  Furthermore, this suit is being pursued in bad faith and for vexatious reasons for the purpose of harassing Defendants.  Accordingly, Defendants are entitled to attorneys' fees and other appropriate costs and expenses incurred in defending this action.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a jury trial.

Respectfully Submitted,

*/s/ David K. Smith*
David K. Smith (0016208)
Krista Keim (0067144)
Sarah J. Moore (0065381)
BRITTON, SMITH, PETERS
   & KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131
Telephone:  (216) 503-5055
Facsimile:  (216) 503-5065
Email: dsmith@ohioedlaw.com
      kkeim@ohioedlaw.com
      sjmoore@ohioedlaw.com

*Attorneys for Defendant Mount Vernon City*
*School District Board of Education*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 10th day of August, 2009, a copy of the foregoing *Answer of Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Stephen Short, and William White to Plaintiffs' First Amended Complaint* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David K. Smith*_____

*Attorneys for Defendant Mount Vernon*
*City School District Board of Education*
