97360-118778
LCG:tag

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN D. FRESHWATER, et al.** | ) | **CASE NO: 2:09CV464** |
| | ) | |
| **Plaintiffs** | ) | **JUDGE GREGORY L. FROST** |
| | ) | |
| **v.** | ) | **Magistrate Norah McCann King** |
| | ) | |
| **MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al.** | ) ) ) | **ANSWER OF DEFENDANTS H.R. ON CALL, INC., JULIA F. HERLEVI, AND THOMAS J. HERLEVI TO** |
| | ) | **PLAINTIFFS' FIRST AMENDED** |
| **Defendants** | ) | **COMPLAINT** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

Now come Defendants H.R. On Call, Inc., Julia F. Herlevi, and Thomas J. Herlevi, and for their answer to Plaintiffs' first amended complaint, state as follows:

## INTRODUCTION

In response to the introductory paragraph of Plaintiffs' first amended complaint, Defendants deny, individually and collectively, each and every allegation contained therein. Specifically, Defendants deny they deprived Plaintiffs of rights secured and provided by The United States Constitution. Further, Defendants deny that they discriminated, harassed, or attempted to terminate Plaintiff John Freshwater for keeping a personal bible on his desk, or made any other false or injurious allegations in an attempt to discredit Plaintiffs. Defendant H.R. On Call, Inc. was retained to investigate complaints made against John Freshwater, and on that limited basis provided investigative findings to counsel for the Mt. Vernon City Schools. Thomas J. Herlevi and Julia F. Herlevi, as owners of H.R. On Call, Inc., were the individuals that provided the investigative services on behalf of Defendant H.R. On Call, Inc.

**JURISDICTION AND VENUE**

1.  The allegations of paragraph 1 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

2.  The allegations of paragraph 2 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

3.  The allegations of paragraph 3 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

**PARTIES**

4.  It is admitted that John Freshwater has been employed by the Mt. Vernon City School District Board of Education for approximately twenty (20) years and worked as an eighth (8th) grade school teacher.  All remaining allegations of paragraph 4 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

5.  The allegations of paragraph 5 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

6.  The allegations of paragraph 6 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

7.  The allegations of paragraph 7 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

8.  The allegations of paragraph 8 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

9.  It is admitted that Steve Short served as the Superintendent for the Mt. Vernon City Schools.  All remaining allegations of paragraph 9 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

10. It is admitted that Lynda Weston served as the Director of Teaching and Learning for Mt. Vernon City Schools. All remaining allegations of paragraph 10 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

11. It is admitted that William White served as Principal of the Mt. Vernon City Schools. All remaining allegations of paragraph 11 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

12. It is admitted that David Millstone served as legal counsel for Mt. Vernon City Schools. All remaining allegations of paragraph 12 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

13. It is admitted that H.R. On Call, Inc. is a corporation duly organized under the laws of Ohio and engaged by Attorney Millstone to conduct an independent investigation of a complaint filed against John Freshwater, a teacher at the Mt. Vernon City Schools. All remaining allegations of paragraph 13 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

14. It is admitted that Thomas J. Herlevi is an owner of H.R. On Call, Inc. and conducted interviews and investigated the complaint against John Freshwater at the request of legal counsel for the Mt. Vernon City Schools. All remaining allegations of paragraph 14 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

15. It is admitted that Julia F. Herlevi is an owner of H.R. On Call, Inc. and conducted interviews and investigated the complaint against John Freshwater at the request of legal counsel for the Mt. Vernon City Schools. All remaining allegations of paragraph 15 of the first amended

complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

16.  The allegations of paragraph 16 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

## STATEMENT OF FACTS

17.  The allegations of paragraph 17 of the first amended complaint are denied.

18.  The allegations of paragraph 18 of the first amended complaint are denied.

19.  The allegations of paragraph 19 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

20.  The allegations of paragraph 20 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

21.  The allegations of paragraph 21 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

22.  The allegations of paragraph 22 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

23.  The allegations of paragraph 23 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

24.  The allegations of paragraph 24 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

25.  The allegations of paragraph 25 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

26.  The allegations of paragraph 26 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

27.  The allegations of paragraph 27 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

28.  It is admitted that H.R. On Call, Inc. is a corporation duly organized under the laws of Ohio and engaged by Attorney Millstone to conduct an independent investigation of a complaint filed against John Freshwater, a teacher at the Mt. Vernon City Schools.  All remaining allegations of paragraph 28 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

29.  It is admitted that H.R. On Call, Inc. provided a report of its investigation to legal counsel for Mt. Vernon City Schools.  All remaining allegations of paragraph 29 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

30.  It is admitted that H.R. On Call, Inc. conducted an independent investigation of a complaint against John Freshwater.  Thomas J. Herlevi and Julia F. Herlevi are the owners of H.R. On Call, Inc. and the individuals that participated in the investigation.  All remaining allegations of paragraph 30 of the first amended complaint are denied.

31.  The allegations of paragraph 31 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

32.  The allegations of paragraph 32 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

33.  The allegations of paragraph 33 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

34.  It is admitted that H.R. On Call, Inc. provided David Millstone with its investigation report, which was clarified in draft form before final submission.  All remaining allegations of paragraph 34 of the first amended complaint are denied.

35.  It is admitted that Article 402 of the Master Contract states in part that ". . . the investigation will interview all witnesses each party identifies and, if possible, obtain a written statement from each witness interviewed."  All remaining allegations of paragraph 35 of the first amended complaint are denied.

36.  The allegations of paragraph 36 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

37.  It is admitted that a follow-up interview of John Freshwater was cancelled.  All remaining allegations of paragraph 37 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

38.  The allegations of paragraph 38 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

39.  The allegations of paragraph 39 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

40.  It is admitted that in 2003, John Freshwater unsuccessfully petitioned the Mt. Vernon City School Board regarding the teaching of Evolution in the classroom.  All remaining allegations of paragraph 40 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

41.  The allegations of paragraph 41 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

42.  The allegations of paragraph 42 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

43.  The allegations of paragraph 43 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

44.  The allegations of paragraph 44 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

45.  The allegations of paragraph 45 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

46.  The allegations of paragraph 46 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

47.  The allegations of paragraph 47 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

48.  The allegations of paragraph 48 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

49.  It is admitted that a complaint was filed against John Freshwater in 2006 regarding the content of a paper distributed to students.  It is admitted that the Superintendent issued a letter to John Freshwater dated June 8, 2006, regarding the handout paper.  All remaining allegations of paragraph 49 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

50.  The allegations of paragraph 50 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

51.  The allegations of paragraph 51 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

52.  The allegations of paragraph 52 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

53.  The allegations of paragraph 53 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

54.   The allegations of paragraph 54 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

55.   The allegations of paragraph 55 of the first amended complaint are denied.

56.   The allegations of paragraph 56 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

57.   The allegations of paragraph 57 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

58.   The allegations of paragraph 58 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

59.   The allegations of paragraph 59 of the first amended complaint are denied.

60.   The allegations of paragraph 60 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

61.   The allegations of paragraph 61 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

62.   The allegations of paragraph 62 of the first amended complaint are denied.

63.   The allegations of paragraph 63 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

64.   The allegations of paragraph 64 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

65.   The allegations of paragraph 65 of the first amended complaint are denied.

66.   The allegations of paragraph 66 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

67.   The allegations of paragraph 67 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

68. The allegations of paragraph 68 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

69. It is admitted that John Freshwater advised that he had his bible on his desk for twenty-one (21) years and that "It's me. It's my inspiration. It's how I get through the day." All remaining allegations of paragraph 69 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

70. The allegations of paragraph 70 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

71. The allegations of paragraph 71 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

72. The allegations of paragraph 72 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

73. It is admitted that Bill White had conversations with John Freshwater regarding removal of religious items from his classroom on April 11, 2008. All remaining allegations of paragraph 73 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

74. It is admitted that Bill White conducted a walk through of John Freshwater's classroom on April 16, 2008. The bible was on Mr. Freshwater's desk. A Colin Powell poster with a bible scripture was on the wall. All remaining allegations of paragraph 74 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

75. The allegations of paragraph 75 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

76.  It is admitted that Bill White issued a letter to John Freshwater dated April 14, 2008, regarding removal of religious items from the classroom.  All remaining allegations of paragraph 76 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

77.  The allegations of paragraph 77 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

78.  The allegations of paragraph 78 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

79.  The allegations of paragraph 79 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

80.  The allegations of paragraph 80 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

81.  The allegations of paragraph 81 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

82.  The allegations of paragraph 82 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

83.  The allegations of paragraph 83 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

84.  The allegations of paragraph 84 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

85.  The allegations of paragraph 85 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

86.  The allegations of paragraph 86 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

87.  The allegations of paragraph 87 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

88.  It is admitted that John Freshwater was a monitor for the 8th grade Fellowship of Christian Athletes during the 2007-2008 school year.  All remaining allegations of paragraph 88 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

89.  The allegations of paragraph 89 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

90.  The allegations of paragraph 90 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

91.  The report of H.R. On Call, Inc. sets forth on page 2 the identity of all persons interviewed as part of the investigation process.  It is admitted that H.R. On Call, Inc. did not interview Fellowship of Christian Athletes speakers, or all students that attended Fellowship of Christian Athletes meetings.  All remaining allegations of paragraph 91 of the first amended complaint are denied.

92.  The allegations of paragraph 92 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

93.  The allegations of paragraph 93 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

94.  The allegations of paragraph 94 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

95.  It is admitted that John Freshwater said the school bible was there to make a statement. It is denied that H.R. On Call, Inc. and/or the Herlevis mischaracterized or incorrectly quoted John Freshwater from his interview.  All remaining allegations of paragraph 95 of the first amended

complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

96. Defendants admit to the plain meaning of the language in the H.R. On Call, Inc. report, which must be considered in its full context. The statement made by John Freshwater is a fact and stands on its own. All remaining allegations of paragraph 96 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

97. The audio recording of the May 15, 2008 interview speaks for itself as to exact words from the interview. All remaining allegations of paragraph 97 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

98. The allegations of paragraph 98 of the first amended complaint are denied.

99. The allegations of paragraph 99 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

100. The allegations of paragraph 100 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

101. It is admitted that on December 7, 2007, parents complained to the Mt. Vernon Schools of a cross burned on their child's arm and did not report the incident to public children's services or local law enforcement at that time. All remaining allegations of paragraph 101 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

102. The allegations of paragraph 102 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

103.  The allegations of paragraph 103 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

104.  The allegations of paragraph 104 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

105.  The allegations of paragraph 105 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

106.  The allegations of paragraph 106 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

107.  The allegations of paragraph 107 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

108.  The allegations of paragraph 108 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

109.  The allegations of paragraph 109 of the first amended complaint are denied.

110.  Thomas J. Herlevi admits using the Tesla Coil on himself.  All allegations relating to Defendant Watson are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.  All remaining allegations of paragraph 110 of the first amended complaint are denied.

111.  It is admitted that on January 22, 2008, Bill White issued a letter to John Freshwater, which speaks for itself as to the words and language contained therein.  All remaining allegations of paragraph 111 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

112.  The allegations of paragraph 112 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

113. The allegations of paragraph 113 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

114. It is admitted that the H.R. On Call, Inc. report speaks for itself. All remaining allegations of paragraph 114 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

115. The allegations of paragraph 115 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

## COUNT 1

116. Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 115 of this answer.

117. The allegations of paragraph 117 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

118. The allegations of paragraph 118 of the first amended complaint are denied.

119. The allegations of paragraph 119 of the first amended complaint are denied.

120. The allegations of paragraph 120 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

121. The allegations of paragraph 121 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

122. The allegations of paragraph 122 of the first amended complaint are denied.

## COUNT 2

123. Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 122 of this answer.

124. The allegations of paragraph 124 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

125.  The allegations of paragraph 125 of the first amended complaint are denied.

126.  The allegations of paragraph 126 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

127.  The allegations of paragraph 127 of the first amended complaint are denied.

## COUNT 3

128.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 127 of this answer.

129.  The allegations of paragraph 129 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

130.  The allegations of paragraph 130 of the first amended complaint are denied.

131.  The allegations of paragraph 131 of the first amended complaint are denied.

132.  The allegations of paragraph 132 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

133.  The allegations of paragraph 133 of the first amended complaint are denied.

## COUNT 4

134.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 133 of this answer.

135.  The allegations of paragraph 135 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

136.  The allegations of paragraph 136 of the first amended complaint are denied.

137.  The allegations of paragraph 137 of the first amended complaint are denied.

138.  The allegations of paragraph 138 of the first amended complaint are denied.

139.  The allegations of paragraph 139 of the first amended complaint are denied.

140.  The allegations of paragraph 140 of the first amended complaint are denied.

141.  The allegations of paragraph 141 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

142.  The allegations of paragraph 142 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

143.  The allegations of paragraph 143 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

144.  The allegations of paragraph 144 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

145.  The allegations of paragraph 145 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

146.  The allegations of paragraph 146 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

147.  The allegations of paragraph 147 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

148.  The allegations of paragraph 148 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

149.  The allegations of paragraph 149 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

## **COUNT 5**

150.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 149 of this answer.

151.  The allegations of paragraph 151 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

152.  The allegations of paragraph 152 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

153.  The allegations of paragraph 153 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

154.  The allegations of paragraph 154 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

155.  It is admitted that John Freshwater spoke to the public on the town square in Mt. Vernon, Ohio in April, 2008.  All remaining allegations of paragraph 155 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

156.  The allegations of paragraph 156 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

157.  The allegations of paragraph 157 of the first amended complaint are denied.

158.  The allegations of paragraph 158 of the first amended complaint are denied.

159.  The allegations of paragraph 159 of the first amended complaint are denied.

160.  The allegations of paragraph 160 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

**COUNT 6**

161.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 160 of this answer.

162.  The allegations of paragraph 162 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

163.  The allegations of paragraph 163 of the first amended complaint are denied.

164.  The allegations of paragraph 164 of the first amended complaint are denied.

165.  The allegations of paragraph 165 of the first amended complaint are denied.

166.  The allegations of paragraph 166 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

167.  The allegations of paragraph 167 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

168.  The allegations of paragraph 168 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

**COUNT 7**

169.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 168 of this answer.

170.  The allegations of paragraph 170 of the first amended complaint are denied.

171.  The allegations of paragraph 171 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

**COUNT 8**

172.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 171 of this answer.

173.  The allegations of paragraph 173 of the first amended complaint are denied.

174.  The allegations of paragraph 174 of the first amended complaint are denied.

175.  The allegations of paragraph 175 of the first amended complaint are denied.

**COUNT 9**

176.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 175 of this answer.

177.  The allegations of paragraph 177 of the first amended complaint are denied.

178.  The allegations of paragraph 178 of the first amended complaint are denied.

## **COUNT 10**

179.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 178 of this answer.

180.  The allegations of paragraph 180 of the first amended complaint are denied.

181.  The allegations of paragraph 181 of the first amended complaint are denied.

## **COUNT 11**

182.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 181 of this answer.

183.  The allegations of paragraph 183 of the first amended complaint are denied.

184.  The allegations of paragraph 184 of the first amended complaint are denied.

185.  The allegations of paragraph 185 of the first amended complaint are denied.

186.  The allegations of paragraph 186 of the first amended complaint are denied.

187.  The allegations of paragraph 187 of the first amended complaint are denied.

188.  The allegations of paragraph 188 of the first amended complaint are denied.

189.  The allegations of paragraph 189 of the first amended complaint are denied.

190.  The allegations of paragraph 190 of the first amended complaint are denied.

191.  The allegations of paragraph 191 of the first amended complaint are denied.

## **COUNT 12**

192.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 191 of this answer.

193.  The allegations of paragraph 193 of the first amended complaint are denied.

194.  The allegations of paragraph 194 of the first amended complaint are denied.

## COUNT 13

195.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 194 of this answer.

196.  The allegations of paragraph 196 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

197.  The allegations of paragraph 197 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

198.  The allegations of paragraph 198 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

199.  The allegations of paragraph 199 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

200.  The allegations of paragraph 200 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

## COUNT 14

201.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 200 this answer.

202.  The allegations of paragraph 202 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

203.  The allegations of paragraph 203 of the first amended complaint are denied.

## COUNT 15

204.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 203 this answer.

205.  The allegations of paragraph 205 of the first amended complaint are denied.

## COUNT 16

206.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 205 this answer.

207.  The allegations of paragraph 207 of the first amended complaint are denied.

## COUNT 17

208.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 207 this answer.

209.  The allegations of paragraph 209 of the first amended complaint are denied.

210.  The allegations of paragraph 210 of the first amended complaint are denied.

211.  The allegations of paragraph 211 of the first amended complaint are denied.

212.  The allegations of paragraph 212 of the first amended complaint are denied.

## COUNT 18

213.  Defendants reincorporate and reallege, as if fully rewritten herein, each and every admission, denial, and other statement set forth in paragraphs 1 through 212 this answer.

214.  The allegations of paragraph 214 of the first amended complaint are denied for want of knowledge or information sufficient to form a belief as to the truth of their validity.

215.  The allegations of paragraph 215 of the first amended complaint are denied.

216.  The allegations of paragraph 216 of the first amended complaint are denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  The damages alleged by the Plaintiffs were the proximate result of the sole negligence of the Plaintiffs.

3.  If for any reason these Defendants are found to be negligent, which is expressly denied, then and in that event, Defendants state affirmatively that Plaintiffs were negligent by virtue of which the terms and conditions of the comparative negligence doctrine as enacted in Ohio are applicable hereto.

4.  Plaintiffs failed to mitigate any alleged damages.

5.  Plaintiffs' claims herein are barred under the doctrine of express, primary, and implied assumption of the risk.

6.  Plaintiffs are barred from recovery by virtue of the doctrines of waiver and estoppel.

7.  The damages of which the Plaintiffs complain were the direct result of causes, instrumentalities, and agencies over which these Defendants had no control or jurisdiction.

8.  The injuries and damages alleged by Plaintiffs were the direct and proximate result of an intervening party over whom these Defendants had no control or right to control.

9.  Plaintiffs have failed to add parties needed for a just adjudication and in whose absence complete relief cannot be accorded among the parties, including those with subrogated interests.

10.  The demand for punitive damages is made in bad faith in violation of Rule 11 and Ohio Revised Code §2323.51.

11.  At no time of which the Plaintiffs complain were these answering parties guilty of any acts and/or omissions which, considered separately or cumulatively, would serve as a proper predicate for the imposition of punitive damages against these answering parties.

12.  Plaintiffs have failed to timely file this action in accordance with the applicable statute of limitation.

13.  The injuries and damages alleged by Plaintiffs were the direct and proximate result of superseding causes over which these Defendants had no control or jurisdiction.

22

14.  Plaintiffs' alleged damages are not the direct and proximate result of any negligence of these Defendants, but are attributable to independent and intervening acts of a third party over which these Defendants had no control and no right to control.

15.  Defendants were acting for a disclosed principal and, therefore, no liability exists for said agent.

16.  Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

17.  These answering Defendants are immune from suit with respect to some or all of Plaintiffs' causes of action.

18.  The doctrine of qualified immunity bars Plaintiffs' claims, in whole or in part, or restricts Plaintiffs' right to monetary relief.

19.  Plaintiffs have failed to exhaust administrative remedies, which bars or restricts Plaintiffs' claims.

20.  The doctrine of *res judicata* bars Plaintiffs' claims, in whole or in part, or restricts Plaintiffs' right to monetary recovery.

21.  Plaintiffs lack standing in bringing this action.

22.  Plaintiffs' claims are not ripe for adjudication.

23.  Defendants acted reasonably, in good faith, and with jurisdiction, without intent to contravene any rights, statutory, administrative, constitutional, or otherwise.

24.  The individual Defendants, Thomas J. Herlevi and Julia F. Herlevi, were at all times acting and serving within the corporate capacity of H.R. On Call, Inc., thus no personal liability exists.

25.  Plaintiffs' first amended complaint fails as any statements made by Defendants were true, thus barring any defamation claim.

26.  The alleged defamatory statements do not constitute an actionable publication.

27.  At no time pertinent did Defendants act with malice, express or implied.

28.  Any allegedly defamatory statements constitute absolute or qualifiedly privileged communications involving public officials made within the scope of official duties.

29.  Any allegedly defamatory statements are absolutely or qualifiedly privileged as such statements were provided in an administrative hearing.

30.  At all times pertinent, Plaintiff John Freshwater consented and in fact requested a public hearing, thus barring any claims for defamation.

31.  At all times pertinent, Defendants acted in good faith with a reasonable and honest belief in the truth, and within the confines and scope of the requested investigation.

32.  Any allegedly defamatory statements are qualifiedly privileged, as made in the course and scope of a public school teacher investigation.

33.  Any allegedly defamatory statements condition qualifiedly privileged statements made in the course of an employer-employee relationship and at the direction of counsel for the employer.

34.  The doctrine of consent serves to bar Plaintiffs' first amended complaint.

35.  Any and all actions and statements of Defendants were disclosed as information for a legitimate government interest.

36.  To the extent that Revised Code §2744 applies, it serves to bar the claims of Plaintiffs.

37.  Defendants in no way were involved in depriving Plaintiffs of any federally or constitutionally protected rights.

38.  Any statements or opinion made by Defendants are not defamatory as a matter of law.

39.  Any statements made by Defendants are protected by the First Amendment to the United States Constitution and by the Ohio Constitution.

24

40.  To the extent set off, accord and satisfaction, acquiescence, compromise and settlement are applicable, any claims are barred or diminished thereby.

41.  Plaintiff John Freshwater's status as a public figure or limited purpose public figure serves to bar this action, and/or require that clear and convincing evidence be shown by Plaintiffs to establish any cause of action.

42.  Defendants at no time entered into any agreement or concerted action to commit an illegal act or effectuate a deprivation of Plaintiffs' constitutional protected rights.

43.  Plaintiffs fail to plead with the required specificity any claim for civil conspiracy.

44.  Any actions of Defendants were performed at the request of legal counsel for Mt. Vernon Schools, and any statements made or reported were directly to legal counsel, or at a required public hearing requested by Plaintiff John Freshwater.

45.  Defendants were not "state actors," not employers, nor in privity of contract with Plaintiffs, and made no statements or took any actions outside the investigation requested by legal counsel for the Mt. Vernon Schools.

46.  Defendants further reserve the right to later assert affirmative defenses that become apparent by further discovery.

WHEREFORE, having fully answered the complaint, Defendants H.R. On Call, Inc., Julia F. Herlevi, and Thomas J. Herlevi pray that this Court:  (a) dismiss Plaintiffs' first amended complaint with prejudice; (b) enter judgment in favor of Defendants H.R. On Call, Inc., Julia F. Herlevi, and Thomas J. Herlevi ; (c) award Defendants H.R. On Call, Inc., Julia F. Herlevi, and Thomas J. Herlevi  their costs and attorney fees; and (d) award all such other relief as this Court deems just and equitable.

Respectfully submitted,

s/ Larry C. Greathouse
**LARRY C. GREATHOUSE (0008513)**
**LEAH H. HOHENBERGER (0075640)**
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
E-Mail:   lgreathouse@gallaghersharp.com
              lhohenberger@gallaghersharp.com
**Attorneys for Defendants,**
**H.R. On Call, Inc., Julia F. Herlevi, and**
**Thomas J. Herlevi**

## JURY DEMAND

A trial by the maximum number of jurors permitted by law is hereby demanded.

s/Larry C. Greathouse
**LARRY C. GREATHOUSE (0008513)**
**LEAH M. HOHENBERGER (0075640)**
**Attorneys for Defendants,**
**H.R. On Call, Inc., Julia F. Herlevi, and**
**Thomas J. Herlevi**

## SERVICE

I hereby certify that on September 8, 2009, the Answer of Defendants H.R. On Call, Inc.,

Julia F. Herlevi, and Thomas J. Herlevi to Plaintiffs' First Amended Complaint was filed

electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

s/ Larry C. Greathouse
**LARRY C. GREATHOUSE (0008513)**
**LEAH H. HOHENBERGER (0075640)**
**Attorneys for Defendants,**
**H.R. On Call, Inc., Julia F. Herlevi, and**
**Thomas J. Herlevi**

26