IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN D. FRESHWATER**, *et al.*,

    **Plaintiffs,**

  vs.                                          Civil Action 2:09-CV-464
                                                    Judge Frost
                                                    Magistrate Judge King

**MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION,**
*et al.*,

    **Defendants.**

### PRELIMINARY PRETRIAL ORDER

        A preliminary pretrial conference was held on September 16, 2009. All parties were represented.

        Plaintiff John Freshwater alleges that defendants discriminated against him, harassed him and attempted to terminate his employment because this plaintiff kept his personal Bible on his desk.  He asserts claims under 42 U.S.C. §1983 of denial of his First Amendment rights, denial of equal protection and due process, and claims of religious discrimination, and harassment and retaliation under Title VII, 42 U.S.C. §2000e-5, as well as state law claims under O.R.C. §4112.02, .99; the complaint also asserts state law claims of violation of public policy, civil conspiracy, defamation, breach of contract, "*res judicata,*" negligence, bad faith and invasion of privacy.  Plaintiff Nancy Freshwater asserts a loss of consortium claim.

        Defendant Weston has filed a motion to dismiss, Doc. No. 14, and defendant Millstone has filed a motion for sanctions, Doc. No. 26.

        There is a jury demand.

        The Court has subject matter jurisdiction under 28 U.S.C. §1343 and supplemental jurisdiction under 28 U.S.C. §1367.  The Court has personal jurisdiction over the parties and venue is proper.

        The parties will make their Rule 26(a)(1) disclosures by the earlier of the resolution of the pending motions, Doc. Nos. 14, 26, or December 1, 2009.

Motions addressing the parties or pleadings may be filed, if at all, by December 21, 2009.

Disclosures relating to primary experts must be made by July 9, 2010. Responsive disclosures must be made by September 30, 2010. If the expert is specially retained, the disclosures must conform to F.R. Civ. P. 26(a)(2), unless otherwise agreed to by the parties or ordered by the Court. If the expert is not specially retained, the party must provide (1) the identity of the expert, (2) an articulation of the substance of the testimony expected to be provided by the expert and (3) the bases of any opinion expected to be offered by the expert.

All discovery must be completed by October 31, 2010. The parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date.

Motions for summary judgment may be filed no later than November 30, 2010.

This case will be available for final pretrial conference in March 2011, or as soon thereafter as the Court's calendar permits.

This case will be referred to the June 2010 Settlement Week.

If any date set herein falls on a weekend or legal holiday, the date of the next business day will control.

Counsel for the school board defendants will circulate to counsel and submit to the Court a proposed order addressing the confidentiality of student information under federal and state law.

No later than September 30, 2009, and quarterly thereafter, plaintiffs will provide to defendants a statement of attorney's fees incurred to date.

September 16, 2009            _s/Norah McCann King_
                              Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge