UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FRESHWATER, *et al.* | ) | CASE NO. 2:09 cv 464 |
| | ) | |
| Plaintiffs, | ) | JUDGE FROST |
| | ) | MAGISTRATE JUDGE KING |
| v. | ) | |
| | ) | **DEFENDANTS MOUNT VERNON CITY** |
| MOUNT VERNON CITY SCHOOL | ) | **SCHOOL DISTRICT BOARD OF** |
| DISTRICT BOARD OF EDUCATION, *et* | ) | **EDUCATION'S MOTION TO SEAL** |
| *al.,* | ) | **DOCUMENTS 37 AND 37-1 THROUGH** |
| | ) | **37-9 PENDING IN-CAMERA** |
| Defendants. | ) | **INSPECTION BY THIS COURT** |
| | ) | |
| | ) | |

Pursuant to Local Rule 79.3, Defendant Mount Vernon City School District moves this Court for immediate protection and an order to seal documents provided by Plaintiffs to the Court in their September 23, 2009 *Response in Opposition to Motion for Sanctions and Fees Pursuant to Federal Rule of Civil Procedure 11* until this Court can conduct an *in camera* inspection to determine whether a legal basis exists for including the documents in the record. A memorandum in support is attached.

        Respectfully Submitted,


        */s/ Sarah J. Moore*
        David K. Smith (0016208)
        Krista Keim (0067144)
        Sarah J. Moore (0065381)
        BRITTON, SMITH, PETERS
          & KALAIL CO., L.P.A.
        3 Summit Park Drive, Suite 400
        Cleveland, Ohio 44131
        Telephone:  (216) 503-5055
        Facsimile:  (216) 503-5065
        Email: dsmith@ohioedlaw.com
              kkeim@ohioedlaw.com
              sjmoore@ohioedlaw.com

        *Attorneys for Defendants Mount Vernon City*
        *School District Board of Education, Ian Watson,*
        *Jody Goetzman, Stephen Short and William White*

**MEMORANDUM IN SUPPORT**

I.    Introduction

On September 23, 2009, Plaintiffs filed their *Response in Opposition to Motion for Sanctions and Fees Pursuant to Federal Rule of Civil Procedure 11*. The response and several of its Exhibits and Affidavits reference conduct or statements allegedly made in compromise negotiations between Plaintiff and Defendant Mount Vernon City School District Board of Education ("Defendant Board"). Pursuant to Federal Rule of Evidence 408, use of the materials in regard to compromise negotiations is prohibited and no legal basis exists for inclusion of these items in the record. Defendant Board requests the Court immediately seal the motion and its attachments so that it may conduct an *in camera* inspection to determine whether a legal basis exists for their inclusion in the record, and, whether portions of the motion and/or exhibits should be redacted.[1]

II.    Legal Analysis

---

[1] It is noteworthy Plaintiff's legal counsel appears to have surreptitiously recorded Fed. R. of Evidence 408 conversation. (Doc. 37-3 stating "[w]hen Attorney Moore and I had the above exchange of conversation the duration of the discussion was for ninety-seven (97) seconds.") Such surreptitious tape recording and attempts to utilize alleged settlement discussions outside of their full context is inappropriate and violates the basis code of civility between attorneys embodied in this Court's *Introductory Statement on Civility* within the Local Rules of Court. Mr. Hamilton's surreptitious tape recording also runs afoul of Ohio Rules of Professional Conduct 8.4(c) as demonstrated by Ohio Supreme Court Opinion 97-3 under former Ohio Code of Professional Responsibility DR 1-102. *A copy of Ohio Supreme Court Opinion 97-3 is attached as Exhibit 1.* Opinion 97-3 states, in pertinent part: "The fact that an attorney wants to hide the recording from the other person suggests a purpose for the recording that is not straightforward. Recordings made with the consent of all parties to the communication are consistent with the ideals of honesty and fair play, whereas recordings made by clandestine or stealthy means suggest otherwise."

    The effect Plaintiffs' legal counsel has caused is further complicated by the fact Defendant Board's legal counsel cannot counter the allegations as to statements and conduct and cannot provide context to them without running afoul of her obligations under this Court's rules especially given they are irrelevant to this Court's inquiry as to whether Plaintiffs stated a viable

Under Local Rule 79.3, the Court may seal documents covered by a protective or other order requiring they be sealed.

Federal Rule of Evidence 408 restricts the use of conduct and statements allegedly made in the course of compromise negotiations. Courts recognize the inherent notions of public policy and fundamental fairness embodied in Fed. R. 408. In *Cornell Research Foundation Inc. v. Hewlett-Packard*, 2007-WL-4349135 (N.D.N.Y. January 31, 2007, the court stated:

> Bottomed upon notions of public policy and fundamental fairness, Rule 408, which traces its roots to the common law, enshrouds settlement discussions conducted in the context of actual or threatened litigation with a privilege, precluding their admission into evidence for purposes of proving either liability or the value of the claim sought to be compromised, and in that way serves to foster candor and promote resolution of disputed claims. *Commodity Futures Trading Comm'n v. Rosenberg,* 85 F.Supp.2d 424, 433-34 (D.N.J.2000); *see also* 2-408 Jay Weinstein & M. Berger, *Weinstein's Federal Evidence* § 408.02 ("[Rule 408] is based on the policy of promoting the compromise and settlement of disputes.") (citing cases); 23 Wright & Graham, *supra,* § 5302. In order to fully effectuate its intended purposes, Rule 408 applies not only in cases involving the parties to the settlement negotiations, but additionally in other settings involving different parties where the settlement is offered against one of the parties to the negotiations. *United States v. American Soc. of Composers, Authors & Publishers,* Civ. No. 13-95, 1989 WL 222654, at *8 (S.D.N.Y. Oct. 12, 1989), *aff'd,* 912 F.2d 563, 580 (2d Cir.1990).

The ultimate public policy served by retaining the privilege of alleged conduct or statements made in regard to compromise negotiations and fundamental fairness at the root of the Fed. R. of Evidence 408 must be preserved and is sacrosanct in litigation. Absent the protective penumbra of Fed. R. of Evidence 408, litigants would be completely chilled from engaging in settlement discussions.

Some courts have recognized settlement letters may be used to establish an independent violation unrelated to the underlying claim which was the subject of the correspondence. *See e.g.*

---

claim against Defendant Millstone.

*Charney v. American University,* 151 F.3d 1090 (C.A.D.C. 1998) (settlement letter admissible to demonstrate wrong outside of underlying claim); *Eisenberg v. University of N.M.,* 936 F.2d 1131, 1134 (10th Cir.1991) (affidavit obtained in settlement negotiations admissible to impose Rule 11 liability); *Urico v. Parnell Oil Co.,* 708 F.2d 852, 854-55 (1st Cir.1983) (evidence of settlement negotiations admissible to show interference with efforts to mitigate damages); *Resolution Trust Corp. v. Blasdell,* 154 F.R.D. 675, 681 (D.Ariz.1993) (evidence of settlement negotiations admissible to prove retaliatory motive). These cases are limited in nature, involve alleged wrongdoing outside the underlying claim, and are factually distinguishable.

In their oppositional brief, Plaintiffs included argument as to alleged conduct and statements made in the course of pre-litigation mediation efforts between Plaintiff John Freshwater and Defendant Board. Plaintiffs also attached numerous exhibits in regard to the mediation, including a settlement demand (Exhibit 4), Plaintiff John Freshwater's confidential mediation statement to the mediator (Exhibit 9), settlement letters from Plaintiff's attorney to Defendant Board's attorney (Exhibits 4, 6, 7 and 8), and affidavits in regard to alleged conduct and statements made by Defendant Board's attorney in the course of compromise discussions (Exhibits 3 and 5). Plaintiffs provided no legal argument in regard to the admissibility of these items to the Court nor did they file the documents under Local Rule 79.3 for *in camera* inspection in regard to their admissibility. Instead, Plaintiffs unilaterally included these items in the record assuming their admissibility and placing privileged matters in the public eye.

To ensure the spirit and intent of Fed. R. of Evidence are preserved, Defendant Board requests the Court immediately grant this motion to seal Plaintiffs' oppositional brief (Doc. 37) and its exhibits (Doc. 37-1 through 37-9) pending an *in camera* inspection by the Court as to

their admissibility. This motion is made for purposes of judicial economy, in the interest of justice and fairness, and is not interposed for purposes of undue delay.

> */s/ Sarah J. Moore*
> David K. Smith (0016208)
> Krista Keim (0067144)
> Sarah J. Moore (0065381)
> BRITTON, SMITH, PETERS
>     & KALAIL CO., L.P.A.
> 3 Summit Park Drive, Suite 400
> Cleveland, Ohio 44131
> Telephone:  (216) 503-5055
> Facsimile:  (216) 503-5065
> Email: dsmith@ohioedlaw.com
>         kkeim@ohioedlaw.com
>         sjmoore@ohioedlaw.com
>
> *Attorneys for Defendants Mount Vernon City*
> *School District Board of Education, Ian Watson,*
> *Jody Goetzman, Stephen Short and William White*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September, 2009, a copy of the foregoing *Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Stephen Short, and William White to Plaintiffs' Motion to Seal Documents 37 and 37-1 through 37-9 Pending In-Camera Inspection by This Court* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Sarah J. Moore*
*Attorneys for Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Stephen Short and William White*