IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN D. FRESHWATER                                      Case No. 2:09cv464

    Plaintiff                                                   Judge: FROST

    vs.

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION, et al.

    Defendants.

### PLAINTIFFS' FRESHWATER'S MEMORANDUM CONTRA TO DEFENDANT MOUNT VERNON CITY SCHOOL DISTRICT BOARD OF EDUCATION'S MOTION TO SEAL

    Now comes counsel for Plaintiffs' Freshwater with a memorandum contra to Defendant Mount Vernon City School District Board of Education's (BOE) motion to seal documents 37 and 37-1 through 37-9.  Counsel moves this Court to deny Defendant BOE's motion for the reasons more fully stated in the attached memorandum.

Respectfully submitted,

s/R. Kelly Hamilton_____
The Law Office of R. Kelly Hamilton (0066403)
**Office:**  4030 Broadway, Grove City, Ohio 43123
**Mail to**: P.O. Box 824, Grove City, Ohio 43123
Phone 614-875-4174  Fax     614-875-4188
Email:  hamiltonlaw@sbcglobal.net
Attorney for Plaintiffs Freshwater

### MEMORANDUM IN SUPPORT

**Preface**

    Federal Rule of Evidence 408 does not bar evidence when the evidence is offered for purposes such as proving a witness's bias or prejudice or negating a contention of undue delay. Fed. R. Evid. 408 bars statements made in settlement negotiations only under the circumstances

protected by the Rule. The text of the rule is clear: evidence from settlement negotiations may not be considered in court when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.

In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) the U.S. Supreme Court spoke clearly of the public's right to witness court proceedings as it held that the public and the press enjoy a First Amendment right to attend criminal trials. Based upon Richmond, subsequent courts have extended the right of access to court files and other court documents.

Herein, the undersigned will demonstrate that Defendant Millstone used a letter in his motion for sanctions (Doc. 26-2), which is now claimed by counsel for Defendant BOE to be an impermissible use pursuant to Fed. R. Evid. 408. Defendant BOE motions to seal (Doc. 38) Plaintiffs' Documents 37 and 37-1 through 37-9, despite the fact counsel for Defendant BOE provided the very letter to Millstone which formed the basis of Millstone's motion. When Defendant Millstone, aided by Defendant BOE's counsel, used the letter dated June 9, 2009 in his motion for sanctions and fees (Doc. 26), Millstone metaphorically, "opened-the-door" for Plaintiff's counsel to use similar contextual documents so that counsel for Plaintiffs' could defend against a contention of undue delay.

**I.    Legal Standard**

  **A.  Federal Rule of Evidence 408**

Fed. R. Evid. Rule 408 - *Compromise and Offers to Compromise* states:

> (a) Prohibited uses. Evidence of the following is not admissible on behalf
> of any party, when offered to prove liability for, invalidity of, or amount
> of a claim that was disputed as to validity or amount, or to impeach
> through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering
> or promising to accept--a valuable consideration in compromising or
> attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
> (b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

The *Notes of Advisory Committee on Rules to Fed. R. Evid. 408*, states:

> As a matter of general agreement, evidence of an offer-to compromise a claim <u>is not receivable in evidence as an admission</u> of, as the case may be, the validity or invalidity of the claim. (emphasis added)

Further, the *Notes of Advisory Committee on Rules to Fed. R. Evid. 408*, state:

> Since the rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the rule.

### B. <u>First Amendment</u>

The First Amendment to The United States Constitution, state:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

"An informed public is the most potent of all restraints upon misgovernment[.]" *Grosjean v. Am. Press Co.*, 297 U.S. 233, 250 (1936).

The First Amendment, through a free press, protects the people's right to know that their government acts fairly, lawfully, and accurately in deportation proceedings. *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002)

## II. <u>Analysis</u>

### A. <u>Fed. R. Evid. 408 Permits Evidence Presented to Negate a Contention of Undue Delay</u>

Defendant BOE asserts Plaintiff's Documents 37-1 through 37-9 should be sealed because the content of the documents contain context surrounding settlement discussions. Defendant BOE asserts Documents 37-1 through 37-9 are inadmissible because Fed. R. Evid. 408 bars such evidence. Defendant BOE's position is quite simply not an accurate proposition of the law.

An accurate statement of Fed. R. Evid. 408 are the words contained in the rule and the notes accompanying the rule which direct that evidence of an offer-to compromise a claim <u>is not receivable in evidence as an admission</u>. Plaintiff's motion as detailed in Document 37 was to provide context and was not offered to prove an admission. Defendant Millstone's motion for sanctions is premised upon a letter, dated June 9, 2009, authored by the undersigned and addressed to attorney Moore, which when stripped of the context and the history of its creation, violates the intended communication and interpretation. Fed. R. Evid. 408 provides statements made in settlement negotiations are only excludable under the circumstances protected by the Rule. Plaintiffs' motion (Doc. 37) and the attachments (Doc.'s 37-1 through 37-9) are permissible as the documents contend an allegation of undue delay.

Defendant Millstone's motion (Doc. 26) does not rely on the language of the letter dated June 9, 2009, to prove the validity or invalidity of Plaintiff's claims. Clearly, Defendant Millstone argues in the motion (Doc. 26) the invalidity of Plaintiff's claims are based upon an assertion Millstone is not a state actor. Defendant Millstone's use of the letter dated June 9, 2009, sent by the undersigned to attorney Moore is presented in Document 26 upon the basis that the undersigned's letter is evidence Millstone was named as a defendant to interpose an undue delay. Therefore, as Fed. R. Evid. 408 permits, the June 9, 2009, letter and the necessary attendant other documents are necessary to rebut the challenge which is that Plaintiff's action against Millstone was interposed for delay.

Defendant BOE cannot rely upon the proposition that the "policy" supporting Rule 408, requires any recognition of statements made during settlement will ruin the freedom of communication with respect to compromise.  Fed. R. Evid. 408 is one of limited applicability. Fed. R. Evid. 408 has a design and purpose <u>only</u> to ensure parties may make offers during negotiations without concern that the terms of the offer will be used to establish liability should negotiations fail.

Defendant Millstone's motion is the exact reason for Fed. R. Evid. 408's rule concerning permitted uses. The undersigned freely communicated with attorney Moore.  In fact, the communications were numerous and over a substantial period of time.  Defendant Millstone, aided by attorney Moore chose a strategy to focus upon selected language, removed from context, to support an erroneous contention accusing the undersigned of delay.  In fact, Defendant Millstone in conjunction with attorney Moore violated Fed. R. Evid. 408 by including the letter in Millstone's motion.  The undersigned had a choice:  move to strike the scandalous interpretation of the letter pursuant to Fed. R. Evid. 408; or accept entrance into the "door-opened" by Defendant Millstone and attorney Moore to illuminate the true background and framework by using the clarifying contextual documents otherwise protected by Fed. R. Evid. 408.

### B. First Amendment Consideration Requires the Motion to Seal Be Denied

A part of Plaintiff John Freshwater's claims concern misgovernment.

Open records available to any and all who desire to review or even report upon are vital to a free society.

The Sixth Circuit, concerning the press and the publication upon the government's activities, has stated, "[They] alone can here protect the values of democratic government." *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002) citing *New York Times v. United*

*States*, 403 U.S. 713, 728 (1971) (per curiam) (Stewart, J., concurring). Adhering to the precept of governmental openness, the Sixth Circuit in *Detroit Free Press* reiterated a long-standing right of the people by affirming, "When government begins closing doors, it selectively controls information rightfully belonging to the people. Selective information is misinformation. The Framers of the First Amendment "did not trust any government to separate the true from the false for us." *Kleindienst v. Mandel*, 408 U.S. 753, 773 (1972) (quoting *Thomas v. Collins*, 323 U.S. 516, 545 (1945) (Jackson, J., concurring)). They protected the people against secret government."

The "government" in the instant matter, is a board of education. The government, or Defendant BOE, now seeks to seal information to separate the true from the false. Defendant BOE's quest to seal the contextual documents is an attempt at separating the truth from fiction but premised, and based only upon an interpretation they themselves created and seek to control. Defendant BOE's attempt to limit the naturally progressing and evolving context of the June 9, 2009, letter is repugnant to the core upon which this governmental democracy has been established. Representative herein is Defendant BOE's secretive separation of truth from falsehood which when inquired into later through discovery, will expose what is believed to be another instance of the government providing selective information[1], which in turn is misinformation according to *Kliendienst.*

The only safeguard on this extraordinary governmental power is the public, deputizing the press as the guardians of their liberty. *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002). Defendant BOE's motion to seal seeks to take the safeguard of public information away from the public by placing contextual information beyond public scrutiny.

---

[1] Referring to settlement with Defendant BOE's former business manager and assistant superintendent.

Democracies die behind closed doors. *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002).

## Conclusion

The safeguards and intent of Fed. R. Evid. 408 are thwarted by denying a permitted use to provide context to the letter relied upon by Defendant Millstone when negating a contention of undue delay. It is not argued by Plaintiffs that any of the documents prove an admission by Defendant Millstone. Documents 37 and 37-1 through 37-9 are probative and relevant to the inquiry of did the undersigned interpose Defendant Millstone for purpose of undue delay. Most importantly, sealing of any document at the request of a party is an act reserved for only the most sensitive of situations. Here, Defendant Millstone, through the letter sent to and provided by attorney Moore, cannot rely upon sensitivity as they themselves created the insensitivity. Concerns related to a free and public government require the public be able to interpret for itself the nature and quality of the information.

It is for the reasons stated above counsel for Plaintiffs' request this Court deny Defendant BOE's motion.

Respectfully submitted,


s/R. Kelly Hamilton_____
The Law Office of R. Kelly Hamilton (0066403)
**Office:** 4030 Broadway, Grove City, Ohio 43123
**Mail to**: P.O. Box 824, Grove City, Ohio 43123
Phone 614-875-4174  Fax    614-875-4188
Email:  hamiltonlaw@sbcglobal.net
Attorney for Plaintiffs Freshwater

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2009, I electronically filed the foregoing *Plaintiffs' Freshwater's Memorandum Contra To Defendant BOE's Motion Pursuant To Seal* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicole M. Donovsky, Attorney for Lynda Weston, 2006 Kenny Road • Columbus, Ohio 43221

C. Joseph McCullough, Attorney for Lynda Weston, 8977 Columbia Road, Suite A, Loveland, Ohio 45140

Greg Scott, Kathleen Davis, Attorney for David Millstone, 50 West Broad Street, Suite 2500, Columbus, Ohio 43215

Larry Greathouse, Attorney for H.R.On Call, Inc, Julia Herlevi and Thomas Herlevi, 1501 Euclid Avenue, Bulkley Building, Cleveland, Ohio 44115

David K. Smith, Krista K. Keim and Sarah J. Moore, Attorney for Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Steve Short and William White at 3 Summit Park Drive, Suite 400, Cleveland, Ohio 44131


Respectfully submitted,

s/R. Kelly Hamilton_____
The Law Office of R. Kelly Hamilton (0066403)