UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN FRESHWATER, *et al.* | ) CASE NO. 2:09 cv 464 |
| | ) |
| Plaintiffs, | ) JUDGE FROST |
| | ) MAGISTRATE JUDGE KING |
| v. | ) |
| | ) **DEFENDANT MOUNT VERNON CITY** |
| MOUNT VERNON CITY SCHOOL | ) **SCHOOL DISTRICT'S REPLY TO** |
| DISTRICT BOARD OF EDUCATION, *et* | ) **PLAINTIFFS' MEMORANDUM IN** |
| *al.*, | ) **OPPOSITION TO MOTION TO SEAL** |
| | ) **DOCUMENTS 37 AND 37-1 THROUGH** |
| Defendants. | ) **37-9** |
| | ) |
| | ) |

I.   Introduction

The compromise negotiation materials and alleged statements within Documents 37 and 37-2 through 37-9 are in no way probative or relevant to the inquiry before this Court and are inadmissible under Fed. R. of Evidence 408.[1] Consequently, each of the offending items should be stricken or redacted to ensure the confidentiality and privilege of compromise negotiations is preserved.

---

[1] Defendant Mount Vernon City School District Board of Education ("Defendant Board") concedes Document 37-1 is probative and relevant to the Rule 11 motion. That document does not contain any compromise negotiation alleged statements or materials and is admissible.

II.     Analysis on Admissibility

Defendant Millstone utilized two facts to demonstrate improper purpose in his request for sanctions and fees: (1) refusal by Plaintiffs' counsel to dismiss the lawsuit against Defendant Millstone after receiving safe harbor notice of the legal authority demonstrating no viable claim exists; and (2) a statement made by Plaintiffs' counsel suggesting an attempt to create a conflict for Defendant Millstone in representation in an attempt to force him to stop representing Defendant Board in a pending administrative proceeding under R.C. §3319.16.  (See, Doc. 26 at p. 12-13).

In their oppositional brief, Plaintiffs claim the compromise negotiation materials and alleged statements are used as "similar contextual documents so that counsel for Plaintiffs could defend against a contention of undue delay."[2] (Doc. 39 at p.2).  Examination of the documents at issue demonstrates none of the compromise negotiation materials and alleged statements in Documents 37 and 37-2 through 37-9 are probative or relevant to determination of improper purpose under Rule 11.

Plaintiffs failed to provide a pointed explanation of their motive in suing Defendant Millstone when defending against the motion for sanctions.[3]  Instead, Plaintiffs appear to suggest pre-litigation compromise negotiations with Defendant Board somehow demonstrates their decision to sue Defendant Millstone was proper under Rule 11.  As will be demonstrated, none

---

[2]  Under Civ. R. 11(b)(1), examples of improper purpose are listed and include "unnecessary delay."

[3]  Document 37-3, paragraph 4 contains a statement Plaintiffs' attorney filed the complaints after inquiry into the law and facts but does not address the specific purpose in filing against Defendant Millstone.  Further, this paragraph does not address why Plaintiffs' failed to dismiss the lawsuit against Defendant Millstone after receiving the August 10, 2009 safe harbor notification.

of the compromise negotiation materials or alleged statements used by Plaintiffs have any bearing on their motive or purpose in suing Defendant Millstone and later refusing to dismiss their claims against him.

Document 37-9, Plaintiffs' confidential mediation statement, contains Plaintiffs' rendition of the administrative proceeding and the legal claims Plaintiff John Freshwater intended on pursuing at a certain point in time. Consistent with mediation procedure, Plaintiffs did not provide a copy of the mediation statement to Defendant Board during mediation. The document contains argumentative statements in regard to alleged settlement discussions between legal counsel for both parties. The document was one created in the course of compromise negotiations. The relevant portion, if any, within the document is contained in the first paragraph under "Response to Proof" section on page 3. Review of that section demonstrates it is not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone primarily because it makes no mention of suing him. Pursuant to Fed. R. of Evidence 408, Document 37-9, and any reference to that document or the information contained therein in Document 37, should be sealed and stricken.

Document 37-8, a March 17, 2009 letter from R. Kelly Hamilton to Sarah J. Moore, is not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone as it makes no mention of suing him. The letter itself invokes the protections of Fed. R. of Evidence 408. Pursuant to Fed. R. of Evidence 408, Document 37-8, and any reference to that document or the information contained therein in Document 37, should be sealed and stricken.

Document 37-7, a February 20, 2009 email from R. Kelly Hamilton to Sarah J. Moore, is not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone as it

3

makes no mention of suing him. The letter itself invokes the protections of Fed. R. of Evidence 408 as it is labeled "Confidential – Settlement Demand" and contains portions of a settlement demand. Pursuant to Fed. R. of Evidence 408, Document 37-7, and any reference to that document or the information contained therein in Document 37, should be sealed and stricken.

Document 37-6, a February 17, 2009 email from R. Kelly Hamilton to Sarah J. Moore, is not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone as it makes no mention of suing him. The letter itself invokes the protections of Fed. R. of Evidence 408 as it is labeled "Amendment - Confidential Settlement Demand" and contains portions of a settlement demand. Pursuant to Fed. R. of Evidence 408, Document 37-6, and any reference to that document or the information contained therein in Document 37, should be sealed and stricken.

Document 37-5, an affidavit of Plaintiff John Freshwater, is not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone as it makes no mention of suing him. The affidavit references alleged statements made in mediation and falls within the protections of Fed. R. of Evidence 408. Notably, the alleged statements also constitute inadmissible hearsay. Pursuant to Fed. R. of Evidence 408 and 802, Document 37-5, and any reference to that document or the information contained therein in Document 37, should be sealed and stricken.

Document 37-4, a February 17, 2009 email from R. Kelly Hamilton to Sarah J. Moore, is not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone as it makes no mention of suing him. The letter itself invokes the protections of Fed. R. of Evidence 408 as it is labeled "Confidential Settlement Proposal" and contains portions of a settlement

demand. Pursuant to Fed. R. of Evidence 408, Document 37-4, and any reference to that document or the information contained therein in Document 37, should be sealed and stricken.

Paragraphs 2 and 3 of Document 37-3, an affidavit of Plaintiffs' attorney R. Kelly Hamilton, are not probative of the issue of Plaintiffs' purpose or motive in suing Defendant Millstone. Neither paragraph contains information as to Plaintiffs' purpose or motive in suing Defendant Millstone. The affidavit references alleged statements made during a February 16, 2009 meeting. Document 37-4, which references the settlement discussion on February 16, 2009, contains a settlement proposal arising from the compromise conversation occurring the prior evening. The settlement discussion on February 16, 2009 falls within the protections of Fed. R. of Evidence 408. Notably, the alleged statements contained in Paragraph 2 also constitute inadmissible hearsay. Pursuant to Fed. R. of Evidence 408 and 802, paragraphs 2 and 3 of Document 37-3, and any reference to these paragraphs or the information contained therein in Document 37, should be sealed and stricken.

With respect to Document 37-2, Defendant Board recognizes the document is a restaurant receipt, which does not contain any compromise negotiation alleged statements or materials. To the extent the receipt is being used to evidence a settlement discussion occurred over dinner, Defendant Board believes it is not admissible under Fed. R. of Evidence 408. Further, the dinner would not be relevant to Plaintiffs' motive or purpose in deciding to sue Defendant Millstone. Pursuant to Fed. R. of Evidence 408, Document 37-2, and any reference to it or the information contained therein in Document 37, should be sealed and stricken.

Some points bear noting to assist the Court in examining the issue of improper purpose as relates to the documents under consideration.[4] Defendant Millstone currently serves as legal counsel for Defendant Board (Doc. 19 at ¶13), representing it in the R.C. §3319.16 administrative hearing concerning Plaintiff John Freshwater's employment. In this federal litigation, Defendant Board is represented by the law firm Britton, Smith, Peters & Kalail, Co., LPA and its attorneys David K. Smith, Krista K. Keim, and Sarah J. Moore, who were appointed through Defendant Board's insurance carrier. No factual basis exists to assume or infer a nexus exists between Defendant Board's insurance carrier's choice in appointing legal counsel to defend this litigation and Defendant Millstone's service as Defendant Board's attorney in the administrative hearing. That Plaintiffs' attorney couched his apparent motive in suing Defendant Millstone (i.e. an attempt to conflict Defendant Millstone out of representation of Defendant Board in the administrative hearing, as Defendant Millstone argues) within a statement of conjecture as to the possibility of additional insurance counsel appointed to defend this lawsuit does not open a floodgate allowing Plaintiffs to place federally protected matters into the public eye as Plaintiffs suggested.[5]

---

[4] Document 26, the Rule 11 motion, was not a joint filing. Plaintiffs' counsel had no legal or factual basis to assert Attorney Moore violated Federal Rule of Evidence 408 through Defendant Millstone's Rule 11 motion.

Notably, Plaintiffs' counsel wholly failed to address his apparent surreptitious tape recording of all or part of Federal Rule of Evidence 408 compromise discussions with opposing counsel.

[5] As an aside, Defendant Board has no objection to the Court reviewing Document 26 and 26-1 to redact any information protected by Federal Rule of Evidence.

The fact Plaintiffs' counsel acknowledges he knew he could have filed a motion to strike Document 26-1 and chose not to do so in favor of "accepting entrance into the 'door-opened' by Defendant Millstone and attorney Moore" is problematic." (Doc. 39 at p. 5). There is no evidence Defendant Board (or its legal counsel) opened any door as it did not file the Rule 11

6

Last, the First Amendment arguments raised by Plaintiffs are of no moment. Our judicial system and its rules form the very fabric of the flag Plaintiffs waive and wrap around themselves. Trampling on the sacrosanct privilege embodied in Federal Rule of Evidence 408 without legal justification strikes the core of our judicial system and strips any confidence litigants have in the process of exploring amicable resolution of claims. Plaintiffs' cavalier insensitivity to the effect of including the Federal Rule of Evidence 408 protected materials in Documents 37 and 37-2 through 37-9 is extremely disconcerting and causes parties to lose confidence in alternative dispute resolution. Where one litigant cannot trust another to honor the safety of privileged settlement exploration, little to no interest or willingness to meet and explore an amicable resolution exists. No legal justification exists to strip Defendant Board of its privilege under Federal Rule of Evidence 408.

III. Conclusion

Defendant Board requests the Court immediately grant its motion to strike and seal the portions of Plaintiffs' oppositional brief (Doc. 37) and its exhibits (Doc. 37-2 through 37-9) containing inadmissible matters under Federal Rule of Evidence 408 and 802.

---

motion. The Rule 11 motion seeks sanctions and fees against Plaintiffs' attorney (Doc. 26 at p. 1). Plaintiffs' attorney erred on the side of placing into the public eye specific settlement demands and negotiation materials and alleged statements that had no bearing on the purpose he had in both filing the lawsuit against Defendant Millstone and refusing to dismiss it after August 10, 2009. Notably, footnote 2 of the Rule 11 motion referenced cases observing an attorney's statements in his capacity as an officer of the court are made "as if under oath." Plaintiffs' attorney had other courses of action available to him in defending against the Rule 11 motion to explain his purpose in filing and maintaining the action against Defendant Millstone, several of which would have preserved the privileged and confidential settlement matters. The choice of Plaintiffs' counsel in defending the Rule 11 motion is not inconsequential.

on

*/s/ Sarah J. Moore*
David K. Smith (0016208)
Krista Keim (0067144)
Sarah J. Moore (0065381)
BRITTON, SMITH, PETERS
   & KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131
Telephone:  (216) 503-5055
Facsimile:  (216) 503-5065
Email: dsmith@ohioedlaw.com
           kkeim@ohioedlaw.com
           sjmoore@ohioedlaw.com

*Attorneys for Defendants Mount Vernon City*
*School District Board of Education, Ian Watson,*
*Jody Goetzman, Stephen Short and William White*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2009, a copy of the foregoing *Defendant Mount Vernon City School District's Reply Brief to Plaintiffs' Memorandum in Opposition to Motion to Seal Documents 37 and 37-1 through 37-9* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Sarah J. Moore*
*Attorneys for Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Stephen Short and William White*