## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. FRESHWATER, et al. | : | |
| | : | Case No. 2:09cv464 |
| Plaintiffs, | : | |
| | : | JUDGE FROST |
| v. | : | |
| | : | |
| MOUNT VERNON CITY SCHOOL | : | |
| DISTRICT BOARD OF EDUCATION, et al. | : | |
| | : | |
| Defendants. | : | |

## REPLY OF DEFENDANT LYNDA WESTON
## TO PLAINTIFFS' MEMORANDUM CONTRA TO DEFENDANT'S
## MOTION TO DISMISS

The Complaint and Amended Complaint (hereinafter "Complaint") fail to state any claim against Defendant Lynda Weston for which relief can be granted.  In response to Defendant Weston's Motion to Dismiss, Plaintiffs recite a lengthy analysis of the pleading requirements under Federal Rule of Civil Procedure Rule 8 and attempt to put forth facts which were not alleged in the Complaint.  Plaintiffs' attempt to do so is improper when responding to a Motion to Dismiss.  While Defendant Weston does not take issue with Plaintiffs' recitation of the legal standard, this standard must be read in light of the United States Supreme Court's recent opinion on pleading requirements.  Using this standard, Plaintiffs fail to state a claim against Defendant Weston and she must be dismissed.

### A.    Only Pleadings May be Reviewed in Ruling on a Motion to Dismiss

Defendant Weston motioned this Court for dismissal based solely on the allegations set forth in the Complaint.  Federal Rule of Civil Procedure 12 (b)(6) allows courts to only consider factual

allegations that are contained within the pleadings.  Consideration of anything outside the pleadings converts a motion to dismiss into a motion for summary judgment.  Fed. R. Civ. Pro. 12 (d).[1]

Plaintiffs' attempt in their Memorandum Contra to support the Complaint with an allegation that Defendant Weston hired teachers is inappropriate and inadmissible at this stage in the litigation. The Complaint does not make one single allegation that Defendant Weston hired teachers, created any impression that she hired teachers, or exercised actual or perceived authority to do so on behalf of the Board of Education.  Such allegation is necessary to support a Title VII claim.  *Wathen v. General Electric Co.,* 115 F.3d 400, 405 (6th Cir. 1997).  Furthermore, the Complaint fails to make any allegation that Defendant Weston managed or supervised Plaintiff.  Such allegation is required to support a claim of discrimination under Ohio Revised Code Section 4112.02.  *Genaro v. Central Transport, Inc*., 84 Ohio St.3d 293, 703 N.E.2d 782 (1999).  Without such allegations, Defendant Weston cannot be held liable under either claim.

Even if this Court considers Plaintiffs' improper assertion that Defendant Weston hired teachers, such assertion is contrary to the law.  Defendant Weston was legally incapable of hiring teachers for Defendant BOE.  Ohio Revised Code Section 3319.07 states that the authority to select and appoint teachers is vested solely in the board of education.  Defendant Weston is not a member of the Defendant Board of Education, as Plaintiffs impliedly acknowledge in their Complaint. Complaint (Doc. 2), ¶ 9; Amended Complaint (Doc.4), ¶ 10.  Therefore, as a matter of law, Plaintiffs' claims against Defendant Weston fail.

### B.    The Complaint Fails to Comply with Pleading Requirements

The United States Supreme Court recently reviewed the requirement of Federal Rule of Civil Procedure 8 (a)(2) that a pleading contain "a short and plain statement of the claim showing the

---

[1] Plaintiffs also contend that Defendant Weston could have motioned for a more definitive statement in lieu of a motion to dismiss.  Fed. R. Civ. Pro. 12 (e) permits a party to do so when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  Defendant Weston does not claim that the Complaint is vague or ambiguous. Rather, she argues the Complaint's allegations taken as true clearly do not provide a basis for recovery against her.

pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  The Court expressly holds that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Fed. R. Civ. Pro. 8 "demands more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1949, citing *Bell Atlantic v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955 (2007). This analysis is applicable in reviewing the sufficiency of pleadings in all federal civil actions. *Iqbal* at 1953.

Iqbal involved a civil action brought against former government officials by a Muslim detainee for discriminatory actions taken against him while he was in prison.  The Court employed a two-prong approach to determining whether the complaint was sufficient to survive a motion to dismiss.  First, the Court identified the allegations in the complaints that were not entitled to any assumption of truth.  For example, the complaint alleged that the government officials "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race and/or national origin and for no legitimate penological interest.'"  The complaint also alleged that the officials were the principal architect and were instrumental in adopting executing these policies.  The Court holds that these bare assertions are nothing more than a formulaic recitation of the elements, are conclusory and are not entitled to be assumed true.

Second, after putting aside allegations which are not entitled to any assumption of truth, the Court examined the remaining factual allegations to determine whether they plausibly infer an entitlement to relief.  *Id*. at 1951.  The allegations must suggest that a claim is not merely conceivable, but rather, is plausible.  *Id*. at 1952, citing *Twombly* 550 U.S. at 570.  A complaint that fails to do so does not meet the standard necessary to comply with Fed. R. Civ. Pro. 8.  *Iqbal* at 1952.

3

Applying *Iqbal* and *Twombly* to the case at bar, Plaintiffs' Complaint clearly fails to meet the minimum standard for pleading.  First, in following the United States Supreme Court's analysis, this Court should dispense with the conclusory allegations that are not entitled to an assumption truth.  These include the statements which merely make allegations to address each element of the claims but are unsupported by any factual allegation, as follows:

- "Defendants Board, Watson, Short and Weston and others created, condoned and encouraged a work environment that was hostile to Plaintiff Freshwater on account of his religion and Defendants' perception of Freshwater's religion."  Complaint (Doc. 2), ¶ 163; Amended Complaint (Doc. 4),  ¶ 164.  [Count 6:  Religious Harassment under Title VII.]

- "As a proximate result of Defendant Board, Watson, Short and Weston's religious harassment against Plaintiff Freshwater he has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount to be determined at trial."  Complaint (Doc. 2), ¶ 165; Amended Complaint (Doc. 4), ¶ 166.  [Count 6:  Religious Harassment under Title VII.]

- "Defendant Board, Watson, Short and Weston's conduct has been despicable and the acts herein alleged were malicious, fraudulent and oppressive, and committed with an improper and evil motive to injure Plaintiff Freshwater, amounting to malice and in conscious disregard of Freshwater's rights.  Plaintiff Freshwater is thus entitled to recover punitive damages from Defendants in an amount to be determined at trial."  Complaint (Doc. 2), ¶ 166; Amended Complaint (Doc. 4),  ¶ 167.  [Count 6: Religious Harassment under Title VII.]

- "As a proximate result of Defendant Board, Watson, Short and Weston's religious harassment against Plaintiff Freshwater he has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliations and mental anguish, all to his damage in an amount to be determined at trial."  Complaint (Doc. 2), ¶ 170; Amended Complaint (Doc. 4), ¶ 171.  [Count 7:  Violations of O.R.C. 4112.02.]

- "Defendants, individually and or collectively, among other things communicated false statements."  Complaint (Doc. 2), ¶ 182; Amended Complaint (Doc. 4),  ¶ 183.  [Count 11:  Defamation.]

- "The Statements were slanderous as a matter of law in that it was intended to and did (1) cause injury to Plaintiff Freshwater's reputation, (2) expose him to public hatred, contempt, ridicule, shame and disgrace, and/or (3) affect him adversely in his trade or business."  Complaint (Doc. 2), ¶ 184; Amended Complaint (Doc. 4),  ¶ 185.  [Count 11:  Defamation.]

4

- "Defendants, individually and or collectively, among other things published these statements to others, including but not necessarily limited to the investigative report authored by Defendants Millstone, H.R. On Call, Inc. and the Herlevi's [sic]." Complaint (Doc. 2), ¶ 185; Amended Complaint (Doc. 4), ¶ 186. [Count 11: Defamation.]

- "Defendants, individually and collectively, have a degree of fault rising to the level of 'actual malice' concerning the publication of the statement(s), to wit; the statement(s) imputed an indictable offense involving moral turpitude; the statement(s) were factual in nature, rather than stated as an opinion; the statement(s) affect Plaintiff Freshwater's profession, business, or employment by imputing a want of capacity or fitness to carry out the duties of a public school teacher; and/or Defendants knew of the falsehood or recklessly disregarded the truth." Complaint (Doc. 2), ¶ 189; Amended Complaint (Doc. 4), ¶ 190. [Count 11: Defamation.]

- "As a proximate result of Defendants actions, individually and or collectively, against Plaintiff Freshwater he has suffered and continues to suffer substantial economic losses and has suffered and continues to suffer embarrassment, emotional distress, humiliation and mental anguish, all to his damage in an amount to be determined at trial." Complaint (Doc. 2), ¶ 190; Amended Complaint (Doc. 4), ¶ 191. [Count 11: Defamation.]

- "Defendant Board negligently retained, supervised and trained Defendants Short, Weston and White, among others, as agents of Defendant Board performed with gross incompetence and or malicious intent as evidence by actions of hypocrisy, failure to report alleged harm to a student, failure to require and review lesson plans, failure to articulate or explain Board policy, permitting Plaintiff Freshwater to be subject to and singled out but permitting other teachers to have a Bible on their desk, and other actions, to the detriment of Freshwater." Complaint (Doc. 2), ¶ 201; Amended Complaint (Doc. 4), ¶ 202. [Count 14: Negligent Retention, Supervision and Failure to Train.]

Thus, the Court is left to consider the following allegations in the Complaint that could conceivably apply to Defendant Weston:

- "Defendants Short, Weston and White testified in the hearing they had personal knowledge of or a perceived belief concerning Plaintiff Freshwater's personal religious activities as a result of actions taken by Freshwater during Freshwater's time outside of school duties." Complaint (Doc. 2), ¶ 112; Amended Complaint (Doc. 4), ¶ 113. [STATEMENT OF FACTS.]

- "Defendants H.R. On Call, Inc[.] and the Herlevi's investigative report published:

    **'Defendant Weston stated that she has had to deal with internal and external complaints about his [Plaintiff Freshwater's] failure to follow the curriculum for much of her 11 years at Mount Vernon.'"**

    Complaint (Doc. 2), ¶ 113; Amended Complaint (Doc. 4), ¶ 114.   [STATEMENT OF FACTS.]

- "Despite stating she had been receiving internal and external complaints for much of her eleven (11) years of employment with Defendant Board, Defendant Weston admitted in the hearing during her testimony that she did not provide and could not provide any documentation detailing the alleged internal and external complaints. Defendant Weston admitted the statement in the report of Defendants H.R. On Call, Inc. and the Herlevi's was 'inaccurate.'  Defendants Herlevi's [sic] did not seek verification of Defendant Weston's assertion." Complaint (Doc. 2), ¶ 114; Amended Complaint (Doc. 4), ¶ 115.  [STATEMENT OF FACTS.]

These alleged facts, taken as true for purposes of Defendant Weston's Motion, clearly do not rise to the level of abrogating Defendant Weston's immunity.  None of these allegations suggest that any of Plaintiff's constitutional rights were violated, or if they were violated, that Defendant Weston clearly understood that her actions were unlawful.  Such allegations are necessary to abrogate her qualified immunity from all federal claims. *Saucier v. Katz*, 553 U.S. 194, 202, 121 S.Ct. 2151 (2001).  These allegations also do not suggest that Defendant Weston acted outside the scope of her employment or that she acted maliciously, in bad faith or in a wanton or reckless manner.  Such allegations are necessary to abrogate her statutory immunity under R.C. Chapter 2744 on all state claims.

Even if this Court determines that the remaining factual allegations are sufficient to survive Defendant Weston's immunity, she is still entitled to have all claims brought against her in her official and individual capacity dismissed.  The Complaint does not allege that she is an employer, or that she engages in the hiring, firing, evaluations or supervision of Plaintiff.  She therefore cannot be held civilly liable for discrimination under Title VII or R.C. Chapter 4112, as a matter of law.

These facts also are insufficient to support a state claim for defamation. There is no allegation that Defendant Weston had any requisite degree of fault. The allegations regarding the inaccuracy of the cited assertion do not suggest that the statement injured Plaintiff, or if it did cause injury, that Defendant Weston possesses fault for that injury. See *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App.3d 102, 726 N.E.2d 1084 (10th Dist. 1999). The Complaint fails to make any allegation that is entitled to a presumption of truth that she made the statement in bad faith or with malice. As such, Defendant Weston cannot be held liable in her official or individual capacity for defamation, and the claim must be dismissed as a matter of law.

**C.    Conclusion**

For the foregoing reasons, Defendant Weston respectfully requests this Court grant her Motion to Dismiss all claims brought against her in her official or individual capacities by Plaintiffs John and Nancy Freshwater.

Respectfully submitted,

  *s/ Nicole M. Donovsky*

*Of Counsel:*
 Richard W. Ross (0009363)
 Stacy V. Pollock (0080229)
 MEANS, BICHIMER, BURKHOLDER
   & BAKER CO., L.P.A.
 2006 Kenny Road
 Columbus, Ohio  43221
 T:  (614) 485-2010
 F:  (614) 485-2019
 E:  rross@mbbblaw.com
 E:  spollock@mbbblaw.com

C. Joseph McCullough (0069844)
WHITE, GETGEY & MEYER CO., LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
T:  (513) 583-8888
F:  (513) 583-8892
E:  jmccullough@wgmlpa.com

Nicole M. Donovsky (0072262)
MEANS, BICHIMER, BURKHOLDER
  & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio  43221
T:  (614) 485-2010
F:  (614) 485-2019
E:  ndonovsky@mbbblaw.com
*Trial Attorney for Defendant Lynda Weston*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2009, I electronically filed the foregoing *Reply of Defendant Lynda Weston to Plaintiff's Memorandum Contra to Defendant's Motion to Dismiss* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

R. Kelly Hamilton, Esq.
The Law Office of R. Kelly Hamilton
P. O. Box 424
Grove City, Ohio 43123
*Attorney for Plaintiffs*
*John and Nancy Freshwater*

David K. Smith, Esq.
Krista K. Keim, Esq.
Sarah J. Moore, Esq.
BRITTON, SMITH, PETERS &
KALAIL, CO., LPA
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131
*Attorneys for Defendants Mount Vernon City*
*School District Board of Education, Ian*
*Watson, Jody Goetzman, Steve Short and*
*William White*

Larry C. Greathouse, ESq.
GALLAGHER SHARP
1501 Euclid Avenue
Sixth Floor, Bulkley Building
Cleveland, Ohio 44115
*Attorney for Defendants H.R. On Call,*
*Inc., Julia F. Herlevi and Thomas J.*
*Herlevi*

Greg Scott, Esq.
Kathleen V. David, Esq.
SCOTT, SCRIVEN & WAHOFF, LLP
50 West Broad Street, Suite 2500
Columbus, Ohio 43215
*Attorneys for Defendant David*
*Millstone, Esq.*

C. Joseph McCullough, Esq.
WHITE, GETGEY & MEYER CO.,
LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
*Co-Counsel for Defendant Lynda*
*Watson*

s/Nicole M. Donovsky
Nicole M. Donovsky  (0072262)

8