**FILED**

TIME_____

OCT 2 2 2009

JAMES BONINI, Clerk
COLUMBUS, OHIO

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JOHN FRESHWATER, et al.,

      Plaintiffs,

v.

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION, et al.,

      Defendants.

Case No. 2:09-cv-464
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

### OPINION AND ORDER

This matter is before the Court for consideration of Defendants Mount Vernon City

School District Board of Education's Motion to Seal Documents 37 and 37-1 through 37-9

Pending *In Camera* Inspection by this Court ("Defendant's Motion") (Doc. # 38), Plaintiff

Freshwater's Memorandum *Contra* to Defendant's Motion (Doc. # 39), and Defendant's Reply

to Plaintiff's Memorandum in Opposition (Doc. # 41).  In Defendant's Motion, Defendant

requests that this Court seal certain documents and that it exclude that sealed evidence under

Rule 408 of the Federal Rules of Evidence.  The Court, having already decided that the

documents in question are to be sealed (Doc. # 40), now finds that the remaining request in

Defendant's Motion is not well taken.

      Plaintiff originally submitted the evidence that this Court sealed as support for Plaintiff's

memorandum in opposition to Defendant's motion for sanctions under Rule 11 of the Federal

Rules of Civil Procedure.  (Doc. # 37.)  Defendant now moves the Court to exclude the sealed

evidence, arguing that the documents should be excluded under Rule 408 of the Federal Rules of

Evidence, which precludes evidentiary use of communications in the course of negotiation

settlements to "prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction[.]" Fed. R. Evid. 408(a). "This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)." Fed. R. Evid. 408(b). On its face, the exclusionary function of the Rule is limited to the purposes contained in subdivision (a). *See id.* Moreover, the Sixth Circuit, in construing Rule 408, noted that "Rule 408 is . . . inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussions[.]" *Uforma/Shelby Bus. Forms v. NLRB,* 111 F.3d 1284, 1293 (6th Cir. 1997) (citation omitted).

Here, the alleged Rule 11 violation complained of by Defendant occurred during the negotiation process and therefore necessarily falls outside the scope of Rule 408's exclusionary powers. *See NLRB,* 111 F.3d at 1293. Further, the alleged Rule 11 violation, by its nature, does not involve "liability for, invalidity of, or amount of a claim." Fed. R. Evid. 408(a). As a result, evidence proffered to rebut that claim is not excludable under Rule 408.

For the foregoing reasons, the Court **DENIES** Defendant's Motion. (Doc. # 38.)

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**

2