UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN FRESHWATER, et al.,
    Plaintiffs,

v.

MOUNT VERNON CITY SCHOOL
DISTRICT BOARD OF EDUCATION, et al.,
    Defendants.

Case No.: 2:09-cv-464
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Defendant David Millstone's Motion Pursuant to Federal Rule of Civil Procedure 11 for Sanctions and Fees ("Millstone's Motion for Sanctions") (Doc. # 26), Plaintiff Freshwater's Memorandum Contra to Millstone's Motion for Sanctions (Doc. # 37), and the Reply Memorandum of Defendant David J. Millstone in Support of Millstone's Motion for Sanctions (Doc. # 43). For the reasons that follow, the Court **DENIES** Millstone's Motion for Sanctions.

### I. Background

Plaintiff John Freshwater filed the complaint in this action on June 9, 2009, and an amended complaint on June 18, 2009, which added his wife as a plaintiff and claims related to her alleged loss of consortium. Freshwater named as defendants the Mount Vernon City School District Board of Education ("Board of Education"), several individual members of the Board of Education, several Mount Vernon City School District employees, and David J. Millstone, an attorney. The Board of Education had previously retained Millstone to represent it in the matter regarding the termination of Freshwater's employment.

Freshwater alleges that Defendants violated his rights secured by the United States Constitution because they "discriminated, harassed, and are attempting to terminate the

employment of Plaintiff Freshwater because Freshwater kept his personal Bible on his desk." (Doc. # 4 at 1.) He further states that Defendants "alleged other false and injurious allegations against Plaintiff Freshwater in an attempt to discredit Freshwater." *Id.*

With regard to the claims for relief brought against Millstone, Freshwater alleges that he is suing Millstone in his official capacity as an agent of the Board of Education. Freshwater avers that the Board of Education delegated to Millstone its statutory duty and its contractual obligation to investigate the allegations brought against Freshwater. Freshwater complains that Millstone, as an agent of the Board of Education, violated his federal constitutional rights and that he also violated his state law rights. Generally, Freshwater alleges that the investigation that was supervised by Millstone and the investigative report drafted as a result of the investigation that was revised, approved, and published by Millstone intentionally excluded exculpatory evidence concerning Freshwater and included known false information that imputed an offense of moral turpitude that affected Freshwater's profession and employment.

On September 1, 2009, Millstone filed his motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure that is the subject of this Opinion and Order.

## II. Standard

The decision to grant or deny a motion for Rule 11 sanctions is left to the sound discretion of the district court. *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988) (citing *Century Products, Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988)). The United States Court of Appeals for the Sixth Circuit has explained:

> Rule 11 imposes three obligations on the signing attorney. First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith

arguments for extension or modification of existing law.  Third, the document must not be filed for any improper purpose.[1]

*Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).  *See also United States v. $ 515,060.42 in United States Currency*, 152 F.3d 491 , 507 (6th Cir. 1998) (A litigant may be subject to sanctions under Rule 11 if the district court finds that his claims are frivolous, unreasonable or without foundation or it becomes clear that such is the case and the litigant continues to litigate the claim) (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)).

"The test for the imposition of Rule 11 sanctions is whether the litigant's conduct was reasonable under the circumstances."  *Id.* (citing *Davis*, 862 F.2d at 88).  In determining whether Rule 11 has been violated by counsel, "district courts must strike a delicate balance between protecting the adversary system and not allowing attorneys to exploit the system for their own purposes."  *Davis*, 862 F.2d at 89 (citing *Rathbun v. Warren City Schools (In re Ruben)*, 825 F.2d 977, 991 (6th Cir. 1987)).

### III.  Analysis

Freshwater filed claims for relief against Millstone under 42 U.S.C. § 1983 ("Section 1983") and under the state law of Ohio.  Millstone argues that Freshwater's counsel should be sanctioned because, first, he conducted insufficient factual investigation and legal research before bringing this action, which allowed him to bring claims for relief against Millstone that

---

[1] Also, Rule 11(c)(2) furnishes a "safe harbor" provision requiring that a party seeking sanctions first serve the motion on the opposing party and then wait at least twenty-one days (or another period designated by the court) before filing the motion with the court.  Fed. R. Civ. P. 11(c)(2).  There is no dispute that Millstone has complied with this provision.

are frivolous. Second, Millstone asserts that Freshwater's counsel brought this action for the improper motive of harassment, causing unnecessary delay, and/or needlessly increasing the cost of litigation.

**A. Are Freshwater's Claims for Relief Frivolous?**

Millstone argues that Freshwater's legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and are therefore frivolous. With regard to Freshwater's state law claims for relief, Millstone makes various arguments as to the legal sufficiency of Freshwater's claims and as to whether the amended complaint sets forth sufficient factual allegations to support those claims. As to Plaintiffs' federal claims, to prevail on a Section 1983 claim, Freshwater "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *See Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). Millstone contends that it is well-settled that a private attorney does not become a state actor simply by representing a state actor. Millstone argues that the Northern District of Ohio has properly applied the law to a private counsel's representation of a school board in Ohio in *Horen v. Bd. of Educ. of the Toledo City School Dist.*, 594 F. Supp.2d 833 (N. D. Ohio 2009), wherein the court determined that the board of education's attorney was not a state actor subject to suit in an official capacity Section 1983 action. *Id.* (granting motion for judgment on the pleadings).

In response, Freshwater points out that Ohio Revised Code § 3313.35 provides that except in city school districts, the prosecuting attorney of the county shall be the legal adviser of all boards of education and such business shall be conducted in an official capacity. The statute

4

provides that in the case of a city school district, the city director of law shall be the legal adviser and attorney for the board thereof, and shall perform the same services for such board as required of the prosecuting attorney. Further, such duties shall "devolve upon any official serving in a capacity similar to that of prosecuting attorney or city director of law for the territory wherein a school district is situated regardless of his official designation." (Doc. # 37 at 5 citing Ohio Rev. Code § 3313.35.) Freshwater argues that:

> It cannot be doubted that a prosecutor or city law director is a state actor for purposes of litigation pursuant to 42 U.S.C. §1983 and as such can be subject to §1983 claims. By statute in Ohio, a county prosecutor or city law director is statutorily required to provide legal services to an applicable jurisdictional board. Specifically, R.C. §3313.35 mandates a devolution of statutory authority upon any official serving in a capacity similar to the statutorily described position regardless of their designation. R.C.§102.01 defines an official as any person so appointed. Defendant [Board of Education] chose not to use the services of the city law director opting instead to appoint Defendant Millstone to serve as legal advisor whereby devolution of statutorily defined duties became incumbent to include the duties of prosecutor or city law director.

(Doc. # 37 at 10.) Further, Plaintiffs contend that "[t]here does not exist any binding precedent interpreting R.C. § 3313.35 to the contrary position asserted in the complaint nor any citation foreclosing the argument presented." *Id.* at 13. Millstone replies, contending that Freshwater's arguments fails because it would require the Board of Education to have appointed Millstone to a public office and that no statute or legal authority exists to appoint a private attorney to public office under these circumstances.

The Court finds that the parties' debate is one more appropriate to a dispositive motion as opposed to a motion for sanctions. Indeed, the case relied upon by Millstone, *Horen*, 594 F. Supp.2d 833, was an opinion and order on a motion for judgment on the pleadings. In determining a motion for sanctions under Rule 11 the task is not to determine whether

Freshwater's federal and state law claims for relief can survive a dispositive motion, but instead whether Freshwater's counsel's "conduct was reasonable under the circumstances." *Davis*, 862 F.2d at 88.  The Court sees no indication that counsel acted unreasonably in filing and pursuing this litigation against Millstone.  *See e.g. Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir. 1986) (upholding Rule 11 sanctions against a plaintiff who sued a drug manufacturer solely because it had been a defendant in similar suits and because her medical records were illegible and incomplete, *i.e.*, filed "hoping" discovery would uncover facts to support her claims).

**B. Did Freshwater's counsel bring this action against Millstone for improper motive?**

Millstone argues that Freshwater filed this action against him for improper purpose.  Specifically, Millstone contends that in a settlement letter, Freshwater's counsel conveyed a "veiled threat to harass, unnecessarily delay, or increase the costs of litigation" when he stated: It will be interesting to observe the developments as an apparent conflict exists between Mr. Millstone's representation and the interest of the Mount Vernon City School system coupled with the competing interest of the individual defendants. . . .  I expect additional counsel will be retained by the school board's carrier."  (Doc. # 26 at 13.)  In opposition Freshwater's counsel explains that the wording he chose was based upon his settlement negotiations with insurance counsel for the Board of Education, who had expressed that she contemplated that other counsel would be involved if Freshwater filed an action against the Board of Education.

While Millstone's assessment of Freshwater's counsel's statement as a veiled threat appears reasonable, the Court finds the statement insufficient to establish improper motive under Rule 11.  *See e.g., Danvers v. Danvers*, 959 F.2d 601 (6th Cir. 1992) (sanctionable improper purposes found when party to a divorce/custody action filed suit in federal court against the

domestic relations judge and the estranged spouse threatening judge with exhaustive discovery requests and spouse with increased litigation costs because the judge allegedly refused to rule on various motions for relief).  While the Court agrees that Freshwater's attorney's statement objectively appears to be inappropriate, it does not rise to the level the Sixth Circuit has found to be sanctionable under Rule 11.

## IV.  Conclusion

For the reasons set forth above, the Court **DENIES** Millstone's Motion for Sanctions. (Doc. # 26.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE