**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN D. FRESHWATER, et al. | : | Case No. 2:09cv464 |
| Plaintiffs, | : | JUDGE FROST |
| v. | : | MAGISTRATE JUDGE KING |
| MOUNT VERNON CITY SCHOOL | : | |
| DISTRICT BOARD OF EDUCATION, et al. | : | |
| Defendants. | | |

## DEFENDANT DAVID MILLSTONE'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant David Millstone moves for an order dismissing the Complaint and Amended Complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(6). A Memorandum in Support is attached hereto.

/s/ Gregory B. Scott
Gregory B. Scott (0020248)
*Trial Attorney*
Julie C. Martin (0056163)
Kate V. Davis (0076331)
Scott, Scriven & Wahoff LLP
50 West Broad Street, Suite 2600
Columbus, Ohio 43215
Phone: (614) 222-8686
Fax: (614) 222-8688

Counsel for Defendant David Millstone

<u>**MEMORANDUM IN SUPPORT**</u>

**I.  <u>Statement of Facts</u>**

Plaintiff John Freshwater filed an initial Complaint on June 9, 2009 regarding the Mount Vernon City School District Board of Education's ("Board") consideration of termination of his employment pursuant to O.R.C. § 3319.16, which is still pending.  (Complaint at ¶¶ 22, 26, 148). Plaintiff filed an Amended Complaint on June 18, 2009 to add his wife as a plaintiff and new causes of action (false light/invasion of privacy and loss of consortium).  Plaintiffs are suing Defendant Millstone in his "official capacity" as an agent of the Board.  (See Caption of Original Complaint filed June 9, 2009, unamended in the Amended Complaint).

The Defendant Board of Education retained Defendant Millstone to represent the Board in the matter regarding the termination of Mr. Freshwater's employment.  (Am. Complaint at ¶ 28).[1]  Of the 216 paragraphs of the Amended Complaint asserting claims against the Board, various administrators, and private investigators, only eight mention Defendant Millstone by name.

**II.  <u>The Complaint</u>**

As it relates to Defendant Millstone, Plaintiffs only allege that:

- They are suing Defendant Millstone "in his official capacity."  (Caption of original Complaint, unamended).

- "Defendant David Millstone is a person who was at the time the events in this matter occurred, an agent of the Defendant Board."  (Am. Complaint at ¶ 12).

- "Defendant Board's resolution affirms '(the) Board retained counsel and requested a complete investigation of the charges against Mr. Freshwater by a neutral, outside party'. The counsel retained was Defendant Millstone and the investigation was conducted by or through Defendant H.R. on Call, Inc."  (*Id*. at ¶ 28).

---

[1] For purposes of this Motion, Defendant assumes all allegations contained in the Amended Complaint are true.

- "Article 402 of the Master Contract between The Mount Vernon Board of Education and The Mount Vernon Education Association provides the ability of Defendant Board to investigate Plaintiff Freshwater.  Defendant Board delegated its duty to investigate to Defendants Millstone, H.R. on Call, Inc., and the Herlevi's."  (*Id*. at ¶ 31).

- "Defendant Millstone acted as an agent for Defendant Board."  (*Id*. at ¶ 33).

- "Testimony provided during the statutorily prescribed administrative hearing revealed that Defendants Herlevi's, through H.R. on Call, Inc., submitted draft reports to Defendant Millstone.  Defendant Millstone then provided information and or revision so that Defendants Herlevi's could revise the report ultimately provided to Defendant Board."  (*Id*. at ¶ 34).

- "Defendant White testified during the hearing he signed a letter to Plaintiff Freshwater dated April 7, 2008.  Defendant White testified he only partially wrote the letter and had assistance from Defendant Short and Defendant Millstone…."  (*Id*. at ¶ 71).

- "Defendants, individually and or collectively, among other things published these statements to others, including but not necessarily limited to the investigative report authored by Defendants Millstone, H.R. on Call, Inc. and the Herlevi's."  (*Id*. at ¶ 186).

- "Defendants Board, Short, White, Millstone, H.R. on Call, Inc. and the Herlevi's breached the duties of contract and policy due and owed to Plaintiff Freshwater."  (*Id*. at ¶ 193).

Relying on the legal standards set forth herein, Plaintiffs' Complaint and Amended Complaint must be dismissed, as asserted against Defendant Millstone, as a matter of law.

## III.  Law and Argument

### A.  Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Further, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  The Court "need not accept as true legal conclusions or unwarranted factual inferences."

*Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). **Put another way, bare assertions of legal conclusions are not sufficient**. *Fowlkes v. U.S. National Archives & Records Admin.*, 3:09cv006, 2009 WL 1687940 (S.D. Ohio June 15, 2009) (emphasis added), citing *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996). The United States Supreme Court holds that "to survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Even if the facts alleged in the Amended Complaint are taken as true, it states no viable cause of action against Defendant Millstone and must be dismissed.

### B.  Defendant Millstone Is Not A State Actor For Purposes of 42 U.S.C. Section 1983 (Counts 1, 2, 3, 10 and 16).

The Amended Complaint asserts claims against Defendant Millstone only in his "official capacity;" however, Defendant Millstone is not a state actor. It is well settled that a private attorney does not become a state actor simply by representing a public body. In *Polk County v. Dodson*, 454 U.S. 312, 329, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the Supreme Court held that an attorney employed by the state, such as a public defender, does not have a sufficient relationship to act "under color of state law within the meaning of Section 1983." *See also Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999) (stating that private attorneys are not acting under the color of state law within the meaning of Section 1983 just because they are officers of the court) (citations omitted); *Washington v. Brewer*, No. 91-1935, 1991 WL 243591, at *1 (6th Cir. Nov. 21, 1991) ("A privately retained attorney hired for the purpose of bringing a suit for monetary damages is not considered a state actor under 42 U.S.C. Section 1983.")

The United States Supreme Court has succinctly stated that the acts of "private contractors do not become the acts of the government by reason of their significant or even total

engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed. 2d 418 (1982) (where a nonprofit, privately operated school's receipt of public funds did not make its employment decisions state action). The mere fact that the "private entity performs a function which serves the public does not make its acts state action." *Id*. Similarly, in *Jackson v. Metropolitan Edison Co*., 419 U.S. 345, 349 (1974) the Supreme Court stated:

> Doctors, optometrists, lawyers, Metropolitan, and Nebbia's upstate New York grocery selling a quart of milk are all in regulated business, providing arguably essential goods and services, "affected with a public interest." We do not believe that such a status converts their every action, absent more, into that of the State.

It is also settled in the Sixth Circuit that a party performing a professional service for a public entity does not make that party a state actor. See *Hix v. Tennessee Dept. of Corrections*, 196 Fed. Appx. 350, No. 05-5814 (6th Cir. 2006), where the Sixth Circuit upheld the district court's dismissal of the plaintiff's section 1983 claims against doctors working at a state prison because "Section 1983 does not create a cause of action against private actors," citing *Adams v. Vandermark*, 855 F.2d 312, 314 (6th Cir. 1988) and *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1996) (affirming district court's summary judgment of section 1983 claims against private doctors where it was clear that they were not state actors.) *See also White v. Robertson-Deming*, 9 Fed. Appx. 418 (6th Cir. 2001) (court held that prisoner's claim that two state public defenders failed to act in competent manner did not allege action by persons acting under color of state law, and therefore did not state a section 1983 claim); *see also West v. Lambert*, 3 Fed. Appx. 440 (6th Cir. 2001) (court held public defenders who had allegedly conspired with prosecutor were not state actors, and thus could not be sued under section 1983.) *See also Cicchini v. Blackwell*, 127 Fed. Appx. 187, 2005 Fed. App. 0209N (6th Cir. 2005) (court held private attorney advocacy groups were not state actors for purposes of section 1983.)

The Northern District court has properly applied these principles to a private counsel's representation of a school board in Ohio.  In *Horen v. Board of Educ. of the Toledo City School District*, 594 F. Supp.2d 833 (N.D. Ohio 2009), the parents of a disabled child brought an action under the Individuals with Disabilities Education Act, challenging the outcome of a state administrative complaint that was filed by the board, and asserted claims under Section 1983, the Rehabilitation Act and the Americans with Disabilities Act.  The parents' complaint joined the board's law firm and one of the law firm's attorneys.

The parents sued the defendant lawyers in their ***official*** and individual capacities.  The Court explained that "[g]enerally plaintiffs can file § 1983 claims against public officers in their official capacity as 'another way of pleading an action against an entity of which an officer is an agent.'"  *Id*. at 844.  Citations omitted.  The court went on to explain that because the attorneys involved were private parties engaged in the practice of law they were "far from being an official or even a government employee."  Therefore, ***they were not agents of the state*** and ***could not be sued in their official capacities***.  *Id*.

The Court also held that neither the law firm nor its attorneys were state actors acting under color of law subject to liability under Section 1983, reasoning that attorneys do not become state actors by representing state or local governments.  The Court also held that the law firm and attorney did not conspire with the board to discriminate against the student or parents.  "An attorney representing a client cannot 'conspire' within the attorney-client relationship."  *Id*. at 842.  Citations omitted.  "The Board and its attorneys are, essentially, one entity, and thus, cannot conspire with one another."  *Id*.  The Court also held that the law firm and attorney did not deprive the child or her parents of procedural due process--since they were not state actors they could not be held liable under the Fourteenth Amendment.  *Id*. at 842-43.

Plaintiffs will likely ask this Court to make a ridiculous leap in logic—that because O.R.C. 3313.35 provides that city law directors or county prosecutors must serve as legal counsel to school boards, a private attorney retained by a school board is therefore a public official. There is absolutely nothing in the plain language of the statute or any case law to support this dubious legal theory proposed by Plaintiffs.

O.R.C. 3313.35 provides:

> Except in city, joint vocational, and cooperative education school districts, the prosecuting attorney of the county shall be the legal adviser of all boards of education***In city school districts, the city director of law shall be the legal adviser and attorney for the board thereof, and shall perform the same services for such board as required of the prosecuting attorney for other boards of the county***No compensation in addition to such officer's regular salary shall be allowed for such services.[2]

While Ohio law specifies that certain public officials have the duty to act as legal counsel for boards of education, boards often engage the services of other, private, counsel.  It is well settled that school boards have the authority to contract with (as opposed to appoint) *private* legal counsel.  Ohio Atty. Gen. Op. No. 70-081, *Knepper v. French*, 125 Ohio St. 613, 183 N.E. 869 (1932).  "It is permissible for a city board of education **to contract with private law firms** to provide specific legal services…."  Ohio Atty. Gen. Op. No. 70-081 (emphasis added). Similarly, counties and villages also have this authority; however, that does not make their private counsel a public official.  *E.g., Rose v. Village of Wellsville et al.*, 63 Ohio Misc.2d 9, 613 N.E.2d 262 (1993):  "A general plan village obtains its legal counsel by contract only (R.C. 733.48) rather than by the appointment process" (citations omitted).  "Village legal counsel hired pursuant to statute authorizing a general plan village to obtain legal counsel by contract is not 'public official' nor is his position an 'office.'"  *Id*. at 266.  *See also Pullin v. The Village of*

---

[2] The lawyers retained by the school board in *Horen, supra*, were retained under this same state statutory basis for a city school board to retain private counsel, and the court held the lawyers were not state actors under 42 U.S.C. Section 1983.

*Hiram*, 2003 WL 1904040 (Ohio App. 11 Dist.) ("the nature of the village solicitor's position is that of contractual employee and not of a public office.")  Thus, when a school district or village retains private legal counsel, it is no different than any other private citizen hiring a lawyer.[3] Defendant Millstone is certainly subject to ethics and disciplinary rules of the Ohio Supreme Court; however, his representation of a school district in an administrative proceeding did not magically elevate him to public office.  Therefore, he cannot be subject to liability under 42 U.S.C. Section 1983, and Plaintiffs' claims must be dismissed.

### C.   Plaintiffs have Failed to State a State Law Tort Claim Against Defendant Millstone (Counts 8-12, 17 and 18).

Plaintiffs' other purported claims against Defendant Millstone are based on state law, which include:  hostile work environment, violations of Ohio public policy, conspiracy, defamation, breach of contract, false light, invasion of privacy, and loss of consortium. Further, in paragraphs 204-205, after listing allegations of various torts by various individual defendants, Plaintiffs lump all defendants together with a bald allegation that they acted "maliciously."  Such conclusory allegations are not sufficient to state tort claims in Ohio against an attorney for an opposing party.

It is well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client of the attorney, or unless the attorney acts with malice.  *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 462 N.E.2d 158.  Plaintiffs do not allege they are in privity with Defendant Millstone's client, Mt. Vernon City School District Board of Education, with

---

[3] These arguments are in addition to the fact that a private lawyer or firm retained by a school district is not appointed to any office and therefore does not meet the definition of a "public official."  R.C. 102.01(B).  Nowhere do Plaintiffs allege that Defendant Millstone was appointed to a public office.  Moreover, a privately retained lawyer or firm must be paid by the school district's general fund, whereas if a public official represents a school district such as the county prosecutor, he or she is on salary as part of his or her public office.  R.C. 3313.35; 1954 Ohio A.G. Op. No. 3644.

respect to his provision of services to that client, and they allege (in the initial Complaint) that Defendant Millstone is sued only "in his official capacity," and in paragraph 28 of the Amended Complaint they allege that he performed legal services for Mt. Vernon Board of Education. Thus, the only branch of *Scholler* in this case are the two allegations of malice on the part of Defendant Millstone (Am. Complaint ¶¶ 190, 205).

Ohio courts require much more than the bald allegation of "malice" to state a tort claim against another party's attorney because "the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client." *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 76, 512 N.E.2d 636, 638. Ohio courts recognize that "[t]o allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to offer proper representation to his client in fear of some third-party action against the attorney himself." *W.D.G., Inc. v. Mutual Mfg. & Supply Co.*, (Franklin Co. App. 1976), 5 Oh. Op. 3d 397, 399-400.

Thus, the Ohio Supreme Court held in *Simon v. Zipperstein*, *supra*, that the trial court properly had dismissed claims (on a motion to dismiss converted by the trial court to a motion for summary judgment) against an attorney by a third party because the complaint "set forth no ***special circumstances such as fraud, bad faith collusion or other malicious conduct*** which would justify departure from the general rule." 32 Ohio St.3d, *supra*, at 76-77 (emphasis added).

Likewise the Ohio Court of Appeals for Montgomery County in *Wolfe v. Little*, 2001 WL 427408, at 5-6 (Ohio App. 2 Dist.), held that an "unsupported conclusion that the attorney acted 'maliciously' ... is ... insufficient to survive a motion to dismiss." In *Wolfe*, the defendant attorneys had obtained a default judgment against plaintiffs on behalf of other persons. Plaintiffs sued the attorneys for a "breach of duty" and "abuse of process," alleging that the attorneys had

an *ex parte* communication with the court, lied to the court, filed false documents, and failed to disclose important procedural issues.  The court in *Wolfe* held that the plaintiffs' mere allegations of an ulterior purpose to deprive plaintiffs of their right to due process was insufficient.  Even taking the alleged facts as true, the court noted that "the complaint does not state facts supporting that [the attorneys' action] was conducted for any purpose other than furthering the interests of [the attorneys'] client."  *Id.* at 3.  The court concluded that the attorneys had no duty toward the plaintiffs, as opposed to their client, and that they therefore could not "'maliciously breach' nonexistent duties."  *Id.* at 5.  The "unsupported conclusion" that the attorney acted maliciously could not survive a motion to dismiss.  *Id.*

Like the plaintiffs in *Wolfe*, plaintiffs here simply allege "malice" by Defendant Millstone in taking actions as attorney for the Mt. Vernon Board of Education.  In the Amended Complaint, Plaintiffs allege that he had an investigation done on behalf of his client; reviewed and revised or prepared documents for his client; and he introduced evidence on behalf of his client in a local administrative proceeding to terminate Plaintiff John Freshwater's employment that remains pending.  (Am. Complaint ¶¶ 28, 31, 34, 71).  Plaintiffs allege no duty owed by Defendant Millstone to them, but make the bald allegation that he "breached the duties of contract and policy due and owed to Plaintiff Freshwater."  (Am. Complaint ¶ 193).  But Plaintiffs do not allege that Defendant Millstone had a contract with them or had any "policy" obligations to them.  Indeed, the Amended Complaint alleges that Plaintiff Freshwater was employed by the Defendant Board of Education, not by Defendant Millstone.  (Am. Complaint ¶ 4).  Further, Plaintiffs allege no facts that he took specific actions violating any rights of Plaintiffs outside his role as attorney for his client.  He owed duties to his client, not to Plaintiffs, in the context of the local administrative proceeding.  Therefore, as in *Wolfe*, he could not

"maliciously" violate any duties to Plaintiffs on which they can base tort claims.  Since Plaintiffs cannot rely on their bald allegations of "malice" against Defendant Millstone, the Amended Complaint fails to state any tort claims against him based on Ohio law and thus must be dismissed.

In fact, this Court's recent Opinion and Order (Doc. 48) regarding Defendant Weston's Motion to Dismiss illustrates the distinction between the allegations against Defendant Millstone versus those made against Defendant Weston and other defendants.  For example, the Court found Plaintiffs alleged sufficient facts to support a claim for defamation against Defendant Weston.  Plaintiffs alleged that "Weston knowingly made the false statements at issue here to H.R. on Call Inc. and that Weston herself admitted to doing so when she testified at the administrative hearing on Freshwater's potential termination.  Freshwater *alleges specifically the content of the false statement and alleges where and when the statement was made*."  See Doc. 48 at p. 11 (emphasis added).  The Court also found that Plaintiffs made sufficient allegations of malice regarding state statutory immunity to survive Weston's motion to dismiss because Plaintiffs alleged that Defendant Weston violated Freshwater's rights by:

> lying during the investigation of Freshwater when she stated that she had to "deal with internal and external complaints about his failure to follow the curriculum for much of her 11 years at Mount Vernon."  Freshwater alleges that Weston's admittedly inaccurate statements were made in combination with an agreement with other defendants to harm Freshwater, were defamatory, and placed him in a false light before the public.  Further, Freshwater alleges that Weston treated him differently than she treated his similarly situated coworkers.

*Id*. at p. 15.  Plaintiffs make no allegations against Defendant Millstone for any such conduct.

Accordingly, the vague and conclusory allegations against him are insufficient under *Simon v. Zipperstein*, *supra*, and *Wolfe v. Little*, *supra*.[4]

**IV.  Conclusion**

      For the foregoing reasons, Plaintiffs fail to state any claims upon which relief can be granted.  Therefore, Defendant Millstone respectfully moves this Court to dismiss all counts filed against him.

                    Respectfully submitted,

                    /s/ Gregory B. Scott
                    Gregory B. Scott (0020248)
                    *Trial Attorney*
                    Julie C. Martin (0056163)
                    Kate V. Davis (0076331)
                    Scott, Scriven & Wahoff LLP
                    50 West Broad Street, Suite 2600
                    Columbus, Ohio 43215
                    Phone: (614) 222-8686
                    Fax: (614) 222-8688

                    Counsel for Defendant David Millstone

---

[4] The lack of sufficient allegations against Defendant Millstone raises the question of why he is even named as a Defendant.  The answer is found in this Court's Opinion and Order denying Defendant Millstone's Motion for Sanctions (Doc. 47).  Although denying the Motion, this Court concluded that "Millstone's assessment of Freshwater's counsel's statement as a veiled threat appears reasonable," and "Freshwater's attorney's statement objectively appears to be inappropriate."  *Id*. at pp. 6-7.

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2009 a copy of foregoing Defendant's Motion to

Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) was filed electronically.

Notice of this filing will be sent to all parties identified below by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system.

The Law Office of R. Kelly Hamilton
P.O. Box 424
Grove City, Ohio 43123
*Attorney for Plaintiffs*
*John and Nancy Freshwater*

David K. Smith, Esq.
Krista K. Keim, Esq.
Sarah J. Moore, Esq.
BRITTON, SMITH, PETERS &
KALAIL, CO., LPA
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131
*Attorneys for Mount Vernon City School*
*District Board of Education, Ian Watson,*
*Jody Goetzman, Steve Short and William*
*White*

Nicole M. Donovsky, Esq.
Richard W. Ross, Esq.
Stacy V. Pollock, Esq.
MEANS, BICHIMER, BURKHOLDER
& BAKER CO., LPA
2006 Kenny Road
Columbus, Ohio 43221
Attorneys for Defendant Lynda Weston

C. Joseph McCullough, Esq.
WHITE, GETGEY & MEYER CO.,
LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
*Co-counsel for Defendant Lynda Weston*

Larry Craig Greathouse
GALLAGHER, SHARP, FULTON
& NORMAN
1501 Euclid Avenue
Cleveland, Ohio 44115
*Attorney for Defendants H.R.*
*On Call and Thomas and Julia*
*Herlevi*

/s/ Gregory B. Scott
Gregory B. Scott