**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| JOHN D. FRESHWATER, et al. : | |
| : | Case No. 2:09cv464 |
| Plaintiffs, : | |
| : | JUDGE FROST |
| v. : | |
| : | |
| MOUNT VERNON CITY SCHOOL : | |
| DISTRICT BOARD OF EDUCATION, et al. : | |
| : | |
| Defendants. : | |

**ANSWER OF DEFENDANT LYNDA WESTON
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
(with Jury Demand)**

Now comes Defendant Lynda Weston (hereinafter "Defendant"), and for her Answer to Plaintiffs' First Amended Complaint, states as follows:

1.  For her response to the Introductory paragraph of Plaintiffs' First Amended Complaint, Defendant denies she deprived Plaintiffs of rights secured and provided by the United States Constitution. Further answering, Defendant denies she discriminated, harassed, or attempted to terminate Plaintiff John Freshwater for keeping a personal Bible on his desk. Defendant also denies making false or injurious allegations against Plaintiff John Freshwater in an attempt to discredit either of the Plaintiffs.

2.  In response to Paragraphs 1-3 of Plaintiffs' First Amended Complaint, Defendant admits that this Court has jurisdiction to consider this case and further admits that venue is proper.

3.  In response to the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint, Defendant admits Plaintiff John Freshwater has been employed by the

Mount Vernon City School District Board of Education as an Eighth Grade science teacher. Defendant denies, for lack of knowledge, the remaining allegations contained therein.

  4.  In response to the allegations contained in Paragraph 5 of the First Amended Complaint, Defendant denies the allegations based upon lack of personal knowledge.

  5.  In response to the allegations contained in Paragraph 6 of the First Amended Complaint, Defendant denies that the Mount Vernon City School District Board of Education is a public school system located within Knox County, Ohio.  Defendant avers that the Board of Education is a political subdivision authorized to operate and manage the schools of the Mount Vernon City School District in Knox County, Ohio.

  6.  In response to the allegations contained in Paragraphs 7-9 of the First Amended Complaint, Defendant admits that Ian Watson was President of Defendant Board, that Jody Goetzman was a member of Defendant Board, and that Steve Short was Superintendent of Defendant Board.  Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

  7.  In response to the allegations contained in Paragraph 10 of the First Amended Complaint, Defendant admits that she served as the Director of Teaching and Learning with the Mount Vernon City School District Board of Education.  Defendant denies that she was employed by the Mount Vernon City School District Board of Education as the Director of Teaching and Learning and denies the remaining allegations contained therein.

  8.  In response to the allegations contained in Paragraph 11 of the First Amended Complaint, Defendant admits that William White was Principal of Mount Vernon Middle

School. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

9.     In response to the allegations in Paragraph 12, of the First Amended Complaint, Defendant admits that Defendant Millstone was an attorney for Defendant Board. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

10.    In response to the allegations in Paragraphs 13-15 of the First Amended Complaint, Defendant admits that H.R. on Call, Inc, Thomas J. Herlevi, and Julia F. Herlevi were asked by Defendant Board to conduct an investigation. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

11.    In response to the allegations in Paragraph 16 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

12.    Paragraphs 17 and 18 of the First Amended Complaint are statements that do not require an answer. To the extent Plaintiffs proffer a legal conclusion, Defendant denies these paragraphs.

13.    In response to the allegations contained in Paragraphs 19-22 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or

3

information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

16. In response to the allegations contained in Paragraphs 23-24 of the First Amended Complaint, Defendant admits that Defendant Board adopted a resolution regarding the employment of Plaintiff. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

15. In response to the allegations contained in Paragraph 25 of the First Amended Complaint, Defendant admits that Defendant Board voted to amend the resolution regarding Plaintiff by identifying the applicable curriculum standards as "Academic Content Standards." Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

16. In response to the allegations contained in Paragraphs 26-29 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

17. Defendant admits the allegations contained in Paragraph 30 of the First Amended Complaint.

18. In response to the allegations contained in Paragraphs 31-39 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or

4

information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

19. In response to the allegations contained in Paragraph 40 of the First Amended Complaint, Defendant admits that Defendant Board voted to reject Plaintiff Freshwater's proposal regarding Intelligent Design. Defendant denies that Plaintiff made a presentation to the Board concerning the analysis of evolution. Defendant avers that Plaintiff presented his proposal to the Science Curriculum Committee. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

20. In response to the allegations contained in Paragraph 41 of the First Amended Complaint, Defendant admits that the State Board of Education for the State of Ohio adopted the Academic Content Standards for eighth grade science and that Defendant Board adopted the same standards. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

21. In response to the allegations contained in Paragraph 42 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

22. In response to the allegations contained in Paragraph 43 of the First Amended Complaint, Defendant admits that Plaintiff Freshwater's students, as a group, achieved the highest proficiency scores on the standardized Ohio Achievement Tests when comparing

their scores to the scores of the students of other eighth grade science teachers. Defendant avers that a comparison of proficiency scores is not indicative of the competency of instructors due to the composition of students. Defendant also admits that Plaintiff Freshwater had students who were on individual education plans, but avers that there were intervention specialists in Plaintiff Freshwater's classroom to assist these students. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

23. In response to the allegations contained in Paragraph 44 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

24. In response to the allegations contained in Paragraph 45 of the First Amended Complaint, Defendant admits she testified that she is not aware of any directive prohibiting teachers from teaching beyond the academic content standards. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

25. In response to the allegations contained in Paragraphs 46-48 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

26. In response to the allegations contained in Paragraph 49 of the First Amended Complaint, Defendant admits that Defendant Board's then superintendent directed Plaintiff Freshwater to delete a handout from his resources that could not be sourced to the author. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

27. In response to the allegations contained in Paragraphs 50-78 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

28. In response to the allegations contained in Paragraph 79 of the First Amended Complaint, Defendant admits that Plaintiff Freshwater made a public statement at the town square of the City of Mount Vernon. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

29. In response to the allegations contained in Paragraph 80 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

30. In response to the allegations contained in Paragraph 81 of the First Amended Complaint, Defendant admits that Mount Vernon Middle School teacher Lori Miller spoke in favor of Plaintiff Freshwater during a public meeting of Defendant Board. Defendant

submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

31. In response to the allegations contained in Paragraphs 82-87 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

32. In response to the allegations contained in Paragraph 88 of the First Amended Complaint, Defendant admits that Plaintiff Freshwater had some involvement with the Fellowship of Christian Athletes. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

33. In response to the allegations contained in Paragraphs 89-93 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same. Defendant avers that Defendant Board's resolution speaks for itself.

34. In response to the allegations contained in Paragraphs 94-112 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

35. In response to the allegations contained in Paragraph 113 of the First Amended Complaint, Defendant admits that she testified that she had personal knowledge of what church Plaintiff attended. Defendant avers that she learned of this information in the 1990s when the media reported on Plaintiff Freshwater's missionary trip to China. She avers that she was also made aware of Plaintiff's religion when church minister Don Matolyak wrote a letter to Defendant Board in 2003. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same

36. In response to the allegations contained in Paragraph 114 of the First Amended Complaint, Defendant admits that Defendants H.R. on Call, Inc. and the Herlevi's investigative report speaks for itself. Defendant avers she that testified that this statement in the investigative report was inaccurate insofar as it implied that she had been receiving internal and external complaints for eleven years. She testified that she was made aware of concerns from 2002 on. Defendant denies any remaining allegations.

37. In response to the allegations contained in Paragraph 115 of the First Amended Complaint, Defendant admits that she testified that this statement in the investigative report was inaccurate insofar as it implied that she had been receiving internal and external complaints for eleven years. She testified that she was made aware of concerns from 2002 on. Defendant denies the allegation that she had been receiving complaints for much of her eleven (11) years and denies that she could not provide any documentation detailing the alleged internal and external complaints. Defendant submits that she is without sufficient

knowledge or information to form an opinion as to the truth or accuracy of the remaining allegations contained therein, and therefore denies the same.

38. In response to the allegations contained in Paragraph 116 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 37 of her Answer.

39. In response to the allegations contained in Paragraphs 117-120 of the First Amended Complaint, Defendant denies the allegations as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

40. In response to the allegations contained in Paragraph 121 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

41. Defendant denies the allegations contained in Paragraph 122 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

42. In response to the allegations contained in Paragraph 123 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 41 of her Answer.

43. In response to the allegations contained in Paragraph 124 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

44. Defendant denies the allegations contained in Paragraph 125 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

45. In response to the allegations contained in Paragraph 126 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

46. Defendant denies the allegations contained in Paragraph 127 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

47. In response to the allegations contained in Paragraph 128 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 46 of her Answer.

48. In response to the allegations contained in Paragraph 129 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

49. Defendant denies the allegations contained in Paragraphs 130-131 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

50. In response to the allegations contained in Paragraph 132 of the First Amended Complaint, Defendant is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

51. Defendant denies the allegations contained in Paragraph 133 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

52. In response to the allegations contained in Paragraph 134 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 51 of her Answer.

53. In response to Paragraphs 135-149 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

54. In response to the allegations contained in Paragraph 150 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 53 of her Answer.

55. In response to Paragraphs 151-160 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

56. In response to the allegations contained in Paragraph 161 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 55 of her Answer.

57. In response to Paragraphs 162-168 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

58. In response to the allegations contained in Paragraph 169 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 57 of her Answer.

59. In response to Paragraphs 170-171 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

60. In response to the allegations contained in Paragraph 172 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 59 of her Answer.

61. In response to Paragraphs 173-175 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

62. In response to the allegations contained in Paragraph 176 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 61 of her Answer.

63. In response to Paragraphs 177-178 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

64. In response to the allegations contained in Paragraph 179 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 63 of her Answer.

65. Defendant denies the allegations contained in Paragraphs 180-181 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

66. In response to the allegations contained in Paragraph 182 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 65 of her Answer.

67. Defendant denies the allegations contained in Paragraphs 183-191 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

68.	In response to the allegations contained in Paragraph 192 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 67 of her Answer.

69.	In response to Paragraphs 193-194 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

70.	In response to the allegations contained in Paragraph 195 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 69 of her Answer.

71.	In response to Paragraphs 196-200 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

72.	In response to the allegations contained in Paragraph 201 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 71 of her Answer.

73.	In response to Paragraphs 202-203 of the First Amended Complaint, to the extent that any allegation is made against Defendant or her interests, Defendant denies the allegations for lack of sufficient information or knowledge to form an opinion as to the truth or accuracy of the allegations.

74. In response to the allegations contained in Paragraph 204 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 73 of her Answer.

75. Defendant denies the allegations contained in Paragraph 205 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

76. In response to the allegations contained in Paragraph 206 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 75 of her Answer.

77. Defendant denies the allegations contained in Paragraph 207 of the First Amended Complaint.

78. In response to the allegations contained in Paragraph 208 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 77 of her Answer.

79. Defendant denies the allegations contained in Paragraphs 209-212 of the First Amended Complaint as to Defendant Weston. Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

80. In response to the allegations contained in Paragraph 213 of the First Amended Complaint, Defendant reasserts and incorporates by reference as if fully restated herein paragraphs 1 through 79 of her Answer.

81. In response to the allegations contained in Paragraphs 214-215 of the First Amended Complaint, Defendant submits that she is without sufficient knowledge or information to form an opinion as to the truth or accuracy of the allegations contained therein, and therefore denies the same.

82. Defendant denies the allegations contained in Paragraph 216 of the First Amended Complaint.

83. Defendant denies that Plaintiffs are entitled to any of the relief prayed for in the WHEREFORE paragraphs of the First Amended Complaint. Defendant further denies all allegations as set forth in Plaintiffs' First Amended Complaint not specifically admitted herein. Defendant asserts the following Affirmative Defenses with respect to Plaintiffs' First Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**

84. Plaintiffs have failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

85. Plaintiffs have failed to join indispensable parties.

**THIRD AFFIRMATIVE DEFENSE**

86. Plaintiffs' injuries were caused in whole or in part by their own conduct, or by the conduct of others.

**FOURTH AFFIRMATIVE DEFENSE**

87. Defendant is entitled to good faith qualified immunity under federal law.


**FIFTH AFFIRMATIVE DEFENSE**

88. Defendant is entitled to immunity under Chapter 2744 of the Ohio Revised Code with respect to the state law claims alleged by Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

89. Punitive damages may not be awarded against Defendant in her official capacity.

**SEVENTH AFFIRMATIVE DEFENSE**

90. Plaintiffs' right to damages is limited by Ohio Revised Code Chapter 2744.

**EIGHTH AFFIRMATIVE DEFENSE**

91. Some or all of Plaintiffs' claims are barred by applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**

92. Plaintiffs have waived the right to assert some or all of their claims.

**TENTH AFFIRMATIVE DEFENSE**

93. Plaintiffs fail to exhaust all available administrative remedies.

**ELEVENTH AFFIRMATIVE DEFENSE**

94. Defendant is absolutely or qualifiedly privileged.

**TWELFTH AFFIRMATIVE DEFENSE**

95. Plaintiff failed to plead with specificity his claim for civil conspiracy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

96. Defendant reserves the right to assert additional affirmative defenses to the extent that they are revealed during the course of discovery and trial.

WHEREFORE, Defendant Weston, having fully answered the allegations contained in the First Amended Complaint, requests that said First Amended Complaint be dismissed with costs and attorney fees assessed to the Plaintiffs.

Defendant requests Trial by Jury.

Respectfully submitted,

*Of Counsel:*
Richard W. Ross (0009363)

Stacy V. Pollock (0080229)
MEANS, BICHIMER, BURKHOLDER
 & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio  43221
T:  (614) 485-2010
F:  (614) 485-2019
*Weston*
 E:  rross@mbbblaw.com
 E:  spollock@mbbblaw.com

 *s/ Nicole M. Donovsky*
Nicole M. Donovsky (0072262)
MEANS, BICHIMER, BURKHOLDER
 & BAKER CO., L.P.A.
2006 Kenny Road
Columbus, Ohio  43221
T:  (614) 485-2010
F:  (614) 485-2019
E:  ndonovsky@mbbblaw.com
*Trial Attorney for Defendant Lynda*

## CERTIFICATE OF SERVICE

   I hereby certify that on December 21, 2009, I electronically filed the foregoing *Answer* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

R. Kelly Hamilton, Esq.
The Law Office of R. Kelly Hamilton
P.O. Box 424
Grove City, Ohio  43123
*Attorney for Plaintiffs John and Nancy Freshwater*

David K. Smith, Esq.
Krista K. Keim, Esq.
Sarah J. Moore, Esq.
BRITTON, SMITH, PETERS & KALAIL, CO., LPA
3 Summit Park Drive, Suite 400
Cleveland, OH  44131
*Attorneys for Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Steve Short and William White*

Larry C. Greathouse, Esq.
GALLAGHER SHARP
1501 Euclid Avenue
Sixth Floor, Bulkley Building
Cleveland, Ohio 44115
*Attorney for Defendants H.R. On Call, Inc., Julia F. Herlevi and Thomas J. Herlevi*

Greg Scott, Esq.
Kathleen V. Davis, Esq.
SCOTT, SCRIVEN & WAHOFF LLP
50 W. Broad Street, Suite 2500
Columbus, Ohio 43215
*Attorneys for David Millstone, Esq.*

C. Joseph McCullough, Esq.
White, Getgey & Meyer Co., LPA
8977 Columbia Road, Suite A
Loveland, Ohio 45140
*Co-Counsel for Defendant Lynda Weston*

             <u>*s/ Nicole M. Donovsky*</u>
             Nicole M. Donovsky (0072262)