## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| John Freshwater, et al., | ) |
| | ) CASE NO. 2:09 cv 464 |
| Plaintiff, | ) |
| | ) JUDGE FROST |
| vs. | ) MAGISTRATE JUDGE KING |
| | ) |
| Mount Vernon City School District Board of Education, et al., | ) **DEFENDANTS' MOTION TO COMPEL** |
| | ) **PLAINTIFFS TO RESPOND TO** |
| | ) **DISCOVERY AND FOR AN EXTENSION** |
| Defendants. | ) **OF DEFENDANTS' PRIMARY EXPERT** |
| | **DEADLINE** |

Pursuant to Federal Rules of Civil Procedure and Local Rules 37.1 and 37.2, Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Steve Short and William White (hereinafter "Defendants"), hereby move the Court for an order compelling Plaintiff John Freshwater and Plaintiff Nancy Freshwater (hereinafter "Plaintiffs") to respond to outstanding discovery and to produce items they are withholding from Defendants. Notably, despite this Court having already placed Plaintiff John Freshwater and his legal counsel on notice of the requirements of Civ. R. 33 and Civ. R. 34 in the sister case to this matter, *Doe v. Mount Vernon City School District Board of Education*, Case No. 2:08 CV 575, Plaintiffs have refused to provide the required discovery responses in this matter, have misrepresented when responses would be forthcoming, and have failed to communicate, leaving Defendants no other choice than to seek Court intervention. Defendants, therefore, respectfully request that the Court enter an order compelling Plaintiffs to produce the requested discovery responses and for their reasonable expenses incurred in making this motion, including attorney fees.

1

Additionally, due to the natural result of Freshwater's intentional gamesmanship to hinder the discovery process, Defendants have been placed in a position of potential prejudice in regard to the upcoming primary expert deadline due to their inability to adequately and reasonably ascertain who may be needed to be called as an expert witness for the defense.  Therefore, Defendants respectfully request that this Court extend Defendants' primary expert deadline to forty-five (45) days after Plaintiffs provide full and complete responses to the outstanding discovery, or to a date the Court believes appropriate.

        Respectfully Submitted,

/s/ *Sarah J. Moore*
David Kane Smith  (0016208)
Krista Keim  (0067144)
Sarah J. Moore (0065381)
BRITTON, SMITH, PETERS
   & KALAIL CO., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131
Telephone:  (216) 503-5055
Facsimile:  (216) 503-5065
Email: dsmith@ohioedlaw.com
      kkeim@ohioedlaw.com
      smoore@ohioedlaw.com

*Attorneys for Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Steve Short and William White*

**MEMORANDUM IN SUPPORT**

I.     **FACTUAL BACKGROUND**

On May 3, 2010 and May 10, 2010, Defendants, by and through counsel, served discovery requests on Plaintiffs seeking discovery needed to prepare their defense to Plaintiffs' claims. (May 3, 2010 discovery: *Defendant Mount Vernon City School District Board of Education's First Set of Interrogatories Propounded to Plaintiff Nancy Freshwater; Defendant Mount Vernon City School District Board of Education's First Request for Production of Documents Propounded to Plaintiff Nancy Freshwater;* and *Defendant Mount Vernon City School District Board of Education's First Request for Production of Documents Propounded to Plaintiff John Freshwater* (attached as Exhibit 1) & May 10, 2010 discovery: *Defendant Mount Vernon City School District Board of Education's First Set of Interrogatories Propounded to Plaintiff John Freshwater; Defendant Ian Watson's First Set of Interrogatories Propounded to Plaintiff John Freshwater; Defendant Jody Goetzman's First Set of Interrogatories Propounded to Plaintiff John Freshwater; Defendant Stephen Short's First Set of Interrogatories Propounded to Plaintiff John Freshwater;* and *Defendant William White's First Set of Interrogatories Propounded to Plaintiff John Freshwater* (attached as Exhibit 2)).

Under Civ. R. 33 and Civ. R. 34, Plaintiffs had thirty (30) days to adequately respond. To date, Plaintiffs have refused, failed, and neglected to provide their discovery requests. Further, Plaintiffs' counsel misrepresented to Defendants' counsel when these items would be forthcoming and has failed to notify Defendants' counsel when the responses will be provided.

Defendants' counsel, pursuant to Civ. R. 37, made numerous good faith attempts to obtain the discovery responses from Plaintiffs without court action. After Defendants' counsel did not receive Plaintiffs' responses to Defendants' May 3, 2010 discovery requests (due June 2, 2010),

she emailed Plaintiffs' counsel, R. Kelly Hamilton ("Mr. Hamilton") about the deficiency and, without request, extended the response date to June 11, 2010. (Declaration of Sarah J. Moore, attached as Exhibit 3). Although Mr. Hamilton emailed Defendants' legal counsel on June 9, 2010 that he would respond to her inquiry regarding the status of discovery that day, he failed to respond as promised. *Id.* Having not received a response and after Plaintiffs failed to provide their responses to the May 10, 2010 discovery requests (due June 9, 2010), Defendants' counsel emailed Mr. Hamilton on June 15, 2010 about the deficiencies and, without request, extended the response date to June 16, 2010. *Id.* Later that day, Mr. Hamilton represented to Defendants' counsel that he would provide Plaintiffs' responses to the outstanding discovery before or on the scheduled mediation date, June 21, 2010. *Id.*

After the mediation on June 21, 2010, Defendants' counsel approached Mr. Hamilton and for the outstanding discovery responses. *Id.* Mr. Hamilton stated he did not have the responses, was working on them, but refused to give a date certain by which the responses would be given. *Id.* Defendants' legal counsel told Mr. Hamilton his clients had until Friday, June 25, 2010 to provide the outstanding responses or she would seek the Court's intervention. Defendants' counsel followed up in writing the next day. *Id.* On June 23, 2010, Mr. Hamilton corresponded with Defendants' counsel providing alleged "responses" to the outstanding discovery, which, but for one document, consisted of a replication of the discovery requests and a one-line statement reading "As to each of the numerated items requested, Plaintiff will supplement by Friday, June 25, 2010." *Id.* Defendants' legal counsel notified Mr. Hamilton on June 23, 2010 that his characterization of the documents as "discovery responses" was misleading and wholly inaccurate, noting they did not comply with Civ. R. 33 and Civ. R. 34. *Id.* Plaintiffs did not produce the outstanding discovery responses to Defendants' counsel at her office by 5:00 p.m. on

4

June 25, 2010 as demanded in her June 22, 2010 correspondence. *Id.* Further, Mr. Hamilton has not notified Defendants' legal counsel of the status of the discovery responses as of the time of this filing. *Id.*

From Defendants' perspective, they have no other recourse than to seek this Court's intervention. Mr. Hamilton has demonstrated a pattern of misrepresentation and his conduct does not contain any indicia of an intention to comply with the letter and spirit of Civ. R. 33 and Civ. R. 34.

## II.     ARGUMENT

### A.     Standard for Production

The Federal Rules of Civil Procedure permit parties in litigation to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Specifically relating documents in their possession, parties subject to a request must produce:

> (A) Any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things….

*Id*. at 34(a)(1). Regarding such requests for production, the Sixth Circuit has emphasized that "the rules are broad, and litigants are required to comply with all properly propounded document requests." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001), *cert. denied*, 534 U.S. 821 (2001) (citing FED. R. CIV. P. 34). In light of these rules, their broad construction, and Defendants' repeated requests for relevant discovery items, Plaintiffs stand in clear violation of the rules governing document production.

> **B.    Defendants Properly Propounded Requests For Documents and Plaintiffs Failed to Provide Discovery Responses Despite Defendants' Good Faith Attempts.**

Defendants served Plaintiffs discovery requests May 3, 2010 and May 10, 2010. (Exhibits 1&2).  Plaintiffs had a duty under Civ. R. 33 and Civ. R. 34 to answer separately and fully, in writing and under oath and serve a copy upon counsel for the Board within thirty (30) days of service. (Exhibit 3).  To date, Plaintiffs have refused, failed, and neglected to provide their answers to the May 3, 2010 and May 10, 2010 discovery.  Further, Mr. Hamilton has not notified Defendants' counsel of the status of the discovery responses as of the time of this filing.  *Id.*

Defendants' counsel has made numerous good faith attempts to resolve this discovery matter.  After Mr. Hamilton claimed on June 9, 2010 that his clients had not been able to complete their responses because Plaintiffs had been in attendance at an administrative hearing several of the preceding days, Defendants, without request, extended the deadline to June 15, 2010 in a good faith effort to accommodate Mr. Hamilton and his clients.  *Id.*  After Mr. Hamilton claimed on June 15, 2010 that he did not have Plaintiffs' responses because of numerous demands on him and represented the responses would be provided no later than June 21, 2010, Defendants patiently agreed to wait.  *Id.*

When no responses were forthcoming as promised and it became apparent to Defendants' counsel that Mr. Hamilton appeared to not be acting in good faith, Defendants' counsel notified Mr. Hamilton verbally on June 21, 2010[1] and in writing the following day the discovery

---

[1]    On June 21, 2010, Mr. Hamilton did not provide Defendants' counsel the outstanding discovery responses.  (Exhibit 3).  At the conclusion of the mediation that day, Defendants' counsel asked when she should expect the discovery responses.  *Id.*  Mr. Hamilton refused to give a date certain.  *Id.*  In one breath Mr. Hamilton stated Defendants' counsel could expect some items would be made available the next day and some others within a few days, and in then in

responses had to be provided to her no later than 5:00 p.m. on June 25, 2010. *Id.* Mr. Hamilton did not provide the discovery responses, represented he would have them to counsel by June 25, 2010, and has not informed Defendants' counsel of the status of the responses as of this filing. *Id.*

On June 23, 2010, Mr. Hamilton emailed Sarah Moore, with what were labeled as Freshwater's responses to discovery. *Id.* This time, Mr. Hamilton blamed his untimely responses on an event out of his control, this time, a fatal accident on State Route 71 that delayed his return to his office by hours. *Id.* Upon inspection of the attached items, it was apparent that Plaintiffs' "discovery responses," were in fact, unresponsive.[2] (Exhibit 2). Plaintiff John Freshwater's sole discovery response was: "As to each of the numerated items requested for production, Plaintiff will supplement by Friday, June 25, 2010." *Id.* Plaintiff Nancy Freshwater used this method to respond to Defendant Board's May 3, 2010 Request for Production of Documents.[3] *Id.*

Under Civ. R. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." There can be no doubt Plaintiff John

---

the very next breath he stated his clients would give responses they had when they were ready (with no date certain) and had an obligation to supplement – giving the impression Plaintiffs' intended to engage in a discovery game of cat and mouse. *Id.* Defendants' counsel asked Mr. Hamilton whether all audio recordings would be produced and he explained that he had some of the audio recordings requested in his possession, but not all of them. *Id.* When Defendants' counsel finally asked Mr. Hamilton to clarify if what he was saying meant that she could expect the responses by Friday, June 25, 2010, he simply reiterated his previous statements and repeated himself about supplementation. *Id.* He would not provide a date certain despite repeated request. Defendants' counsel responded that if she did not receive the discovery responses by 5:00 p.m. on June 25, 2010, she would have no choice but to file a motion to compel. *Id.*

[2] It should be noted Plaintiff Nancy Freshwater did provide some answers to Interrogatories on June 23, 2010. Defendants' counsel notified Mr. Hamilton Plaintiff Nancy Freshwater's Answers to Interrogatories Nos. 6, 7,8, 9, 10, 11, 12(b), 12(c), and 12(d) were not full and complete as required by Civ. R. 33. To date, Plaintiff Nancy Freshwater has not supplemented her responses.

[3] A copy of the pages from Plaintiffs' June 23, 2010 responses containing this statement are attached as Exhibit 4.

7

Freshwater's responses were all evasive at best.  Similarly, Plaintiff Nancy Freshwater was evasive in her response to the Request for Production of Documents and failed to provide all the information requested in the Interrogatories.  Plainly, Plaintiffs responses are a blatant attempt to circumvent the Rules. To suggest one is supplementing a non-response, is not a supplement under the letter and spirit of the Civil Rules.

Furthermore, Plaintiffs' responses indicated that they would be "supplemented" by June 25, 2010. (Ex. 2). To date, Plaintiffs have not provided the promised "supplementation" and their counsel has made no attempt to inform Defendants' counsel about the status of the discovery responses knowing Defendants' counsel intended on filing for relief with the Court today.  For the foregoing reasons and considering the nature of Plaintiffs and Mr. Hamilton's behavior in this case, and Plaintiff John Freshwater and Mr. Hamilton's conduct in the sister case mentioned above, Defendants' request this motion be granted and the court order Plaintiffs and/or Mr. Hamilton to pay the expenses and attorney fees incurred by Defendants in filing this motion.

### C. Freshwater's Failure To Respond To Defendants' Discovery Requests Prejudice Defendants' Ability to Timely Retain Primary Experts

As the primary expert deadline looms, Defendants fear that by the time Plaintiffs provide full and adequate discovery responses, there will be little, if no time to adequately prepare and retain primary experts in this case, should they be necessary. Considering the voluminous records, exhibits and other documents/information and audio recordings Defendants believe Plaintiffs have in their possession, Defendants can only speculate as to who they may need to retain as an expert in this case.  Defendants are in the position of being potentially prejudiced by Plaintiffs' conduct.  Therefore, Defendants request the Court extend only Defendants' primary expert deadline to forty-five (45) days after Plaintiffs provide full and adequate discovery responses, or to such other date as this Court determines appropriate.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Compel and to extend their primary expert deadline.

>	/s/ *Sarah J. Moore*
>	David Kane Smith  (0016208)
>	Krista Keim  (0067144)
>	Sarah J. Moore (0065381)
>	BRITTON, SMITH, PETERS
>	    & KALAIL CO., L.P.A.
>	3 Summit Park Drive, Suite 400
>	Cleveland, Ohio 44131
>	Telephone:  (216) 503-5055
>	Facsimile:  (216) 503-5065
>	Email:  dsmith@ohioedlaw.com
>	             kkeim@ohioedlaw.com
>	             smoore@ohioedlaw.com
>
>	*Attorneys for Defendants Mount Vernon City School District Board of Education, Ian Watson, Jody Goetzman, Steve Short and William White*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June, 2010, a copy of the foregoing *Defendants' Motion to Compel Plaintiffs to Respond to Discovery and For An Extension of Defendants' Primary Expert Deadline* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    /s/ *Sarah J. Moore*_____
    One of the Attorneys for Defendants

**DEFENDANTS' EXHIBITS IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DISCOVERY AND FOR AN EXTENSION OF DEFENDANTS' PRIMARY EXPERT DEADLINE**

**Exhibit 1:** Defendants' May 3, 2010 Discovery Requests to Plaintiffs

**Exhibit 2:** Defendants' May 10, 2010 Discovery Requests to Plaintiffs

**Exhibit 3:** Declaration of Sarah J. Moore

**Exhibit 4:** Pages from Plaintiffs' June 23, 2010 Discovery Responses