```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**JOHN D. FRESHWATER, *et al.*,**

      **Plaintiff,**

  **vs.**                                           **Civil Action 2:09-CV-464**
                                                            **Judge Frost**
                                                            **Magistrate Judge King**

**MOUNT VERNON CITY SCHOOL DISTRICT**
**BOARD OF EDUCATION, *et al.*,**

      **Defendants.**


## OPINION AND ORDER

Plaintiff John Freshwater alleges that defendants discriminated against him, harassed him and attempted to terminate his employment because this plaintiff kept his personal Bible on his desk. He asserts claims under 42 U.S.C. § 1983 of denial of his First Amendment rights, equal protection and due process; he also asserts claims of religious discrimination, harassment and retaliation under Title VII, 42 U.S.C. § 2000e-5, as well as state law claims under O.R.C. § 4112.02, .99. The complaint also asserts state law claims of violation of public policy, civil conspiracy, defamation, breach of contract, "res judicata," negligence, bad faith and invasion of privacy.[1] Plaintiff Nancy Freshwater asserts a loss of consortium

---

[1] On December 8, 2009, the Court granted in part and denied in part the motion to dismiss of defendant Lynda Weston. *Opinion and Order*, Doc. No. 48. The Court also previously dismissed David Millstone as a defendant. *Opinion and Order*, Doc. No. 52.

claim.  This matter is before the Court on *Defendants'*[2] *Motion to Compel Plaintiffs to Respond to Discovery and for an Extension of Defendants' Primary Expert Deadline*, Doc. No. 57 ("*Motion to Compel*").  For the reasons set forth below, the *Motion to Compel* is **GRANTED**.

**I.   BACKGROUND**

On May 3, 2010 and May 10, 2010, the moving defendants served interrogatories and document requests on plaintiffs (collectively, "the discovery requests").  *Exhibits 1 and 2*, attached to *Motion to Compel*.  *See also Declaration of Sarah J. Moore*, ¶¶ 3-4, attached as *Exhibit 3* to *Motion to Compel* ("*Moore Decl.*").  When plaintiffs failed to respond within the 30-day period provided under Rules 33 and 34 of the Federal Rules of Civil Procedure, counsel for the moving defendants repeatedly, but unsuccessfully, attempted to resolve the dispute extrajudicially.  *Moore Decl.* ¶¶ 5-13.  More specifically, on June 5, 2010, counsel for the moving defendants sent plaintiffs' counsel a letter regarding the matter.  *Id*. at ¶ 5.  That letter also extended an offer of an extension to June 11, 2010 to respond, *Id*.  On June 9, 2010, plaintiffs' counsel responded that his work on a related administrative hearing involving plaintiff John Freshwater precluded timely response to the discovery requests.  *Id*. at ¶ 6.

On June 15, 2010, counsel for the moving defendants sent an email to plaintiffs' counsel, demanding response to the discovery requests by June 16, 2010.  *Id*. at ¶ 7.  On that same day, plaintiffs' counsel requested an extension until June 21, 2010 to respond.  *Id*. at ¶ 8.

---

[2]These defendants are Mount Vernon City School District Board of Education ("the Board"), Ian Watson, Jody Goetzman, Steve Short and William White (collectively, "the moving defendants").

On June 21, 2010, the parties met for a Court-ordered mediation. *See Notice*, Doc. No. 54. Counsel for the moving defendants again asked plaintiffs' counsel for plaintiffs' discovery responses. *Id*. at ¶ 9. Plaintiffs' counsel provided no definite date by which the responses would be provided. *Id*. Nevertheless, counsel for the moving defendants granted plaintiffs until June 25, 2010 to respond to the discovery requests. *Id*. at ¶¶ 8-10. Plaintiffs' counsel was advised that the moving defendants would seek court intervention if responses were not provided by this date. *Id*. at ¶ 10.

On June 23, 2010, plaintiffs served "Plaintiffs' first responses to discovery." *Id*. at ¶ 11; *Exhibit 4*, attached to *Motion to Compel*. With a few exceptions,[3] the answer to each response was: "As to each of the numerated [sic] items requested, Plaintiff will supplement by Friday, June 25, 2010." *Id*. On June 25, 2010, plaintiffs' counsel sent the responses by regular mail. *Exhibits A*, *B*, *C* and *D*, attached to *Defendants' Reply to Plaintiffs Freshwater's Memorandum in Opposition to Defendants' Motion to Compel and Stipulation to Defendants' Request for Extension of Time*, Doc. No. 61 ("*Reply*"). There is no dispute that plaintiffs' counsel did not call, or otherwise notify, counsel for the moving defendants to advise that plaintiffs' responses were forthcoming. On June 26, 2010, after counsel for the moving defendants had received no response by June 25, 2010, the *Motion to Compel* was filed.

Thereafter, counsel for the moving defendants received plaintiffs' responses. *Reply*; *Exhibit E*, attached to *Reply*. Most of

---

[3]Plaintiff Nancy Freshwater's answers to Interrogatory Numbers 1-5 and 13-14 were apparently acceptable to the moving defendants. *Id.* at ¶ 13.

3

plaintiff John Freshwater's answers to the interrogatories include the following statement:

> Plaintiff relies upon the voluminous amount of information detailed in the exhibits and transcripts produced at the state hearing to provide specific acts and omissions taken by the Defendant. Plaintiff in good faith believes Defendant has in its possession all of the exhibits and transcripts from the state hearing and will soon receive a brief as a result of the state hearing detailing with further specificity.

*Exhibit A*, attached to *Reply*. Similarly, most of plaintiff John Freshwater's responses to requests for production of documents contain the following statement:

> Plaintiff identifies documents to include all exhibits and transcripts produced at the state hearing involving John Freshwater. Plaintiff in good faith believes Defendant has it [sic] its possession all of the exhibits and transcripts from the state hearing.

*Exhibit B,* attached to *Reply*.

Counsel for the moving defendants advised plaintiffs' counsel by detailed letter that these responses were deficient. *Exhibit E,* attached to *Reply*. Specifically, defense counsel complained that plaintiff Nancy Freshwater had not provided complete answers to interrogatory numbers 6, 7, 8, 9, 10, 11, 12(b), 12(c) and 12(d) and request for production numbers 4-13. *Id*. at 2-3. In addition, plaintiffs failed to provide, *inter alia*, the following: (1) any response to defendant Jody Goetzman's discovery requests; (2) audio or tape recordings of witnesses (recordings that were referenced during the state administrative hearing); (3) medical authorizations executed by plaintiff Nancy Freshwater for each healthcare professional where records exist; (4) billing records; (5) Colin Powell / George Bush poster; and (6) Employee Exhibits 182 and 183. *Exhibits B* and *E,*

4

attached to *Reply*; *Exhibit F*, attached to *Motion to Compel*. Plaintiffs also failed to actually produce documents identified in their responses.  *See*, *e.g.*, *Exhibit E*, p. 2.  In addition, plaintiffs failed to respond to defendants' request for the metadata for all exhibits and documents used at the related administrative hearing. *Id*.

Plaintiffs' counsel did not expressly respond to this letter, but did provide "supplemental responses" to the moving defendants' discovery requests.  *Exhibit H*, attached to *Reply*.  However, these supplemental responses did not address the deficiencies identified by the moving defendants; instead, plaintiffs' counsel advised that two experts would be identified in the future.  *Id*.

When plaintiffs failed to timely respond to the *Motion to Compel*, the Court provided the opportunity to file a response out of rule. *Order*, Doc. No. 59.  Although a response to the *Motion to Compel* was thereafter filed, *Plaintiffs' Freshwater's Memorandum in Opposition to Defendants* [sic] *Motion to Compel to* [sic] *Discovery and Stipulation to Defendants* [sic] *Request for Extension of Time*, Doc. No. 60 ("*Memo. in Opp*."),the moving defendants argue that this response supports the imposition of sanctions.  *Reply*.

**II.   STANDARD**

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 37 authorizes a motion to compel discovery when a party fails to provide proper response to interrogatories under Rule 33 or requests for production of documents

5

under Rule 34.  Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

The party moving to compel discovery responses must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.  There is no dispute that the moving defendants have met this prerequisite in the case *sub judice*.  *See Moore Decl*.

**III. ANALYSIS**

    **A.   Discovery Requests**

As detailed above, despite many opportunities, plaintiffs have repeatedly failed to provide complete responses to the discovery requests propounded to them.  Indeed, plaintiffs do not dispute that they failed to provide timely, complete responses.  *Memo. in Opp.*  Instead, plaintiffs' opposition to the *Motion to Compel* relies entirely on their counsel's inability to meet deadlines in this case:

> Counsel for Plaintiffs is progressing [sic] the instant matter and John Freshwater's state administrative hearing without any assistance or help as Plaintiffs cannot afford additional help. . . . Plaintiffs Freshwater have been able to provide initial responses to this group of Defendants [sic] discovery and complete responses to Defendant Weston's discovery.[4]  But the undersigned attests I simply cannot keep up with the demands of both cases as I have already turned away other paying clients and cannot budget another minute in the day.  The undersigned does not have an issue with balancing time but rather simply not enough time in each day nor stamina to proceed any faster.  It is for the reasons state above Plaintiffs' [sic] request this Court

---

[4] Defendant Lynda Weston is represented by separate counsel and did not participate in the filing of the *Motion to Compel*.

>       deny Defendants [sic] motion to compel and permit more time
>       to respond to a time at least until after August 13, 2010,[5]
>       and then some time to focus upon this case.

*Id*. at 2.

    The *Motion to Compel* is well-taken.  Plaintiffs have repeatedly failed to meet their discovery obligations in this case.  The fact that their attorney regards himself as over-extended does not relieve either plaintiffs or their attorney of their obligations in this litigation – which was, after all, initiated by them. At a minimum, plaintiffs and their counsel could have mitigated their defaults, and perhaps even obviated defendants' perceived need for intervention by this Court, by merely maintaining communication with defense counsel.  As it now stands, however, the moving defendants lack not only the discovery to which they are entitled but also any time frame in which they might expect such discovery.

    The *Motion to Compel*, Doc. No. 57, is therefore **GRANTED**.  Plaintiffs are **ORDERED** to make individualized response to each discovery request propounded to them by the moving defendants within seven (7) days of the date of this *Opinion and Order*.[6]  Plaintiffs are reminded that, if they withhold any evidence on the basis of privilege,[7] they must identify these documents in a privilege log.

    **B.   Request for Reasonable Expenses**

---

[5]To date, there is no evidence before the Court suggesting that plaintiffs' counsel subsequently provided adequate responses to the discovery requests.

[6]Plaintiff Nancy Freshwater need provide answer to only those discovery requests previously identified as deficient by the moving defendants.  *See Exhibit E*, attached to *Reply*.

[7]The moving defendants referred to responsive documents that plaintiffs may argue are privileged.  *Reply*, p. 8.

7

In addition, the moving defendants seek reimbursement for the expenses incurred in preparing the *Motion to Compel*. In the event that this Court grants this request, the moving defendants specifically ask that plaintiffs' counsel be personally responsible for paying this expenses. Rule 37 of the Federal Rules of Civil Procedure requires, after giving an opportunity to be heard, the payment of expenses, including attorney's fees, associated with the grant of a motion to compel unless the "opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Rule 37(a)(5)(A)(ii), (iii). The Court may order "the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A).

In the case *sub judice*, the Court concludes that an award of expenses against plaintiffs' counsel is warranted. It appears, based on the facts recounted *supra*, that it was plaintiffs' counsel who failed to maintain communication with defense counsel and who determined, based on his own schedule, not to provide complete and timely discovery responses. Moreover, this Court concludes that the course of action pursued by plaintiffs' counsel in this regard was not substantially justified. Under these circumstances, the Court cannot say that an award of expenses against plaintiffs' counsel is unjust.

Accordingly, the Court **ORDERS** plaintiffs' counsel to pay the reasonable attorney's fees and costs incurred by the moving defendants as a result of the grant of the *Motion to Compel*. The moving defendants are **ORDERED** to provide to plaintiffs' attorney, within

fourteen (14) days of the date of this *Opinion and Order*, a statement of their fees and expenses associated with the filing and grant of the *Motion to Compel*.

**IV.    EXPERT DISCLOSURE DEADLINE**

Because of plaintiffs' failure to provide timely discovery responses, the moving defendants also seek to extend the defendants' primary expert deadline, originally set for July 9, 2010. *Motion to Compel*, p. 8.  Plaintiffs do not oppose the requested extension. *Memo. in Opp.*, p. 1.

The moving defendants' request for an extension of time to disclose defendants' primary experts is **GRANTED on the condition that it does not undermine any other deadline set forth in the District Judge's *Scheduling Order*, Doc. No. 33.**  With that restriction, defendants may have until September 30, 2010, to make their primary expert disclosures.  Plaintiffs may have until October 31, 2010, to make rebuttal disclosures.

**WHEREUPON**, *Defendants' Motion to Compel Plaintiffs to Respond to Discovery and for an Extension of Defendants' Primary Expert Deadline*, Doc. No. 57, is **GRANTED**.  Plaintiffs are **ORDERED** to respond to the discovery requests propounded to them by the moving defendants within fourteen (14) days of the date of this *Opinion and Order*.  The moving defendants' request for attorney's fees and costs is likewise **GRANTED**, and plaintiffs' attorney is **ORDERED** to pay the reasonable attorney's fees and costs incurred as a result of the filing and the grant of the *Motion to Compel*.  Finally, the moving defendants may have until September 30, 2010, to make their primary expert designations, on the

express condition that this extension shall not affect any of the other dates set forth in the Court's prior *Scheduling Order*, Doc. No. 33.


<u>August 27, 2010</u>                             <u>*s/Norah McCann King*</u>
                                      Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge